JAMES C. NIELSEN (111889)
 jnielsen@nielsenhaley.com
THOMAS H. NIENOW (136454)
 tnienow@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone:  (415) 693-0900
Facsimile:  (415) 693-9674

Attorneys for Defendant
UNITED NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 10.<br><br>                    Defendants. | Action No.: C 07-04943 JL<br><br>CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b) |

I, Fatima Puente, declare and certify as follows:

I am over the age of 18 years and not a party to this action.  My business address is 44 Montgomery Street, 18th Floor, San Francisco, California, where the mailing described below took place.

On September 24, 2007, I deposited in the United States Mail at San Francisco, California, in a postage prepaid envelope addressed to plaintiff's attorneys, Christopher J. Borders, Casey A. Hatton, Hinshaw & Culbertson LLP, One California Street, 18th Floor,

1

CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b).

1   San Francisco, CA  94111, copies of the following documents:

2           1.      Notice of Removal to Federal Court, dated September 24, 2007.

3           2.      State Court Notice of Removal Of Action to Federal Court Under 28 U.S.C.

4   § 1441(b), dated September 24, 2007.

5           4.      Civil Cover Sheet.

6           5.      Notice of Assignment to United States Magistrate Judge For Trial.

7           6.      Order Setting Initial Case Management Conference and ADR Deadlines.

8           7.      U.S. District Court Northern California ECF Registration Information

9   Handout.

10          8.      Document entitled "Welcome to the U.S. District Court San Francisco."

11          9.      List of judges and magistrate judges.

12          A true and correct copy of the State Court Notice of Removal of Action to Federal

13  Court Under 28 U.S.C. § 1441(b), dated September 24, 2007, is attached to this

14  Certificate.

15          I declare and certify under penalty of perjury that the foregoing is true and correct.

16  Executed September 26, 2007, at San Francisco, California.

17

18

19                              By: _____

20                                          Fatima Puente

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b).

1  JAMES C. NIELSEN (111889)
2    *jnielsen@nielsenhaley.com*
   THOMAS H. NIENOW (136454)
3    *tnienow@nielsenhaley.com*
   NIELSEN, HALEY & ABBOTT LLP
4  44 Montgomery Street, Suite 750
5  San Francisco, California 94104
   Telephone:  (415) 693-0900
6  Facsimile:  (415) 693-9674

7
   Attorneys for Defendant
8  UNITED NATIONAL INSURANCE COMPANY

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF MARIN

12                     UNLIMITED JURISDICTION

13

| | |
|---|---|
| 14  FIREMAN'S FUND INSURANCE COMPANY, | Action No.: CV073974 |
| 15              Plaintiff, | STATE-COURT NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) |
| 16 | |
| 17      v. | |
| 18  UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 10. | |
| 19 | |
| 20              Defendants. | |

21

22      TO THE CLERK OF THE COURT, TO PLAINTIFF AND TO ALL COUNSEL

23  OF RECORD:

24      PLEASE TAKE NOTICE that defendant United National Insurance Company has

25  filed a Notice of Removal of this action, pursuant to 28 U.S.C. § 1441(b), in the United

26  States District Court for the Northern District of California.  United National filed the

27  Notice of Removal on September 24, 2007, and the Federal Court has assigned the matter

28  Action No. C 07-04943 JL.  A true and correct copy of the Notice of Removal is attached

1

1 | hereto.
2 |                                    NIELSEN, HALEY & ABBOTT LLP
3 |
4 |
5 | Dated:  September 24, 2007        By: _____
6 |                                         Thomas H. Nienow
                                        Attorneys for Defendant
7 |                                    UNITED NATIONAL INSURANCE COMPANY
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

STATE-COURT NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b).

1  JAMES C. NIELSEN (111889)
2    *jnielsen@nielsenhaley.com*
   THOMAS H. NIENOW (136454)
3    *tnienow@nielsenhaley.com*
4  NIELSEN, HALEY & ABBOTT LLP
   44 Montgomery Street, Suite 750
5  San Francisco, California 94104
   Telephone:  (415) 693-0900
6  Facsimile:  (415) 693-9674
7
   Attorneys for Defendant
8  UNITED NATIONAL INSURANCE COMPANY
9
10              UNITED STATES DISTRICT COURT
11             NORTHERN DISTRICT OF CALIFORNIA
12
13  FIREMAN'S FUND INSURANCE          Action No.:   07    4943
    COMPANY,
14
15             Plaintiff,             NOTICE OF REMOVAL OF ACTION
                                      UNDER 28 U.S.C. § 1441(b)
16       v.
17  UNITED NATIONAL INSURANCE
18  COMPANY and DOES 1 through 10.
19             Defendants.
20
21       TO THE CLERK OF THE ABOVE-ENTITLED COURT:
22       PLEASE TAKE NOTICE that defendant United National Insurance Company,
23  pursuant to 28 U.S.C. § 1441(b), removes to this Court the state court action described
24  below.
25       1.      On August 21, 2007, plaintiff Fireman's Fund Insurance Company filed in
26  the Superior Court of the State of California in and for the County of Marin, an action
27  styled *Fireman's Fund Insurance Company v. United National Insurance Company et al.*,
28  Marin County Superior Court Action No. CV073974 (the "*Fireman's Fund* action").  A

---
                              1

1   true and correct copy of the complaint in the *Fireman's Fund* action is attached hereto.

2       2.      Defendant United National Insurance Company first received notice of the

3   *Fireman's Fund action* on August 28, 2007.

4       3.      The *Fireman's Fund* action is a civil action of which this Court has original

5   jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court by

6   defendant United National pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a

7   civil action between citizens of different states and the matter in controversy exceeds the

8   sum of $75,000, exclusive of interest and costs.

9       4.      The *Fireman's Fund* action concerns insurance-coverage issues arising from

10  underlying litigation styled *Tracy v. Lovelace Sandia Health Services et al*, State of New

11  Mexico Second Judicial District Court, County of Bernalillo, Action No. CV 2005 07009

12  (the "*Tracy* action").  The *Tracy* action has settled and the issues raised by the *Fireman's*

13  *Fund* action can have no effect on the *Tracy* action.  United National is informed and

14  believes that Fireman's Fund seeks, at the least, reimbursement of $399,000, which, along

15  with $100,000 paid by United National, Interstate Fire & Casualty Company, Fireman's

16  Fund's subsidiary or affiliate, contributed to settle the *Tracy* action.  The *Fireman's Fund*

17  action is, therefore, not a mere declaratory-judgment action subject to the Court's

18  discretionary jurisdiction. *See, e.g., Snodgrass v. Provident Life and Acc. Ins. Co.*, 147

19  F.3d 1163, 1167 (9th Cir. 1998) ("the essence of this case is a suit for damages[;] the

20  district court's dismissal under the Declaratory Judgment Act constituted an abuse of

21  discretion"); *HS Services, Inc. v. Nationwide Mut. Ins. Co.* (9th Cir. 1997) 109 F.3d 642,

22  644 n. 1 ("This action does not implicate the prudential concerns of *Employers Reins.*

23  *Corp. v. Karussos,* 65 F.3d 796 (9th Cir. 1995), and *American Nat'l Fire Ins. Co. v.*

24  *Hungerford*, 53 F.3d 1012 (9th Cir. 1995), because this is not a declaratory relief action

25  and the underlying state court action has ended); *Maryland Cas. Co. v. Knight*, 96 F.3d

26  1284, 1289 (9th Cir. 1996) ("The federal action here is neither 'reactive' to, nor

27  duplicative of, any parallel state proceeding").

28      5.      Defendant United National is informed and believes that plaintiff Fireman's

1    Fund was, at the time the *Fireman's Fund* action was filed, and still is, a California

2    corporation having its principal place of business in California.  Defendant United National

3    was, at the time the *Fireman's Fund* action was filed, and still is, a Pennsylvania

4    corporation having its principal place of business in Bala Cynwyd, Pennsylvania.  United

5    National is informed and believes that no other defendants have been named or served in

6    this matter.

7

8                                    NIELSEN, HALEY & ABBOTT LLP

9

10

11   Dated:  September 24, 2007          By: _____

12                                            Thomas H. Nichow
                                             Attorneys for Defendant
13                                           UNITED NATIONAL INSURANCE COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b).

HINSHAW&CULBERTSON LLP Fax:4158349070           Aug 21 2007  14:19     P.03

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED NATIONAL INSURANCE COMPANY, and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FIREMAN'S FUND INSURANCE COMPANY

FILED
AUG 21 2007
KIM TURNER Court Executive Officer
MARIN COUNTY SUPERIOR COURT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Marin County Superior Court<br>3501 Civic Center Drive, Room 116<br><br>San Rafael, CA 94903 | CASE NUMBER:<br>*(Número del Caso):* CV 073974 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher J. Borders (SBN: 135901)                                    (415) 362-6000
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* AUG 21 2007 | KIM TURNER Clerk, by **J. DALE**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *United National Insurance Company*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):

4. ☒ by personal delivery on (date): 8/28/07

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS**<br><br>Legal<br>Solutions<br>On Pins | Code of Civil Procedure §§ 412.20, 465 |

10221101.tif - 8/21/2007 1:16:33 PM

HINSHAW&CULBERTSON LLP Fax:4158349070         Aug 21 2007  14:19     P.04

FILED

AUG 2 1 2007

1 | CHRISTOPHER J. BORDERS (SBN 135901)
CASEY A. HATTON (SBN 245081)
2 | HINSHAW & CULBERTSON LLP
One California Street
3 | 18th Floor
San Francisco, CA 94111
4 | Telephone:   415-362-6000
Facsimile:   415-834-9070
5 |
Attorneys for Plaintiff
6 | FIREMAN'S FUND INSURANCE COMPANY

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF MARIN

10 | UNLIMITED JURISDICTION

11 | FIREMAN'S FUND INSURANCE        ) Case No. CV073974     BY FAX
COMPANY,                          )
12 |                               ) COMPLAINT FOR:
            Plaintiffs,           )
13 |                               ) (1) DECLARATORY RELIEF:
     vs.                          )     DEFENSE COSTS
14 |                               ) (2) DECLARATORY RELIEF:
UNITED NATIONAL INSURANCE         )     INDEMNITY EXPENSES
15 | COMPANY, and DOES 1 - 10      ) (3) EQUITABLE INDEMNITY
                                  ) (4) EQUITABLE CONTRIBUTION
16 |        Defendants.            ) (5) EQUITABLE SUBROGATION

17

18 |     Plaintiff Fireman's Fund Insurance Company ("FIREMAN'S FUND"), on information and

19 | belief, alleges as follows:

20 | **NATURE OF ACTION**

21 |     This is a civil action for declaratory judgment, equitable indemnity, equitable contribution,

22 | and equitable subrogation seeking a declaration of the rights, duties and liabilities of the parties

23 | under certain insurance policies issued by FIREMAN'S FUND, defendant United National

24 | Insurance Company ("UNITED NATIONAL"), and DOES 1 – 10, and for an order directing

25 | UNITED NATIONAL and DOES 1 – 10 to pay damages and restitution.

26 |     1.     FIREMAN'S FUND seeks a declaration that UNITED NATIONAL and DOES 1 - 10

27 | had an obligation to defend and/or indemnify the mutual insured of the parties, Cirrus Medical

28 | Staffing, Inc., (the "Insured") with respect to the claims asserted against the Insured, as more

1

COMPLAINT

10221101.H · 8/21/2007 1:16:33 PM

1  specifically described in paragraphs 6 through __ below, relating to the tort claims of Ben Tracy as

2  set forth in the action filed with the New Mexico Second Judicial District, case number CV 2005

3  07009 and entitled *Ben Tracy, as personal representative of the Estate of Marilyn Tracy v. Lovelace*

4  *Sandia Health Services, et al.* ("Underlying Action")

5      2.      Defendants DOES 1 through 10, inclusive, are sued herein by fictitious names

6  because FIREMAN'S FUND does not know the true names, capacities or specific activities of said

7  defendants at this time; but alleges that each of said defendants is or may be legally liable to

8  FIREMAN'S FUND, and therefore FIREMAN'S FUND will insert the true name, capacity, and/or

9  activities of said defendants when they are ascertained.

10     3.      An actual and justiciable controversy exists among and between FIREMAN'S

11  FUND, UNITED NATIONAL and DOES 1 - 10 over the rights, duties, and obligations of the

12  parties arising out of the terms, conditions, exclusions, and provisions of the insurance policies

13  issued by each of the parties to the Insured, with respect to the defense and indemnification of the

14  Insured for the claims set forth in the Underlying Action, including, without limitation, the claims

15  described below in paragraphs 6 through __ of this complaint.

### PARTIES

17     4.      Plaintiff FIREMAN'S FUND is an insurance company incorporated in California

18  with its principal place of business in California.

19     5.      Defendant UNITED NATIONAL is an insurance company with its principal place of

20  business in Pennsylvania. On information and belief, FIREMAN'S FUND alleges that UNITED

21  NATIONAL is authorized to and conducts business in the state of California.

### GENERAL ALLEGATIONS

23     6.      FIREMAN'S FUND issued a claims-made professional liability policy to the Insured.

24     7.      UNITED NATIONAL issued a claims-made professional liability insurance policy to

25  the Insured for the policy period January 27, 2006 through January 27, 2006.

26     8.      On October 7, 2004, Marilyn Tracy died while in the care of Lovelace Sandia Health

27  Services d.b.a. Albuquerque Regional Medical Center ("the Medical Center"). Thereafter, in 2005,

28  //

2

1 | Ben Tracy brought the Underlying Action against the Medical Center alleging that Marilyn Tracy
2 | died due to the negligence of several registered nurses including Registered Nurse Cathy Robinson.
3 |     9.    The Underlying Action alleges that several registered nurses, including Registered
4 | Nurse Cathy Robinson negligently failed to monitor Marilyn Tracy's fluid signs, vital signs and
5 | oxygen saturations, failed to respond to Tracy's worsening vital signs, and failed to notify the
6 | physician that Tracy's condition was worsening.
7 |     10.    On March 21, 2006, Plaintiff Tracy amended the Underlying Action to add the
8 | Insured as a defendant based on allegations that the Insured contracted with the Medical Center to
9 | provide the Medical Center with medical staff. At the time of Tracy's death, Nurse Cathy Robinson
10 | was employed by, or contracted with, the Insured to provide nursing services to the Medical Center.
11 |     11.    After receiving service of the Complaint, the Insured tendered its defense and
12 | indemnity to FIREMAN'S FUND. FIREMAN'S FUND agreed to defend the Insured under a
13 | reservation of rights.
14 |     12.    The Insured also tendered its defense and indemnity to UNITED NATIONAL. On
15 | October 6, 2006, UNITED NATIONAL agreed to defend the Insured under a reservation of rights.
16 |     13.    Thereafter, FIREMAN'S FUND and UNITED NATIONAL engaged in a joint
17 | defense of the Underlying Action on behalf of their mutual Insured.
18 |     14.    However, on February 13, 2006, UNITED NATIONAL informed the Insured and
19 | FIREMAN'S FUND that was disclaiming any obligation to indemnify the insured for the claims in
20 | the underlying action and was withdrawing from the joint defense of the Underlying Action.
21 |     15.    FIREMAN'S FUND is informed, and believes, that UNITED NATIONAL
22 | disclaimed coverage based, in part, on its erroneous interpretation of the definition of "claim" in its
23 | policy.
24 |     16.    The UNITED NATIONAL policy defines "Claim" as
25 |     [A] written demand upon the insured for 'compensatory damages', including, but not
26 |     limited to, the service of 'suit' or institution of arbitration proceedings against the
    insured. *'Claim' includes reports of accidents, acts, errors, occurrences, offenses or*
27 |     *omissions which may give rise to a 'claim' under this policy.* (Emphasis added).
28 |

3

17.     UNITED NATIONAL may not disclaim coverage based on its tautological definition of "claim." This contract provision is ambiguous because it purports to define a term, but illogically reincorporates the term itself in the definition, rendering the definition nonsensical and ambiguous. UNITED NATIONAL may not disclaim coverage for the Underlying Action based on this ambiguous term.

18.     Furthermore, UNITED NATIONAL'S policy states that a "claim" must be written. No "written demand" was made on the Insured prior to the inception of the UNITED NATIONAL policy. UNITED NATIONAL may not disclaim coverage for the Underlying Action based on its definition of "claim."

19.     FIREMAN'S FUND is informed, as believes, that UNITED NATIONAL also disclaimed coverage based, in part, on the contradictory "other insurance" provisions in its policy.

20.     UNITED NATIONAL'S Insuring Agreement provides, in pertinent part, that,

This insurance applies to injury only if a "claim" for damages to which no other insurance applies, because of the injury is first made against the insured and reported to us during the "policy period."

21.     The UNITED NATIONAL policy's Liability Conditions provide in pertinent part,

Other Insurance

If other valid and collectible insurance with any other insurer is available to the insured covering a "claim" also covered hereunder (except insurance purchased to apply in excess of the limit of liability hereunder), this insurance will be excess of, and not contribute with, such insurance.

22.     UNITED NATIONAL may not disclaim coverage based on these contradictory and ambiguous provisions. On the one hand, the Insuring Agreement appears to state that the policy will not apply at all when other insurance is available. The "Other Insurance" Condition states in direct contradiction, that the policy will apply as excess coverage when other insurance is available. When read together, these policy provisions are at odds with each other and render both provisions ambiguous.

23.     In addition, UNITED NATIONAL may not disclaim coverage based on its "other insurance" provisions because FIREMAN'S FUND'S policy also contains an "other insurance"

4

1  provision which similarly provides that its policy will be in excess of other insurance. United

2  National's "other insurance" clauses must be disregarded.

3      24.    FIREMAN'S FUND is informed, as believes, that UNITED NATIONAL also

4  disclaimed coverage based, in part, on its insufficient reservation of the right to change its position

5  regarding coverage based on "any alternative and/or additional basis in the event that factual

6  evidence develops or is presented as relates to you or you practice." UNITED NATIONAL may not

7  disclaim coverage based on its reservation of rights because no new or additional factual evidence

8  developed or was presented after October 6, 2006 that would provide an alternative and/or additional

9  basis to disclaim coverage. UNITED NATIONAL has accordingly, waived its rights to assert these

10  coverage defenses.

11      25.    FIREMAN'S FUND adhered to its duty to defend its Insured and, in or about March

12  2007, was able to reach a settlement agreement on behalf of the Insured.

13      26.    FIREMAN'S FUND indemnified the insured for the full settlement amount of

14  $499,000.00.

15      27.    After indemnifying the mutually Insured, FIREMAN'S FUND attempted informal

16  resolution of its claim against UNITED NATIONAL for its share of the settlement.

17  **FIRST CAUSE OF ACTION**
**Declaratory Relief: Defense Costs**

18  **(As to Defendant United National)**

19      28.    FIREMAN'S FUND repeats and realleges each and every allegation of paragraphs 1

20  through 27 of this complaint and incorporates such by reference as though fully set forth herein.

21      29.    An actual controversy of a justiciable nature now exists between FIREMAN'S FUND

22  and UNITED NATIONAL concerning the obligations owed by UNITED NATIONAL to reimburse

23  FIREMAN'S FUND for the defense costs incurred by FIREMAN'S FUND for the defense of the

24  parties' mutual Insured in the Underlying Action.

25      30.    FIREMAN'S FUND seeks a declaration that, under the terms, definitions, conditions,

26  and exclusions of the policies issued by UNITED NATIONAL to the Insured, UNITED

27  NATIONAL had an ongoing duty to defend the Insured with respect to the claims asserted against it

28

5

COMPLAINT

1  pursuant to the Underlying Action, and now has an obligation to reimburse FIREMAN'S FUND a

2  share of the defense costs incurred by FIREMAN'S FUND in defense of the mutual insured.

3      31.    The controversy is of sufficient immediacy to justify the issuance of a declaratory

4  judgment.

5      32.    The issuance of a declaratory judgment will resolve some or all of the existing

6  controversy between FIREMAN'S FUND and UNITED NATIONAL.

7                            SECOND CAUSE OF ACTION
                            Declaratory Relief: Indemnity Expenses
8                            (As to Defendant United National)

9      33.    FIREMAN'S FUND repeats and realleges each and every allegation of paragraphs 1

10  through 27 of this complaint and incorporates such by reference as though fully set forth herein.

11      34.    An actual controversy of a justiciable nature now exists between FIREMAN'S FUND

12  and UNITED NATIONAL concerning the obligations owed by UNITED NATIONAL to indemnify

13  the parties' mutual Insured for the settlement reached on behalf of the Insured in the Underlying

14  Action.

15      35.    FIREMAN'S FUND seeks a declaration that, under the terms, definitions, conditions,

16  and exclusions of the policies issued by UNITED NATIONAL to the Insured, UNITED

17  NATIONAL had an ongoing duty to indemnify the Insured with respect to the claims asserted

18  against it in the Underlying Action, and has an obligation to reimburse FIREMAN'S FUND a share

19  of the indemnity expenses incurred in defense of the mutual Insured.

20      36.    The controversy is of sufficient immediacy to justify the issuance of a declaratory

21  judgment.

22      37.    The issuance of a declaratory judgment will resolve some or all of the existing

23  controversy between FIREMAN'S FUND and UNITED NATIONAL.

24                            THIRD CAUSE OF ACTION
                            Equitable Indemnity
25                            (As to All Defendants)

26      38.    FIREMAN'S FUND repeats and realleges each and every allegation of paragraphs 1

27  through 27 of this complaint and incorporates such by reference as though full set forth herein.

28

COMPLAINT

39.    FIREMAN'S FUND has paid sums toward the defense of the parties' mutual Insured against the claims in the Underlying Action, and has paid sums to settle the claims asserted against the Insured in the Underlying Action.

40.    FIREMAN'S FUND, UNITED NATIONAL and DOES 1 - 10 are liability insurers of the Insured.

41.    UNITED NATIONAL and DOES 1 - 10 refused to defend or indemnify the parties' mutual Insured on, or after, February 13, 2006 , forcing FIREMAN'S FUND to pay for more than its fair share of the defense and settlement of the Underlying Action on behalf of the Insured.

42.    UNITED NATIONAL and DOES 1 to 10 are obligated to equitably indemnify FIREMAN'S FUND for all defense costs and indemnity expenses incurred by FIREMAN'S FUND on behalf of the parties' mutual Insured, and to pay statutory interest to FIREMAN'S FUND.

43.    UNITED NATIONAL and DOES 1 - 10 must reimburse FIREMAN'S FUND for all defense costs and indemnity expenses paid by FIREMAN'S FUND to defend the parties' mutual insured in the Underlying Action, and to pay statutory interest to FIREMAN'S FUND.

### FOURTH CAUSE OF ACTION
**Equitable Contribution**
**(As to All Defendants)**

44.    FIREMAN'S FUND repeats and realleges each and every allegation of paragraphs 1 through 27 of this complaint and incorporates such by reference as though full set forth herein.

45.    FIREMAN'S FUND has paid sums toward the defense of the parties' mutual Insured against the claims in the Underlying Action, and has paid sums to settle the claims asserted against the Insured in the Underlying Action.

46.    FIREMAN'S FUND, UNITED NATIONAL and DOES 1 - 10 are liability insurers of the Insured.

47.    UNITED NATIONAL and DOES 1 - 10 refused defend or indemnify the parties' mutual Insured on, or after, February 13, 2006, forcing FIREMAN'S FUND to pay for more than its fair share of the defense and settlement of the Underlying Action on behalf of the Insured.

7

48.     UNITED NATIONAL and DOES 1 - 10 are obligated to equitably contribute to the defense costs and indemnity expenses incurred by FIREMAN'S FUND on behalf of the parties' mutual Insured, and to pay statutory interest to FIREMAN'S FUND.

49.     UNITED NATIONAL and DOES 1 - 10 must reimburse FIREMAN'S FUND for an equitable portion of the defense costs and indemnity expenses paid by FIREMAN'S FUND to defend the parties' mutual insured in the Underlying Action, and to pay statutory interest to FIREMAN'S FUND.

50.     This claim for equitable contribution is pleaded in the alternative to the claim for equitable subrogation.

### FIFTH CAUSE OF ACTION
**Equitable Subrogation**
**(As to All Defendants)**

51.     FIREMAN'S FUND repeats and realleges each and every allegation of paragraphs 1 through 28 of this complaint and incorporates such by reference as though full set forth herein.

52.     This claim for equitable subrogation is pleaded in the alternative to the claim for equitable contribution.

53.     FIREMAN'S FUND, UNITED NATIONAL and DOES 1 - 10 have the obligation to make full payment, on behalf of the parties' mutual insured, for the full debt owed in the Underlying Action.

54.     FIREMAN'S FUND satisfied its obligation to defend and indemnify the parties' mutual Insured and has paid to settle all debts owed by the Insured.

55.     UNITED NATIONAL and DOES 1 - 10 refused to defend and indemnify the parties' mutual Insured and further failed to pay their fair share of the defense costs and debts owed by Insured in the Underlying Action.

56.     FIREMAN'S FUND paid the loss in this Underlying Action, thus entitling it to the rights, remedies, or securities that would otherwise belong to the debtor.

//

//

//

8

## PRAYER FOR RELIEF

WHEREFORE, FIREMAN'S FUND respectfully requests this court enter an Order and Judgment declaring as follows:

1.  A judicial declaration that UNITED NATIONAL is obligated to defend the Insured for the claims in the Underlying Action at all times mentioned herein; and, is consequently obligated to reimburse FIREMAN'S FUND a portion of defense costs incurred by FIREMAN'S FUND in defense of the mutual Insured;

2.  A judicial declaration that UNITED NATIONAL is obligated to indemnify the Insured for the claims in the Underlying Action at all times mentioned herein; and, is consequently obligated to reimburse FIREMAN'S FUND some or all of the indemnity payments made by FIREMAN'S FUND;

3.  That FIREMAN'S FUND is entitled to complete equitable indemnification from UNITED NATIONAL and DOES 1 – 10 for all the defense costs and indemnity expenses incurred by FIREMAN'S FUND in defending and indemnifying the Insured in the Underlying Action;

4.  That FIREMAN'S FUND is entitled to equitable contribution from UNITED NATIONAL and DOES 1 – 10 for defense costs and indemnity expenses incurred by FIREMAN'S FUND in defending and indemnifying the Insured in the Underlying Action;

5.  Alternatively, to the extent that equitable contribution is not granted, that FIREMAN'S FUND paid the loss in this Underlying Action and is entitled to equitably subrogate the Insured's rights against UNITED NATIONAL and DOES 1 – 10 for full reimbursement of the full debt owed in defending and indemnifying the Underlying Action;

6.  That FIREMAN'S FUND is entitled to interest on the reimbursement due from UNITED NATIONAL and DOES 1 to 10 at the statutory rate;

7.  For FIREMAN'S FUND attorney's fees and costs incurred in this litigation; and

9

COMPLAINT

1   8.    For such other and further monetary and equitable relief as the court deems just and

2        proper.

3   DATED: August 2⟨, 2007                    HINSHAW & CULBERTSON LLP

4

5                                             CHRISTOPHER J. BORDERS
                                              CASEY A. HATTON
6                                             Attorneys for Plaintiff
                                              FIREMAN'S FUND INSURANCE COMPANY
7
    2961358..838180
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          10

                                                              COMPLAINT

*Fireman's Fund Insurance Company v. United National Ins. Co.*
Marin County Superior Court No: CV073974

## PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco. I am over

the age of eighteen years, and not a party to the within cause. My business address is

44 Montgomery Street, Suite 750, San Francisco, California 94104.

On the date set forth below I served the following document(s) described as:

### STATE-COURT NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b)

[  ]    (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

[ XX ] **(BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[  ]    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[  ]    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**ATTORNEY FOR PLAINTIFF**
**FIREMAN'S FUND INSURANCE COMPANY**
Christopher J. Borders
Casey A. Hatton
HINSHAW & CULBERTSON LLP
One California Street
18th Floor
San Francisco, CA 94111
Tel.: (415) 362-6000
Fax: (415) 834-9070

I declare under penalty of perjury that the foregoing is true and correct and that this

declaration was executed on September 24, 2007 at San Francisco, California.

Fatima Puente

---

*Fireman's Fund Insurance Co. v. United National Ins. Co.*
United State District Court, Northern District Court No.: C 07-04943 JL

## PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco.  I am over

the age of eighteen years, and not a party to the within cause.  My business address is

44 Montgomery Street, Suite 750, San Francisco, California 94104.

On the date set forth below I served the following document(s) described as:

## CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL UNDER
## 28 U.S.C. § 1441(b)

[ ]    (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

[ ]    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**[ XX ] (BY ELECTRONIC SERVICE)** by submitting an electronic version of the document(s) to be served on all parties listed on the service list on file with the court as of this date.

**Attorney for Plaintiff, Fireman's Fund Ins. Co.**
Christopher J. Borders
Casey A. Hatton
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 362-6000
Fax: (415) 834-9070

I declare under penalty of perjury that the foregoing is true and correct and that this

declaration was executed on September 28 2007, at San Francisco, California.

_____
Fatima Puente

**PROOF OF SERVICE**