JAMES C. NIELSEN (111889)
 jnielsen@nielsenhaley.com
THOMAS H. NIENOW (136454)
 tnienow@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 10.<br><br>Defendants. | Action No.: C 07-04943 JL<br><br>ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY.<br><br>DEMAND FOR JURY TRIAL. |
| UNITED NATIONAL INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Cross-complainant,<br><br>v.<br><br>FIREMAN'S FUND INSURANCE COMPANY, a California corporation, INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation, and Roes 1 through 10, inclusive,<br><br>Cross-defendants. | |

1

## ANSWER TO COMPLAINT

Defendant United National Insurance Company, in answer to the complaint filed by plaintiff Fireman's Fund Insurance Company, admits, denies, and alleges as follows:

1. Responding to the allegations in paragraph 1 of the complaint, United National admits and alleges that plaintiff makes the contentions set forth in paragraph 1of the complaint. Except as so admitted, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 1 of the complaint.

2. Responding to the allegations in paragraph 2 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 2 of the complaint.

3. Responding to the allegations in paragraph 3 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 3 of the complaint.

4. Responding to the allegations contained in paragraph 4 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 2 of the complaint.

5. Responding to the allegations in paragraph 5 of the complaint, United National admits and alleges that it is a Pennsylvania corporation and that it is authorized to and sells insurance policies on a surplus-lines basis in the State of California. Except as so admitted, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 5 of the complaint.

6. Responding to the allegations in paragraph 6 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 6 of the complaint.

7. Responding to the allegations contained in paragraph 7 of the complaint, United National admits and alleges that it issued to named insured Cirrus Medical Staffing LLC, a policy of claims-made-and-reported professional liability insurance effective from January 27, 2006, to

January 26, 2007, with policy number AH-0000267 (the "United National policy") and that the United National policy sets forth to various terms, conditions, exclusions, and dollar limits of liability, all of which speak for themselves.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 7 of the complaint.

8.    Responding to the allegations in paragraph 8 of the complaint, United National is informed and believes, and on that basis admits and alleges, that a lawsuit styled *Tracy v. Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number CV 2005 07009, the documents and files of which speak for themselves.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 8 of the complaint.

9.    Responding to the allegations in paragraph 9 of the complaint, United National is informed and believes, and on that basis admits and alleges, that a lawsuit styled *Tracy v. Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number CV 2005 07009, the documents and files of which speak for themselves.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 9 of the complaint.

10.    Responding to the allegations in paragraph 10 of the complaint, United National is informed and believes and on that basis admits and alleges that a lawsuit styled *Tracy v. Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number CV 2005 07009, the documents of which speak for themselves.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 10 of the complaint.

11.    Responding to the allegations in paragraph 11 of the complaint, United National is informed and believes, and on that basis admits and alleges, that Interstate Fire & Casualty Company defended Cirrus Medical Services LLC in the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 11 of the complaint.

12.    Responding to the allegations in paragraph 12 of the complaint, United National admits and alleges that it received notice of the *Tracy* action and that United National issued a letter dated October 6, 2006, which speaks for itself, advising that United National would not defend Cirrus in the *Tracy* action, and reserving United National's rights to disclaim coverage for the *Tracy* action under the United National policy.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 12 of the complaint.

13.    Responding to the allegations in paragraph 13 of the complaint, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 13 of the complaint.

14.    Responding to the allegations in paragraph 14 of the complaint, United National admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself, advising that United National had determined that there was no coverage under the United National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 14 of the complaint.

15.    Responding to the allegations contained in paragraph 15 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 15 of the complaint.

16.     Responding to the allegations in paragraph 16 of the complaint, United National admits and alleges that the United National policy includes, without the added italics, the policy language quoted in paragraph 16.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 16 of the complaint.

17.     Responding to the allegations in paragraph 17 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 17 of the complaint.

18.     Responding to the allegations in paragraph 18 of the complaint, United National admits and alleges that the United National policy speaks for itself.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 18 of the complaint.

19.     Responding to the allegations in paragraph 19 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 19 of the complaint.

20.     Responding to the allegations in paragraph 20 of the complaint, United National admits and alleges that the United National policy, which speaks for itself, includes the policy language quoted in paragraph 20, although the quoted language is set forth in a larger paragraph that has been omitted from paragraph 20.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 20 of the complaint.

21.     Responding to the allegations in paragraph 21 of the complaint, United National admits and alleges that the United National policy, which speaks for itself, includes the policy language quoted in paragraph 21, although the quoted language is set forth in a larger paragraph that has been omitted from paragraph 21.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 21 of the complaint.

22.     Responding to the allegations in paragraph 22 of the complaint, United National

admits and alleges that the United National policy speaks for itself. Except as so admitted and alleged, Untied National denies each, every, and all of the allegations contained in paragraph 22 of the complaint.

23.     Responding to the allegations in paragraph 23 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 23 of the complaint.

24.     Responding to the allegations in paragraph 24 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 24 of the complaint.

25.     Responding to the allegations in paragraph 25 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 25 of the complaint.

26.     Responding to the allegations in paragraph 26 of the complaint, United National admits and alleges that it contributed $100,000 on behalf of Cirrus to settle the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 26 of the complaint.

27.     Responding to the allegations in paragraph 27 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 27 of the complaint.

28.     Responding to the allegations in paragraph 28 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

29.     Responding to the allegations in paragraph 29 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to defend Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund of Interstate for any of the costs to defend Cirrus in the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies

each, every, and all of the allegations contained in paragraph 29 of the complaint.

30.    Responding to the allegations in paragraph 30 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to defend Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of the costs to defend Cirrus in the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 30 of the complaint.

31.    Responding to the allegations in paragraph 31 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to defend Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of the costs to defend Cirrus in the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 31 of the complaint.

32.    Responding to the allegations in paragraph 32 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to defend Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of the costs to defend Cirrus in the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 32 of the complaint.

33.     Responding to the allegations in paragraph 33 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

34.     Responding to the allegations in paragraph 34 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for all or part of any payment by Fireman's Fund or Interstate to indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 34 of the complaint.

35.     Responding to the allegations in paragraph 35 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for all or part of any payment by Fireman's' Fund or Interstate to indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 35 of the complaint.

36.     Responding to the allegations in paragraph 36 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse

Fireman's Fund or Interstate for all or part of any payment by Fireman's' Fund or Interstate to indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 36 of the complaint.

37.     Responding to the allegations in paragraph 37 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for all or part of any payment by Fireman's Fund or Interstate to indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 37 of the complaint.

38.     Responding to the allegations in paragraph 38 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

39.     Responding to the allegations in paragraph 39 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 39 of the complaint.

40.     Responding to the allegations in paragraph 40 of the complaint, United National admits and alleges that it issued to Cirrus as named insured a policy of claims-made-and-reported professional liability insurance referenced in paragraph 7 of this answer.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 40 of the complaint.

41.     Responding to the allegations in paragraph 41 of the complaint, United National admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself, advising that United National had determined that there was no coverage under the Untied

National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 41 of the complaint.

42.    Responding to the allegations in paragraph 42 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 42 of the complaint.

43.    Responding to the allegations in paragraph 43 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 43 of the complaint.

44.    Responding to the allegations in paragraph 44 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

45.    Responding to the allegations in paragraph 45 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 45 of the complaint.

46.    Responding to the allegations contained in paragraph 46 of the complaint, United National admits and alleges that it issued to Cirrus as named insured a policy of claims-made-and-reported professional liability insurance referenced in paragraph 7 of this answer.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 46 of the complaint.

47.    Responding to the allegations in paragraph 47 of the complaint, United National admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself, advising that United National had determined that there was no coverage under the Untied National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy.  Except as so admitted and alleged, United National lacks

sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 47 of the complaint.

48.    Responding to the allegations in paragraph 48 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 48 of the complaint.

49.    Responding to the allegations in paragraph 49 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 49 of the complaint.

50.    Responding to the allegations in paragraph 50 of the complaint, United National admits and alleges that plaintiff makes the contentions set forth in paragraph 50 of the complaint. Except as so admitted, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 50 of the complaint.

51.    Responding to the allegations in paragraph 51 of the complaint, United National incorporates by reference paragraphs 1 through 28 of this answer as though fully set forth here.

52.    Responding to the allegations in paragraph 52 of the complaint, United National admits and alleges that plaintiff makes the contentions set forth in paragraph 52 of the complaint. Except as so admitted, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 52 of the complaint.

53.    Responding to the allegations in paragraph 53 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 53 of the complaint.

54.    Responding to the allegations in paragraph 54 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 54 of the complaint.

55.    Responding to the allegations in paragraph 55 of the complaint, United National admits and alleges that it issued a letter dated October 6, 2006, which speaks for itself, advising that United National would not defend Cirrus in the *Tracy* action, and reserving United National's rights to disclaim coverage for the *Tracy* action. United National further admits and

alleges that it issued a letter dated February 13, 2007, which speaks for itself, advising that Untied National had determined that there was no coverage under the United National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy. Except as so admitted, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 55 of the complaint.

56.     Responding to the allegations in paragraph 56 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 56 of the complaint.

United National further alleges the following affirmative defenses:

1.     As and for a first, separate defense, United National alleges that the complaint and each claim therein do not state facts sufficient to constitute a cause of action against United National.

2.     As and for a second, separate defense, United National alleges that the plaintiff lacks standing to bring this action.

3.     As and for a third, separate defense, United National alleges that the complaint and each cause of action in it are barred by the terms, provisions, conditions, limitations, and exclusions of the alleged United National policy.  United National reserves the right to amend its answer to the Complaint to assert any additional defenses arising from the terms of the alleged United National insurance policy, and/or applicable insurance policy terms, provisions, conditions, limitations, and exclusions as may become apparent during the continuing course of discovery in this action.

4.     As and for a fourth, separate defense, United National alleges that the complaint and each cause of action in it are barred by the terms, provisions, conditions, limitations, and exclusions of a policy of liability insurance issued by Interstate Fire & Casualty Company, policy

number ASC-1000204, to named insured Cirrus Medical Staffing, LLC, for the policy period January 27, 2005, to January 27, 2006.  United National reserves the right to amend its answer to the Complaint to assert any additional defenses arising from the terms of the alleged Interstate insurance policy, and/or applicable insurance policy terms, provisions, conditions, limitations, and exclusions as may become apparent during the continuing course of discovery in this action.

Wherefore United National prays for judgment as follows:

1.    That the Court deny plaintiff's prayers for judicial declarations set forth in the complaint;

2.    That plaintiff take nothing by its complaint;

3.    That United National be awarded its costs of suit incurred herein;

4.    That United National be awarded its attorneys fees;

3.    For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM AGAINST FIREMANS' FUND INSURANCE COMPANY, INTERSTATE FIRE & CASUALTY COMPANY, AND ROES 1 THROUGH 10

Counterclaimant United National Insurance Company, for its counterclaim against counterdefendants Fireman's Fund Insurance Company, Interstate Fire & Casualty Company, and Roes 1 through 10, inclusive, alleges as follows:

### GENERAL ALLEGATIONS

1.    At all times herein mentioned, United National was and is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania.

2.    United National is informed and believes and thereon alleges that counterdefendant Fireman's Fund Insurance Company is a California corporation with its principal place of business in Novato, California.

3.      United National is informed and believes and thereon alleges that counterdefendant Interstate Fire & Casualty Company is an Illinois corporation, doing business in California, with its principal place of business in Chicago, Illinois.

4.      United National is unable to ascertain the true names and identities of those counterdefendants designated as Roes 1 through 10, inclusive.  United National will ask leave of Court to amend this complaint and all subsequent pleadings to insert the true names and capacities of these fictitiously named counterdefendants when ascertained.  The allegations and controversies alleged below with respect to the named counterdefendants Fireman's Fund and Interstate apply equally to Roes 1 through 10.

5.      Jurisdiction over United National's counterclaim is conferred by 28 U.S.C. § 1367(a).

6.      Venue is proper in this Court under 28 U.S.C. § 1391(a)(1), because counterdefendant Fireman's Fund is a resident of this district.

7.      United National is informed and believes, and on that basis alleges, that Cirrus Medical Staffing LLC was sued in underlying litigation styled *Tracy v. Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, which was filed in the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number CV 2005 07009.  United National is informed and believes, and on that basis alleges, that the *Tracy* action was a medical-malpractice action that was filed on or about September 14, 2005.

8.      United National is informed and believes, and on that basis alleges, that the first-amended complaint in the *Tracy* action alleges, at paragraph 3, that Cirrus employee Cathy Robinson was a "healthcare provider[] who treated Marilyn Tracy," the decedent whose death was the subject of the *Tracy* action.  United National is informed and believes, and on that basis alleges, that the first amended complaint further alleges, at paragraph 28, that Cirrus "acting through its employee, agent and/or apparent agent or contractor, Cathy Robinson, RN, negligently failed to inform the physician on call of Marilyn Tracy's status," as a result of which, according to paragraph 23, Marilyn Tracy was pronounced dead on October 7, 2004.

9.      United National is informed and believes, and on that basis alleges, that N.M. Stat.

1    Ann. § 41-5-15 provides as follows:

2

3        A.      No malpractice action may be filed in any court against a qualifying health

4                care provider before application is made to the medical review commission

5                and its decision is rendered.

6

7        B       This application shall contain the following:

8

9            (1)     a brief statement of the facts of the case, naming the persons

10                   involved, the dates and the circumstances, so far as they are known,

11                   of the alleged act or acts of malpractice; and

12

13           (2)     a statement authorizing the panel to obtain access to all medical and

14                   hospital records and information pertaining to the matter giving rise

15                   to the application, and, for the purposes of is consideration of the

16                   matter only, waiving any claim of privilege as to the contents of

17                   those records.  Nothing in that statement shall in any way be

18                   construed as waiving that privilege for any other purpose or in any

19                   other context, in or out of court.

20

21       10.     United National is informed and believes, and on that basis alleges, that N.M. Stat.

22   Ann. § 41-5-16 provides as follows:

23

24       A.      Upon receipt of an application for review, the commission's director or his

25                delegate shall cause to be served a true copy of the application on the

26                health care providers involved.  Service shall be effected pursuant to New

27                Mexico law.  If the health care provider involved chooses to retain legal

28                counsel, his attorney shall informally enter his appearance with the

15

1    director.

2

3    B    The health care provider shall answer the application for review and in

4        addition shall submit a statement authorizing the panel to obtain access to

5        all medical and hospital records and information pertaining to the matter

6        giving rise to the application, and, for the purposes of its consideration of

7        the matter only, waiving any claim of privilege as to the contents of those

8        records.  Nothing in that statement shall in any way be construed as

9        waiving that privilege for any other purpose or in any other context, in or

10        out of court.

11

12    C.    In instances where applications are received employing the theory of

13        respondeat superior or some other derivative theory of recovery, the

14        director shall forward such applications to the state professional societies,

15        associations or licensing boards of both the individual health care provider

16        whose alleged malpractice caused the application to be filed, and the health

17        care provider named a respondent as employer, master or principal.

18

19        11.    United National is informed and believes, and on that basis alleges, that Interstate

20    and Roes 1 through 10 issued to Cirrus as named insured a policy of liability insurance, number

21    ASC-10000204, effective for the policy period January 27, 2005, to January 27, 2006.  United

22    National is informed and believes, and on that basis alleges, that the Interstate policy generally

23    provides liability coverage to Cirrus on a claims-made-and-reported basis subject to limits of

24    $1,000,000 for each incident and $3,000,000 in the aggregate.

25        12.    United National is informed and believes, and on that basis alleges, that the

26    Interstate policy sets forth the following language in Form 01-PL-4002 (03/04):

27    I.    COVERAGE.

28        The Company will pay on behalf of the Insured all sums which the

**Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the Insured and reported to the Company during the **Policy Period**, as a result of **Bodily Injury, Property Damages** or **Personal Injury** caused by an **incident**, provided always that such **incident** happens:

A.     on or after the policy effective date shown on the Declarations; or

B.     at any time prior to the policy effective date shown on the Declarations if;

    1.     such **incident** happens on or subsequent to the "prior acts date" on the Declarations, and

    2.     no **insured** knew or could have reasonably foreseen that such **incident** might be expected to be the basis of a **Claim** or **Suit** on the effective date of this policy.

The Company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as **Damages** to which this insurance applies and the Company shall have the right and duty to defend any **Suit** against the **Insured** seeking **Damages** on account of such **Bodily Injury, Property Damage** or **Personal Injury**, even if any of the allegations of the **Suit** are groundless, false or fraudulent, but the Company shall not be obligated to pay any **Claims** or **Claims Expenses** or judgments or continue to defend any **Suit** after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

\* \* \*

VI.     WHEN **CLAIM** IS CONSIDERED AS FIRST MADE

A **Claim** shall be considered as being first made when the Company first receives written notice from the **Insured** advising that a **Claim** has been made and providing the details of the **Claim**.

All **Claims** arising out of the same or related **incident** shall be considered as having been made at the item the first such **Claim** is made, and shall be subject to the same limit of liability and only a single deductible, if any, shall apply.

\* \* \*

IX.   DEFINITIONS

When used in this policy (including endorsement forming a part hereof):

**"Bodily Injury"**  means bodily injury, sickness or disease, mental anguish, psychological injury or emotional distress sustained by any person, including death at any time resulting therefrom;

**"Claim"** means a demand for money or the filing of **Suit**  naming the **Insured** and, in either case, alleging a **Bodily Injury, Property Damage** or **Personal Injury** as a result of an **Incident**.

\* \* \*

**"Damages"** means compensatory judgments, settlement or awards but does not include punitive or exemplary **Damages**, fines or penalties, the return of fees or other consideration paid to the **insured**, or the portion of any award or judgment caused by the multiplication of actual **Damages** under federal or state law.  However, if a **Suit** is brought against the **Insured** with respect to a **Claim** for alleged acts or omissions falling within the scope of coverage afforded by this insurance seeking both compensatory and punitive or exemplary **Damages**, then the Company will afford a defense to such action, without liability however, for payment of such punitive or exemplary damages;

\* \* \*

**"Incident"** means any act or omission in the rendering of or failure to

render services by the **Insured**, or by any person for whom the **Insured** is legally responsible, in the conduct of the business or professional occupation specified in the Declarations.

Any such act or omission together with all related acts or omissions shall be considered one **"Incident"** and be subject to the same limit of liability;

\* \* \*

**"Suit"** means a civil proceeding in which **Damages** because of **Bodily Injury, Property Damage** or **Personal Injury** to which this insurance applies are alleged.  **"Suit"** includes:

A.      an arbitration proceeding in which such **Damages** are claimed and to which the **insured** must submit or does submit with the Company's consent; or

B.      any other alternative dispute resolution proceeding in which such **Damages** are claimed and to which the **Insured** submits with the Company's consent.

13.      United National issued to Cirrus as named insured a claims-made-and-reported professional liability insurance policy effective from January 27, 2006, to January 26, 2007, with policy number AH-0000267 (the "United National policy")

14.      The United National policy states as follows:

[From Form CPA-119(2.2005):]

**SECTION I—PROFESSIONAL LIABILITY COVERAGE**

**1.      Insuring Agreement**

We will pay those sums that the insured becomes legally obligated to pay as "compensatory damages" as a result of a "wrongful act."  This insurance applies to injury only if a "claim" for damages to which no other insurance applies, because of the injury is first made against the insured and reported to us during the "policy period."  This insurance does not apply to injury caused by a "wrongful act" that takes place outside of the "covered

territory" or was committed before the Retroactive Date shown in the Declarations or after the "policy period."

a.    A "claim" by a person or organization seeking damages will be deemed to have been made when notice of such "claim" is received and recorded by the insured or by us, which ever comes first;

\* \* \*

c.    We will have the right and duty to select counsel and to defend any "suit" seeking damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for injury to which this insurance does not apply

\* \* \*

**2.    Exclusions**

This insurance does not apply to:

\* \* \*

s.    Any "claim," "suit," or "wrongful act" that might result in a "claim" or "suit," of which any insured had knowledge or could have reasonably foreseen, at the signing date of the application for this insurance.

\* \* \*

**SECTION V—PROFESSIONAL LIABILITY CONDITIONS**

\* \* \*

**4.    Other Insurance**

If other valid and collectible insurance with any other insurer is available to the insured covering a "claim" also covered hereunder (except insurance purchased to apply in excess of the limit of liability hereunder), this insurance will be excess of, and not contribute with, such insurance.  If the insured has other coverage with us covered a ":claim" also covered by this policy or coverage Part, the insured must elect which policy or Coverage

20

Part will apply and we will be liable under the Coverage Part so elected and will not be liable under any other policy or Coverage Part.

\* \* \*

5.    **Representations**

By accepting this policy, you agree:

a.    The statements in the Declarations and application, made part of this policy, are accurate and complete;

b.    Those statements are based upon representations you made to us;

c.    We have issued this policy in reliance upon your representations; and

d.    This policy embodies all of the agreements existing between you and us or any of our agents relating to this insurance.

\* \* \*

**SECTION VI—DEFINITIONS**

\* \* \*

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4.    "Claim" means a written demand upon the insured for "compensatory damages," including, but not limited to, the service of "suit" or institution of arbitration proceedings against the insured. "Claim" includes reports of accidents, acts, errors, occurrences, offenses or omissions which may give rise to a "claim" under this policy. "Claims" based on or arising out of the same act or interrelated acts of one or more insured will be considered to be based on a single "wrongful act."

\* \* \*

11.    "Suit" means a civil proceeding in which damages for injury to which this insurance applies are alleged. "Suit" includes an arbitration proceeding alleging such damages to which you must submit or submit with our

1  consent.

2  12.  "Wrongful act' means any act, error or omission in the furnishing of

3  professional social services.  It includes the furnishing of food, beverages,

4  medications or appliances in connection with those services.  All

5  "wrongful acts" committed in the furnishing of professional social services

6  to any one person will be considered one "wrongful act."  All interrelated

7  "wrongful acts" of one or more insured will be considered one "wrongful

8  act."

9

10  [From Form EPA-909 (5/2006):]

11  This endorsement modifies insurance provided under the following:

12  PROFESSIONAL LIABILITY COVERAGE PART

13  Paragraph 12. of SECTION VI.—DEFINITIONS is deleted and replaced by the

14  following:

15  12.  "Wrongful act" means:

16  a.  any act or omission in the furnishing of healthcare services

17  to a patient or client including the furnishing of food,

18  beverages, medications, medical treatment or appliances in

19  connection with such services and the postmortem handling

20  of human bodies.

21  b.  All "wrongful acts" committed in the furnishing of services

22  to any one patient or client will be considered one

23  "wrongful act." All interrelated "wrongful acts" of one or

24  more insured will be considered one "wrongful act."

25

26  15.  United National is informed and believes, and on that basis alleges, that Interstate

27  and/or Fireman's Fund agreed to defend and indemnify Cirrus in connection with the *Tracy*

28  pursuant to the terms and provisions of the Interstate policy.

1        FIRST CLAIM FOR DECLARATORY JUDGMENT—DUTY TO DEFEND

2        16.    United National incorporates by reference the allegations of paragraphs 1-15 of

3 this counterclaim.

4        17.    An actual controversy has arisen and now exists between United National,

5 Fireman's Fund, Interstate, and Roes 1 through 10 concerning their respective rights and duties

6 under the Interstate and United National policies regarding the underlying *Tracy* action.  United

7 National contends that Fireman's Fund, Interstate, Roes 1 through 10, or any of them, were

8 required to defend Cirrus in connection with the *Tracy* action, and that United National had no

9 obligation to defend Cirrus in connection with the *Tracy* action.  On the other hand, United

10 National is informed and believes, and on that basis alleges, that Fireman's Fund, Interstate, and

11 Roes 1 through 10, contend that they had no obligation to defend Cirrus in the *Tracy* action and

12 that United National alone was obligated to defend Cirrus in the *Tracy* action, or, alternately, that

13 Fireman's Fund, Interstate, and United National were jointly obligated to defend Cirrus in

14 connection with the *Tracy* action.  United National requests this Court to make and enter its

15 binding judicial declarations in accordance with United National's contentions set forth in this

16 paragraph.  The requested declarations are both necessary and proper at this time under the

17 circumstances in that the interest of judicial economy and substantial justice will be served

18 thereby.

19

20      SECOND CLAIM FOR DECLARATORY JUDGMENT—DUTY TO INDEMNIFY

21        18.    United National incorporates by reference the allegations of paragraphs 1-15 of

22 this counterclaim

23        19. An actual controversy has arisen and now exists between United National, Fireman's

24 Fund, Interstate, and Roes 1 through 10 concerning their respective rights and duties under the

25 Interstate and United National policies regarding the underlying *Tracy* action.  United National

26 contends that Fireman's Fund, Interstate, Roes 1 through 10, or any of them, were required to

27 indemnify Cirrus in connection with the *Tracy* action, and that United National had no obligation

28 to indemnify Cirrus in connection with the *Tracy* action.  On the other hand, United National is

1  informed and believes, and on that basis alleges, that Fireman's Fund, Interstate, and Roes 1

2  through 10, contend that they had no obligation to indemnify Cirrus in the *Tracy* action and that

3  United National alone was obligated to indemnify Cirrus in the *Tracy* action, or, alternately, that

4  Fireman's Fund, Interstate, and United National were jointly obligated to indemnify Cirrus in

5  connection with the *Tracy* action.  United National requests this Court to make and enter its

6  binding judicial declarations in accordance with United National's contentions set forth in this

7  paragraph.  The requested declarations are both necessary and proper at this time under the

8  circumstances in that the interest of judicial economy and substantial justice will be served

9  thereby.

10      20.    If the Court enters a judicial declaration in accordance with United National's

11  contentions set forth in the preceding paragraph, United National is entitled to recover from

12  defendants Fireman's Fund, Interstate, and Roes 1 through 10, or any of them, $100,000, plus

13  prejudgment interest under Cal. Civ. Code §§ 3287(a) and 3289(b), to reimburse United National

14  for its contribution toward the settlement of the *Tracy* action.

15

16      WHEREFORE, United National prays for judgment as follows:

17  a.    That the Court make and enter a binding judicial declaration of the parties'

18        respective rights and duties in accordance with United National's contentions set

19        forth in paragraph 17 above,

20  b.    That the Court make and enter a binding judicial declaration of the parties'

21        respective rights and duties in accordance with United National's contentions set

22        forth in paragraph 19 above,

23  c.    That the Court order and enter a money judgment requiring counterdefendants

24        Fireman's Fund, Interstate, Roes 1 through 10, and any of the them, to reimburse

25        United National $100,000, plus prejudgment interest under Cal. Civ. Code

26        §§3287(a) and 3289(b), for the money it contributed to settlement of the *Tracy*

27        action.

28  d.    That United National be awarded its costs of suit incurred herein; and

1    e.    For such other and further relief as the Court deems just and proper.

2

3                    Respectfully submitted,

4                    NIELSEN, HALEY & ABBOTT LLP

5

6    Dated:  October 1, 2007      By: _____

7                        Thomas H. Nienow

                        Attorneys for Defendant and Counterclaimant

8                    UNITED NATIONAL INSURANCE COMPANY

9

10

11

12                    **DEMAND FOR JURY TRIAL**

13    Defendant and counterclaimant United National Insurance Company demands trial by jury in

14    this action.

15                    Respectfully submitted,

16                    NIELSEN, HALEY & ABBOTT LLP

17

18    Dated:  October 1, 2007      By: _____

19                        Thomas H. Nienow

                        Attorneys for Defendant and Counterclaimant

20                    UNITED NATIONAL INSURANCE COMPANY

21

22

23

24

25

26

27

28

*Fireman's Fund Insurance Co. v. United National Ins. Co.*
United State District Court, Northern District Court No.: C 07-04943 JL

## PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco.  I am over

the age of eighteen years, and not a party to the within cause.  My business address is

44 Montgomery Street, Suite 750, San Francisco, California 94104.  On the date set forth below I

served the following document(s) described as:

**ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY.**

[ ]     (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

[ ]     (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]     (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]     (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**[ XX ]  (BY ELECTRONIC SERVICE)** by submitting an electronic version of the document(s) to be served on all parties listed on the service list on file with the court as of this date.

**Attorney for Plaintiff, Fireman's Fund Ins. Co.**
Christopher J. Borders
Casey A. Hatton
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 362-6000
Fax: (415) 834-9070

I declare under penalty of perjury that the foregoing is true and correct and that this

declaration was executed on October 1 2007, at San Francisco, California.

_____
Fatima Puente