CHRISTOPHER J. BORDERS (SBN 135901)
CASEY A. HATTON (SBN 246081)
HINSHAW & CULBERTSON LLP
One California Street
18th Floor
San Francisco, CA 94111
Telephone:    415-362-6000
Facsimile:    415-834-9070

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED NATIONAL INSURANCE COMPANY, and DOES 1 - 10<br><br>    Defendants.<br>_____<br>UNITED NATIONAL INSURANCE COMPANY,<br><br>    Counterclaimant,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY and ROES 1 - 10,<br><br>    Counter-Defendants. | Case No.  CV 07-04943 JL<br><br>**COUNTER-DEFENDANT FIREMAN'S FUND INSURANCE COMPANY'S ANSWER TO COUNTER-CLAIM OF UNITED NATIONAL INSURANCE COMPANY**<br><br>Complaint Filed:  August 21, 2007<br><br>Counterclaim Filed:  October 1, 2007 |

FIREMAN'S FUND INSURANCE COMPANY ("FIREMAN'S FUND") hereby answers to the counterclaimant, UNITED NATIONAL INSURANCE COMPANY ("UNITED NATIONAL") Counterclaim as follows:

    1.    FIREMAN'S FUND lacks sufficient knowledge, information or belief to respond to and on that basis denies each and every allegation set forth in Paragraph 1 of the Counterclaim.

2. FIREMAN'S FUND admits the allegations set forth in Paragraph 2 of the Counterclaim.

3. FIREMAN'S FUND admits the allegations set forth in Paragraph 3 of the Counterclaim.

4. Paragraph 4 does not require a response.

5. FIREMAN'S FUND lacks sufficient knowledge, information or belief to respond to and on that basis denies each and every allegation set forth in Paragraph 5 of the Counterclaim.

6. FIREMAN'S FUND lacks sufficient knowledge, information or belief to respond to and on that basis denies each and every allegation set forth in Paragraph 6 of the Counterclaim.

7. FIREMAN'S FUND admits the allegations set forth in Paragraph 7 or the Counterclaim.

8. FIREMAN'S FUND admits the allegations set forth in Paragraph 8 or the Counterclaim.

9. FIREMAN'S FUND admits the allegations set forth in Paragraph 9 of the Counterclaim, except to the degree that New Mexico Statute § 41-5-15 may have undergone amendments.

10. FIREMAN'S FUND admits the allegations set forth in Paragraph 10 of the Counterclaim except to the degree that New Mexico Statute § 41-5-16 may have undergone amendments.

11. In responding to Paragraph 11 of the Counterclaim, FIREMAN'S FUND admits that Interstate issued a policy of liability insurance, number ASC-10000204, effective for the policy period January 27, 2005 to January 27, 2006. Except as so admitted and alleged, FIREMAN'S FUND lacks sufficient knowledge, information or belief to respond to and on that basis denies each and every allegation set forth in Paragraph 11 of the Counterclaim.

12. FIREMAN'S FUND admits the allegations set forth in Paragraph 12 of the Counterclaim, with the exception of minor typographical errors.

13. In responding to Paragraph 13 of the Counterclaim, FIREMAN'S FUND admits that UNITED NATIONAL issued a professional liability insurance policy to Cirrus with a policy period

1  of January 27, 2006 through January 26, 2007, policy number AH-0000267. Except as so admitted
2  and alleged, FIREMAN'S FUND lacks sufficient knowledge, information or belief to respond to and
3  on that basis denies each and every allegation set forth in Paragraph 13 of the Counterclaim.
4      14.    FIREMAN'S FUND admits the allegations set forth in Paragraph 14 of the
5  Counterclaim.
6      15.    In response to Paragraph 15 of the Counterclaim, FIREMAN'S FUND admits that it
7  agreed to defend and indemnify the Insured in the Underlying action pursuant to the terms and
8  provisions of its policy and subject to a strict reservation of its right to withdraw from defense and
9  seek reimbursement should it discover that the policy did not provide coverage for the claim. Except
10 as so admitted and alleged, FIREMAN'S FUND denies each and every allegation set forth in
11 Paragraph 15 of the Counterclaim.

### First Claim for Declaratory Judgment—Duty to Defend

13     16.    FIREMAN'S FUND incorporates each and every response contained in Paragraphs 1
14 through 15 of this Answer and incorporates such by reference as though fully set forth herein.
15     17.    Paragraph 16 does not require a response.
16     18.    In response to Paragraph 17 of the Counterclaim, FIREMAN'S FUND admits that an
17 actual controversy of a justiciable nature now exists between FIREMAN'S FUND and UNITED
18 NATIONAL concerning the obligations owed by UNITED NATIONAL to reimburse FIREMAN'S
19 FUND for the defense costs incurred by FIREMAN'S FUND for the defense of the parties' mutual
20 Insured in the Underlying Action. FIREMAN'S FUND further admits that it seeks a declaration
21 that, under the terms, definitions, conditions, and exclusions of the policies issued by UNITED
22 NATIONAL to the Insured, UNITED NATIONAL had an ongoing duty to defend the Insured with
23 respect to the claims asserted against it pursuant to the Underlying Action, and now has an
24 obligation to reimburse FIREMAN'S FUND a share of the defense costs incurred by FIREMAN'S
25 FUND in defense of the mutual insured. Except as so admitted and alleged, FIREMAN'S FUND
26 denies each and every allegation set forth in Paragraph 17 of the Counterclaim.

**Second Claim for Declaratory Judgment—Duty to Indemnify**

19. FIREMAN'S FUND incorporates each and every response contained in Paragraphs 1 through 18 of this Answer and incorporates such by reference as though fully set forth herein

20. Paragraph 18 does not require a response.

21. In response to Paragraph 19 of the Counterclaim, FIREMAN'S FUND admits that an actual controversy of a justiciable nature now exists between FIREMAN'S FUND and UNITED NATIONAL concerning the obligations owed by UNITED NATIONAL to indemnify the parties' mutual Insured for the settlement reached on behalf of the Insured in the Underlying Action. FIREMAN'S FUND further admits that FIREMAN'S FUND seeks a declaration that, under the terms, definitions, conditions, and exclusions of the policies issued by UNITED NATIONAL to the Insured, UNITED NATIONAL had an ongoing duty to indemnify the Insured with respect to the claims asserted against it in the Underlying Action, and has an obligation to reimburse FIREMAN'S FUND a share of the indemnity expenses incurred in defense of the mutual Insured. Except as so admitted and alleged, FIREMAN'S FUND denies each and every allegation set forth in Paragraph 19 of the Counterclaim.

**AFFIRMATIVE DEFENSES**

22. As separate affirmative defenses to the Cross-Complaint, FIREMAN'S FUND alleges,

23. UNITED NATIONAL'S Counterclaim fails to state facts sufficient to constitute a cause of action against FIREMAN'S FUND.

24. UNITED NATIONAL'S Counterclaim is barred, in whole or in part, by the terms, conditions and exclusions of the FIREMAN'S FUND policy.

25. UNITED NATIONAL'S Counterclaim is barred, in whole or in part, by the terms conditions and exclusions of the UNITED NATIONAL policy.

26. FIREMAN'S FUND is informed and believe, and thereon alleges, that each cause of action alleged in the Counterclaim is barred, in whole or in part, by the applicable statute of limitations, including but not limited to Cal. Civil Code § 1783, Cal. Code of Civil Procedure §§

337, 338, 339 and 343, and all other applicable statutes of limitation, whether under State or federal law.

27. UNITED NATIONAL is not entitled to recovery to the extent that his claims are barred by the doctrine of unclean hands.

28. UNITED NATIONAL is not entitled to recovery to the extent that his claims are barred by the doctrine of laches.

29. UNITED NATIONAL's claims are barred in whole or in part to the extent that UNITED NATIONAL has expressly or impliedly waived his right, if any, to recover any relief whatsoever from FIREMAN'S FUND.

30. UNITED NATIONAL's claims are barred in whole or in part to the extent that it consented to the conduct about which it now complains.

31. FIREMAN'S FUND reserves the right to assert additional affirmative defenses which may be available pursuant to further investigation and discovery.

WHEREFORE, FIREMAN'S FUND prays for judgment against UNITED NATIONAL on the Counterclaims as follows:

A. That UNITED NATIONAL take nothing by reason of its Counterclaim;

B. For a determination that FIREMAN'S FUND is has no obligation to pay any sum or sums on account of or based on matters referenced in the Complaint;

C. For costs of suit; and,

D. For such other and further relief in favor of Defendants that the Court may deem just and proper.

DATED: 11/5/07

HINSHAW & CULBERTSON LLP

CHRISTOPHER J. BORDERS
CASEY A. HATTON
Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY