CHRISTOPHER J. BORDERS (SBN 135901)
CASEY A. HATTON (SBN 246081)
HINSHAW & CULBERTSON LLP
One California Street
18th Floor
San Francisco, CA 94111
Telephone:   415-362-6000
Facsimile:    415-834-9070

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY &
INTERSTATE FIRE & CASUALTY COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>      Plaintiffs,<br><br>vs.<br><br>UNITED NATIONAL INSURANCE COMPANY, and DOES 1 - 10<br><br>      Defendants.<br>_____<br>UNITED NATIONAL INSURANCE COMPANY,<br><br>      Counterclaimant,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY, INTERSTATE FIRE & CASUALTY COMPANY and ROES 1 - 10,<br><br>      Counter-Defendants. | Case No. CV 07-04943 JL<br><br>**STIPULATION TO AMEND ANSWER TO COUNTERCLAIM [FRCP 15(a)]**<br><br>Complaint Filed: August 21, 2007<br><br>Counterclaim Filed: October 1, 2007 |

Counterclaimant United National Insurance Company hereby stipulates that the proposed Amended Answer to Counterclaim may be filed with the Court. A true and correct copy of the proposed Amended Answer to Counterclaim is attached hereto as Exhibit A.

In so stipulating, United National does not waive any basis to challenge or object to any allegation, claim, defense or any other matter set forth in the Amended Answer.

So stipulated,

DATED: 12/4/07

NIELSEN, HALEY & ABBOTT LLP

THOMAS H. NIENOW
Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

2965249..879609

# Exhibit A

1  CHRISTOPHER J. BORDERS (SBN 135901)
   CASEY A. HATTON (SBN 246081)
2  HINSHAW & CULBERTSON LLP
   One California Street
3  18th Floor
   San Francisco, CA 94111
4  Telephone:    415-362-6000
   Facsimile:    415-834-9070
5
   Attorneys for Plaintiff
6  FIREMAN'S FUND INSURANCE COMPANY &
   INTERSTATE FIRE & CASUALTY COMPANY
7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | Case No. CV 07-04943 JL |
| Plaintiffs, | **COUNTER-DEFENDANTS' ANSWER TO COUNTER-CLAIM OF UNITED NATIONAL INSURANCE COMPANY** |
| vs. | Complaint Filed: August 21, 2007 |
| UNITED NATIONAL INSURANCE COMPANY, and DOES 1 - 10 | Counterclaim Filed: October 1, 2007 |
| Defendants. | |
| UNITED NATIONAL INSURANCE COMPANY, | |
| Counterclaimant, | |
| vs. | |
| FIREMAN'S FUND INSURANCE COMPANY, INTERSTATE FIRE & CASUALTY COMPANY and ROES 1 - 10, | |
| Counter-Defendants. | |

FIREMAN'S FUND INSURANCE COMPANY ("FIREMAN'S FUND") and INTERSTATE FIRE & CASUALTY COMPANY ("INTERSTATE"), collectively "Counter-defendants," hereby answer to the counterclaimant, UNITED NATIONAL INSURANCE COMPANY ("UNITED NATIONAL") Counterclaim as follows:

1

**COUNTER-DEFENDANTS' ANSWER TO COUNTER-CLAIM OF UNITED NATIONAL INSURANCE CO.**
Case No. CV 07-04943 JL

1. Counter-defendants lack sufficient knowledge, information or belief to respond to and on that basis deny each and every allegation set forth in Paragraph 1 of the Counterclaim.

2. Counter-defendants admit the allegations set forth in Paragraph 2 of the Counterclaim.

3. Counter-defendants admit the allegations set forth in Paragraph 3 of the Counterclaim.

4. Paragraph 4 does not require a response.

5. Counter-defendants lack sufficient knowledge, information or belief to respond to and on that basis deny each and every allegation set forth in Paragraph 5 of the Counterclaim.

6. Counter-defendants lack sufficient knowledge, information or belief to respond to and on that basis deny each and every allegation set forth in Paragraph 6 of the Counterclaim.

7. Counter-defendants admit the allegations set forth in Paragraph 7 or the Counterclaim.

8. Counter-defendants admit the allegations set forth in Paragraph 8 or the Counterclaim.

9. Counter-defendants admit the allegations set forth in Paragraph 9 of the Counterclaim, except to the degree that New Mexico Statute § 41-5-15 may have undergone amendments.

10. Counter-defendants admit the allegations set forth in Paragraph 10 of the Counterclaim except to the degree that New Mexico Statute § 41-5-16 may have undergone amendments.

11. In responding to Paragraph 11 of the Counterclaim, Counter-defendants admit that Interstate issued a policy of liability insurance, number ASC-10000204, effective for the policy period January 27, 2005 to January 27, 2006. Except as so admitted and alleged, Counter-defendants lack sufficient knowledge, information or belief to respond to and on that basis deny each and every allegation set forth in Paragraph 11 of the Counterclaim.

12. Counter-defendants admit the allegations set forth in Paragraph 12 of the Counterclaim, with the exception of minor typographical errors.

2

13. In responding to Paragraph 13 of the Counterclaim, Counter-defendants admit that UNITED NATIONAL issued a professional liability insurance policy to Cirrus with a policy period of January 27, 2006 through January 26, 2007, policy number AH-0000267. Except as so admitted and alleged, Counter-defendants lack sufficient knowledge, information or belief to respond to and on that basis deny each and every allegation set forth in Paragraph 13 of the Counterclaim.

14. Counter-defendants admit the allegations set forth in Paragraph 14 of the Counterclaim.

15. In response to Paragraph 15 of the Counterclaim, Counter-defendants admit that it agreed to defend and indemnify the Insured in the Underlying action pursuant to the terms and provisions of its policy and subject to a strict reservation of its right to withdraw from defense and seek reimbursement should it discover that the policy did not provide coverage for the claim. Except as so admitted and alleged, Counter-defendants deny each and every allegation set forth in Paragraph 15 of the Counterclaim.

### First Claim for Declaratory Judgment—Duty to Defend

16. Counter-defendants incorporate each and every response contained in Paragraphs 1 through 15 of this Answer and incorporate such by reference as though fully set forth herein.

17. Paragraph 16 does not require a response.

18. In response to Paragraph 17 of the Counterclaim, Counter-defendants admit that an actual controversy of a justiciable nature now exists between Counter-defendants and UNITED NATIONAL concerning the obligations owed by UNITED NATIONAL to reimburse Counter-defendants for the defense costs incurred by Counter-defendants for the defense of the parties' mutual Insured in the Underlying Action. Counter-defendants further admit that they seek a declaration that, under the terms, definitions, conditions, and exclusions of the policies issued by UNITED NATIONAL to the Insured, UNITED NATIONAL had an ongoing duty to defend the Insured with respect to the claims asserted against it pursuant to the Underlying Action, and now has an obligation to reimburse Counter-defendants a share of the defense costs incurred by Counter-defendants in defense of the mutual insured. Except as so admitted and alleged, Counter-defendants deny each and every allegation set forth in Paragraph 17 of the Counterclaim.

**Second Claim for Declaratory Judgment—Duty to Indemnify**

19. Counter-defendants incorporate each and every response contained in Paragraphs 1 through 18 of this Answer and incorporate such by reference as though fully set forth herein

20. Paragraph 18 does not require a response.

21. In response to Paragraph 19 of the Counterclaim, Counter-defendants admit that an actual controversy of a justiciable nature now exists between Counter-defendants and UNITED NATIONAL concerning the obligations owed by UNITED NATIONAL to indemnify the parties' mutual Insured for the settlement reached on behalf of the Insured in the Underlying Action. Counter-defendants further admit that Counter-defendants seek a declaration that, under the terms, definitions, conditions, and exclusions of the policies issued by UNITED NATIONAL to the Insured, UNITED NATIONAL had an ongoing duty to indemnify the Insured with respect to the claims asserted against it in the Underlying Action, and has an obligation to reimburse Counter-defendants a share of the indemnity expenses incurred in defense of the mutual Insured. Except as so admitted and alleged, Counter-defendants deny each and every allegation set forth in Paragraph 19 of the Counterclaim.

**AFFIRMATIVE DEFENSES**

22. As separate affirmative defenses to the Cross-Complaint, Counter-defendants allege,

23. UNITED NATIONAL'S Counterclaim fails to state facts sufficient to constitute a cause of action against Counter-defendants.

24. UNITED NATIONAL'S Counterclaim is barred, in whole or in part, by the terms, conditions and exclusions of the Counter-defendants policy.

25. UNITED NATIONAL'S Counterclaim is barred, in whole or in part, by the terms conditions and exclusions of the UNITED NATIONAL policy.

26. Counter-defendants are informed and believe, and thereon allege, that each cause of action alleged in the Counterclaim is barred, in whole or in part, by the applicable statute of limitations, including but not limited to Cal. Civil Code § 1783, Cal. Code of Civil Procedure §§ 337, 338, 339 and 343, and all other applicable statutes of limitation, whether under State or federal law.

27. UNITED NATIONAL is not entitled to recovery to the extent that its claims are barred by the doctrine of unclean hands.

28. UNITED NATIONAL is not entitled to recovery to the extent that its claims are barred by the doctrine of laches.

29. UNITED NATIONAL's claims are barred in whole or in part to the extent that UNITED NATIONAL has expressly or impliedly waived its right, if any, to recover any relief whatsoever from Counter-defendants.

30. UNITED NATIONAL's claims are barred in whole or in part to the extent that it consented to the conduct about which it now complains.

31. Counter-defendants reserve the right to assert additional affirmative defenses which may be available pursuant to further investigation and discovery.

WHEREFORE, Counter-defendants pray for judgment against UNITED NATIONAL on the Counterclaims as follows:

A. That UNITED NATIONAL take nothing by reason of its Counterclaim;

B. For a determination that Counter-defendants have no obligation to pay any sum or sums on account of or based on matters referenced in the Complaint;

C. For costs of suit; and,

D. For such other and further relief in favor of Counter-defendants that the Court may deem just and proper.

DATED: 12/2/07

HINSHAW & CULBERTSON LLP

CHRISTOPHER J. BORDERS
CASEY A. HATTON
Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY &
INTERSTATE FIRE & CASUALTY COMPANY

2965190..879609