1  CHRISTOPHER J. BORDERS (SBN 135901)
   CASEY A. HATTON (SBN 246081)
2  HINSHAW & CULBERTSON LLP
   One California Street
3  18th Floor
   San Francisco, CA 94111
4  Telephone:   415-362-6000
   Facsimile:    415-834-9070
5
   Attorneys for Plaintiff and Counter-Defendants
6  FIREMAN'S FUND INSURANCE COMPANY &
   INTERSTATE FIRE & CASUALTY COMPANY
7
   JAMES C. NIELSEN (SBN 111889)
8  THOMAS H. NIENOW (SBN 136454)
   NIELSEN, HALEY & ABBOTT LLP
9  44 Montgomery Street, Suite 750
   San Francisco, CA 94104
10 Telephone:   415-693-0900
   Facsimile:    415-693-9674
11
   Attorneys for Defendants and Counter-Claimant
12 UNITED NATIONAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>UNITED NATIONAL INSURANCE COMPANY, and DOES 1 - 10<br><br>　　　　Defendants.<br><br>_____<br><br>UNITED NATIONAL INSURANCE COMPANY,<br><br>　　　　Counterclaimant,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY and ROES 1 - 10,<br><br>　　　　Counter-Defendants. | Case No. CV 07-04943 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br>**[FRCP 26(f)]**<br><br>Complaint Filed: August 21, 2007<br><br>Counterclaim Filed: October 1, 2007 |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
1
2968248v1 879609

Plaintiff and counter-defendant Fireman's Fund Insurance Company ("FFIC"), defendant and counter-claimant United National Insurance Company ("United National"), and counter-defendant Interstate Fire & Casualty Company ("Interstate") jointly submit this Case Management Statement and Proposed Order and respectfully request the Court to adopt it as its Case Management Order in this case.

1. **Jurisdiction and Service**

FFIC filed its complaint in this action in Marin County Superior Court, from which United National removed the action to this Court. United National filed an answer and counter-claim adding Interstate as a counter-defendant. Interstate and FFIC have answered United National's counter-claim. All parties have been served or waived service by general appearance. The parties have discussed a request by FFIC and Interstate to amend the pleadings to reflect a dispute only between Interstate and United National.

FFIC's complaint is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court by defendant United National pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Jurisdiction over United National's counterclaim is conferred by 28 U.S.C. § 1367(a).

2. **Facts**

The parties submit the following separate statements and joint statement of facts:

**(a.) Separate Statements of Facts**

(1). Interstate and FFIC's Separate Statement Facts: Interstate issued a policy of professional liability insurance to Cirrus Medical Staffing LLC for the policy period January 27, 2005, through January 27, 2006. United National issued a policy of professional liability policy to Cirrus for the policy period January 27, 2006 through January 27, 2007. Interstate and FFIC content that the United National policy by its terms and/or as a result of policy ambiguity provides coverage to Cirrus for the *Tracy* action.

(2) **United National's Separate Statement of Facts:** The Interstate and United National policies were both issued on a claims-made-and-reported basis, under which coverage is extended only for claims first made and reported during that insurer's policy period, as set forth more fully in the policies.

**(b.) Joint Statement of Facts**

The parties have met and conferred and were able to reach agreement as to the following facts, although, because neither party has had an opportunity to conduct discovery, these facts do not constitute admissions and both parties reserve the right to present evidence of facts that are different from the below, should such contradictory facts be disclosed by discovery:

Cirrus was sued in an underlying medical-malpractice litigation styled *Tracy v. Cirrus Medical Staffing et al.*, State of New Mexico, Second Judicial District Court, County of Bernalillo action no.CV2005 07009. The underlying action was filed on September 14, 2005, and Cirrus was added as a defendant by way of a first amended complaint that was filed on or about March 21, 2006.

Cirrus tendered the *Tracy* action to Interstate and to United National, and Interstate agreed to defend and indemnify Cirrus under reservations of rights pending its investigation. United National advised Cirrus in October 2006 that its policy would respond only as excess coverage. United National subsequently determined that its policy did not provide potential or actual coverage for the *Tracy* action and sent a letter to Cirrus advising of this determination in February 2007. Thereafter, a settlement of the *Tracy* action was reached, with United National contributing $100,000 and Interstate contributing $499,000.

3. **Legal Issues**

   A. **Plaintiff's Contentions**

   FFIC and Interstate believe that United National agreed to jointly defend Cirrus and wrongfully withdrew from that defense, and wrongfully refused to fully fund the settlement of the Insured's liability. United National's October 2006 letter to Cirrus cited the "prior claim" exclusion in its policy. FFIC and Interstate believe that United National has mis-read its exclusion, that its exclusion is ambiguous, and that the Insured's 2006 communication does not trigger the exclusion.

Accordingly, United National is obligated to reimburse FFIC and Interstate for defense costs incurred and indemnity payments made, as well as pay interest on those amounts. Since United National's policy was the only policy applicable to the *Tracy* action at the time the claim was made, it should reimburse 100% of all defense and indemnity expenses incurred by FFIC and/or Interstate. FFIC and Interstate further contend that any misrepresentation claim that United National may have against Cirrus does not impact its contractual obligation to have defended the *Tracy* action until a factual determination of that claim could be made, and does not bar its equitable obligation to reimburse FFIC and/or Interstate.

### B.    Defendant's Contentions

The insuring language in Interstate's and United National's policies state that the policies apply only to claims first made and reported during that insurer's policy period. Under California law, claims-made-and-reported requirements are strictly enforced, and a claim cannot be simultaneously covered under two seriatim claims-made-and-reported policies. United National believes that Cirrus first gave notice to Interstate of the *Tracy* action and the claims in the *Tracy* action during Interstate's policy period. Interstate's policy is the only policy applicable to the *Tracy* action, therefore, and Interstate should reimburse 100% of all indemnity expenses incurred by United National.

Additionally, the United National policy does not apply where an insured knew of or could have reasonably foreseen a lawsuit, or a wrongful act leading to a lawsuit, before signing the application. United National contends that this condition was not met in the case of the *Tracy* action, as a matter of law, and that other provisions of the United National policy preclude a duty to either defend or indemnify Cirrus, United National did not agree to defend Cirrus in the *Tracy* action, and United National strictly reserved its rights "to reevaluate coverage on any alternative and/or additional basis ...."

### 4.    Motions

There are no pending motions. FFIC, Interstate, and United National anticipate filing motion(s) for summary judgment and/or partial summary judgment. The parties will work to present such motions upon an agreed statement of facts, if feasible.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
4
2968248v1 879609

5. **Amendment of Pleadings**

Pleadings may be amended no later than 120 days prior to the trial date.

6. **Evidence Preservation**

The parties agree to interdict any document destruction programs that may affect evidence relevant to this matter. These efforts will include the preservation of electronic materials related to the claims and underwriting files at issues.

7. **Disclosures**

The parties will timely comply with the Court's February 25, 2008, deadline for making initial disclosures.

8. **Discovery**

The parties have not conducted any discovery to date. The initial disclosures may completely address the need for written discovery. However, some written discovery is possible, as is discovery of third parties such as the Insured, and parties in possession of records of the defense provided, and the defense and indemnity expenses incurred in the underlying action. FFIC and Interstate also anticipate the need for one or more depositions of United National's person(s) most knowledgeable regarding claims handling and underwriting issues depending on the defenses United National asserts. United National's Counter-claim cites certain provisions of the New Mexico Statutes but does not articulate United National's position regarding these statutes. FFIC and Interstate must, therefore, reserve the right to conduct discovery on this issue.

United National may need to seek production of Interstate or FFIC's claim file(s) concerning the *Tracy* action. United National may need to depose person(s) most knowledgeable from Interstate or FFIC regarding the handling of the *Tracy* claim and communications between Cirrus or its representatives and Interstate or FFIC. United National may need to depose party-related witnesses, third-party percipient witnesses, or person(s) most knowledgeable concerning the underlying *Tracy* action, the settlement of the *Tracy* action, notice to Interstate Fire & Casualty Company of the *Tracy* action, any proceedings related to the *Tracy* action, or the facts and circumstances involved in or giving rise to the *Tracy* action or any related proceeding..

The parties reserve their rights to object to discovery.

The parties agree to a discovery cut-off date of **December 5, 2008**

9. **Class Actions**

Not applicable

10. **Related Cases**

None.

11. **Relief**

FFIC & Interstate's Statement of Relief Sought:

FFIC and Interstate seek a money judgment for all indemnity expenses paid, all defense costs incurred on behalf of Cirrus in the *Tracy* action, as well as its attorney's fees and costs of this litigation. As set forth in the Complaint and Counter-claim, FFIC and Interstate also request that the Court issue an Order and Judgment declaring that United National is obligated to reimburse FFIC and Interstate for expenses incurred in defending and indemnifying the underlying action; that FFIC and Interstate are entitled to equitable remedies; and that FFIC and Interstate are entitled to interest on the reimbursement and attorneys fees and costs incurred in this litigation.

United National's Statement of Relief Sought:

United National seeks a money judgment requiring counter-defendants to reimburse United National $100,000, plus prejudgment interest under Cal. Civ. Code §§3287(a) and 3289(b), for the money it paid toward settlement of the *Tracy* action. United National also requests that the Court enter binding declarations of the parties' respective rights and duties in accordance with United National's contentions as set forth in paragraphs 17 and 19 of its counter-claim.

12. **Settlement and ADR**

The parties have submitted their Joint Stipulation Selecting ADR Process. The parties agree that this matter may benefit from private mediation following resolution of legal issues by the Court.

13. **Consent to Magistrate For All Purposes**

This matter has been transferred to the Honorable Marilyn Hall Patel following initial assignment to Chief Magistrate Judge James Larson.

14. **Other References**

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

FFIC, Interstate, and United National anticipate that it will be possible to narrow one or more of the issues after discovery through motions for summary judgment and/or summary adjudication of issues. Additionally, the parties will endeavor to develop an agreed statement of facts for the purpose of such motions, and, if possible, to file them as cross-motions.

**16.  Expedited Schedule**

FFIC/Interstate and United National believe that this is a matter in which contract interpretation issues should be addressed first. If resolution of those issues does not resolve the matter, the parties should address factual disputes with streamlined procedures.

**17.  Scheduling**

| | |
|---|---|
| Deadline to Designate Expert Witnesses: | October 20, 2008 |
| Discovery Cut-Off: | December 5, 2008 |
| Deadline for Hearings on Dispositive Motions: | January 22, 2009 |
| Pre-trial Conference: | February 5, 2009 |
| Trial: | February 23, 2009 |

**18.  Trial**

The parties believe that a trial length estimate is premature. At this time, however, the parties to this Report state that:

a.  Plaintiff requests a Court Trial and anticipates it will take 3 days.

b.  Defendant requests a Jury Trial and anticipates it will take 3-5 days.

**19.  Disclosure of Non-party Interested Entities or Persons**

United National has filed its Certification of Interested Entities or Persons. FFIC and Interstate have not filed a Certification of Interested Entities or Persons.

Respectfully submitted,

DATED: February 25, 2008            HINSHAW & CULBERTSON LLP

_____
CHRISTOPHER J. BORDERS
CASEY A. HATTON
Attorneys for Plaintiff and Counter-Defendants
FIREMAN'S FUND INSURANCE COMPANY &
INTERSTATE FIRE & CASUALTY COMPANY

DATED: 2/25/08            NEILSEN, HALEY & ABBOTT LLP

_____
THOMAS H. NIENOW
Attorneys for Defendants and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

SO ORDERED.

Dated:_____            _____
THE HONORABLE MARILYN HALL PATEL
DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT