JAMES C. NIELSEN (111889)
 *jnielsen@nielsenhaley.com*
THOMAS H. NIENOW (136454)
 *tnienow@nielsenhaley.com*
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 10.<br><br>　　　　Defendants | Action No.: C 07-04943 MHP<br><br>NOTICE OF MOTION AND MOTION BY UNITED NATIONAL FOR LEAVE TO AMEND COUNTERCLAIM; MEMORANDUM. |
| UNITED NATIONAL INSURANCE COMPANY,<br><br>　　　　Cross-complainant,<br><br>　v.<br><br>INTERSTATE FIRE & CASUALTY COMPANY and Roes 1 through 10,<br><br>　　　　Cross-defendants. | Date: August 18, 2008<br>Time: 2:00 p.m.<br>Courtroom 15<br>HONORABLE MARILYN HALL PATEL<br><br>Accompanying documents:<br><br>1. Declaration of Thomas H. Nienow with Exhibits.<br>2. [Proposed] Order. |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 18, 2008, at 2:00 p.m., in Courtroom 15 of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, defendant and counterclaimant United National Insurance Company will move the Court under Fed.R.Civ.P., Rule 15(a)(2), for leave to amend United National's counterclaim in conjunction with the cross-motions for summary judgment to be heard at the same time pursuant to the Court's March 3, 2008, minute order. A copy of the proposed amended counterclaim is attached as Exhibit 7 to the accompanying declaration of Thomas H. Nienow.[1] The motion will be made on the bases that the proposed amendment will add only new facts set forth in documents disclosed by plaintiff and counterdefendant Interstate Fire & Casualty Company after United National filed its original counterclaim, that Interstate will not be prejudiced by the amendment, and that the amendment will not delay resolution of this action.

# MEMORANDUM OF POINTS AND AUTHORITIES
## BACKGROUND

This contribution action involves consecutive professional-liability policies issued by Interstate and United National to Cirrus Medical Staffing under which coverage is provided only for claims first made and reported during each insurer's policy period. (Nienow Decl. Exh. 1, 16:19-24, 19:16-18.) Interstate's policy immediately preceded United National's policy. (*Id.*) Interstate defended Cirrus in an underlying medical-malpractice action styled *Tracy v. Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, State of New Mexico, Second Judicial District Court,

---

[1] Because the amended counterclaim is part of a single document that includes United National's answer to Interstate's complaint, the proposed amended document is entitled "Amended Answer and Counterclaim of United National Insurance Company." The amendments, however do not affect the answer, as they constitute only the inclusion of new paragraphs 8-11 in the amended counterclaim.

County of Bernalillo, No. CV 2005 07009, and Interstate and United National both contributed toward a settlement of Cirrus's alleged liability in the *Tracy* action. (*Id.*, 9:5-14, 24:23-27.) Interstate and United National dispute, among other things, whether the *Tracy* action was a claim first made and reported under the earlier Interstate policy or the later United National policy. (*Id.*, 9:26-10:6)

After United National filed its answer and counterclaim in this action, Interstate produced copies of previously undisclosed letters and e-mails showing that, during Interstate's policy period, it was advised of the pendency of the *Tracy* action, that Cirrus's nurse was allegedly liable for the decedent's death in the *Tracy* action, and the intent of plaintiff's counsel in the *Tracy* action to bring Cirrus into the lawsuit. (Nienow Decl., Exh. 2.) The disclosed documents also showed that, during its policy period, Interstate received a copy of the original complaint in the *Tracy* action. (Nienow Decl., Exh. 3.)

United National advised Interstate of its intent to rely on these documents and the facts set forth in them, and United National supplemented its Rule 26(a) disclosure accordingly. (Nienow Decl., Exh. 4.) United National also amended its counterclaim to add four paragraphs, numbers 8-11, setting forth allegations regarding the facts disclosed by the newly produced documents. (Nienow Decl., Exh. 5.) United National forwarded the proposed amended counterclaim to counsel for Interstate on two occasions, along with a stipulation to allow for it to be filed. (Nienow Decl., Exhs. 5-7.) Interstate declined to stipulate to the filing of the amended counterclaim. (Nienow Decl., Exh. 6, ¶9.)

## DISCUSSION

Federal Rules of Civil Procedure, Rule 15(a)(2), states that, if more than 20 days have passed since a party filed a pleading, the pleading may be amended "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) directs that "[t]he court should freely give leave when justice so requires." *Id.* The purpose of Rule 15 is to "facilitate decision on the merits rather than on the pleadings or technicalities." *ABM Indus., Inc., etc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 227 (N.D. Cal. 2006). In

exercising discretion to allow parties leave to amend their pleadings, "the Ninth Circuit requires that district courts grant leave to amend with 'extreme liberality.'" *ABM*, 237 F.R.D. at 227, quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiff in bad faith with a dilatory motive." *County of Mendocino v. Williams Communications*, 2006 U.S.Dist.LEXIS 34198 (N.D. Cal. 2006), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The proposed amendment here consists of four paragraphs adding allegations concerning facts from documents recently disclosed by Interstate. The amendment would not be futile because it concerns when the claim constituting the underlying *Tracy* action was first made and reported to Interstate, a key issue in this action. The amendment will not prejudice Interstate because United National advised Interstate long ago of its intent to rely upon the new facts and documents, and gave Interstate an opportunity to stipulate to filing the amended counterclaim. Interstate refused. Finally, this motion is not made for a dilatory purpose, but has been made shortly after Interstate's final refusal to stipulate to the filing of the amended counterclaim, and will not result in any delay because no trial or discovery cut-off dates have been set. Indeed, it is expected that the action will be fully resolved by the parties' cross-motions for summary judgment to be heard concurrently with this motion.

It is unclear whether amendment of United National's current counterclaim is strictly necessary for it to rely upon the new facts and documents disclosed by Interstate. Under the federal notice-pleading standard, "[t]he pleadings need only identify the basis of the court's jurisdiction, demand for judgment for the relief sought, and contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (citation omitted). United National's current allegations regarding the filing of the *Tracy* action during the Interstate policy period, that the *Tracy* plaintiff contended that Cirrus's nurse was liable for the decedent's death, and

the quotation of Interstate's policy language appear to provide sufficient notice of United National's assertion that the *Tracy* action was a claim first made and reported during Interstate's policy period, which would include the new facts and documents. The proposed amendment is requested only out of an abundance of caution in the event the Court concludes that, for the purpose of entering judgment, the notice provided by the current counterclaim would not include a claim for relief based upon the new facts and documents recently disclosed by Interstate.

## CONCLUSION

Based on the forgoing, United National respectfully requests that the Court grant United National leave to amend its counterclaim if the Court finds that United National's current counterclaim does not provide sufficient notice to allow judgment to be entered in this action based on the new facts and documents recently disclosed by Interstate.

Respectfully submitted,

NIELSEN, HALEY & ABBOTT LLP

Dated:  June 20, 2008      By: _____
Thomas H. Nienow
Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

*Interstate Fire & Casualty Company v. United National Ins. Co.*
United State District Court, Northern District Court No.: C 07-04943 MHP

# PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco. I am over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, Suite 750, San Francisco, California 94104. On the date set forth below I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION BY UNITED NATIONAL FOR LEAVE TO AMEND COUNTERCLAIM; MEMORANDUM**

[ ]    (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

[ ]    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

[X]    (BY ELECTRONIC SERVICE) by submitting an electronic version of the document(s) to be served on all parties listed on the service list on file with the court as of this date.

**Attorney for Plaintiff, Fireman's Fund Ins. Co.**
Christopher J. Borders
Casey A. Hatton
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 362-6000
Fax: (415) 834-9070

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 20, 2008, at San Francisco, California.

*/s/ Fatima Puente*
Fatima Puente