JAMES C. NIELSEN (111889)
 jnielsen@nielsenhaley.com
THOMAS H. NIENOW (136454)
 tnienow@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY, | Action No.: C 07-04943 MHP |
| Plaintiff, | DECLARATION OF THOMAS H. NIENOW IN SUPPORT OF UNITED NATIONAL'S MOTION FOR LEAVE TO AMEND COUNTERCLAIM. |
| v. | |
| UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 10. | |
| Defendants | |
| UNITED NATIONAL INSURANCE COMPANY, | Date: August 18, 2008 Time: 2:00 p.m. Courtroom 15 HONORABLE MARILYN HALL PATEL |
| Cross-complainant, | |
| v. | |
| INTERSTATE FIRE & CASUALTY COMPANY and Roes 1 through 10, | |
| Cross-defendants. | |

1

DECLARATION OF THOMAS H. NIENOW IN SUPPORT OF UNITED NATIONAL'S MOTION FOR LEAVE TO AMEND COUNTERCLAIM.

1       I, Thomas H. Nienow, declare as follows:

2       1.     I am an attorney admitted to practice before this Court and I am of counsel

3 to Nielsen, Haley & Abbott LLP, counsel of record for defendant and counterclaimant

4 United National Insurance Company in this action.  The following facts are based upon

5 my personal knowledge and I would competently testify to them if called as a witness.

6       2.     A true and correct copy of United National's answer and counterclaim filed

7 in this action on October 1, 2007, is attached hereto as Exhibit 1.

8       3.     True and correct copies of documents bearing Bates numbers IFC000450,

9 IFC00452-457, and IFC 00459, disclosed by plaintiff and counterdefendant Interstate Fire

10 & Casualty Company to United National after it filed its answer and counterclaim, are

11 attached hereto as Exhibit 2.

12      4.     True and correct copies of documents bearing Bates numbers IFC00451 and

13 IFC00458, disclosed by Interstate to United National after United National filed its

14 answer and counterclaim, are attached hereto as Exhibit 3.

15      5.     A true and correct copy of my letter to Interstate's counsel dated May 4,

16 2008, conveying United Nationals' supplemental Rule 26(a) disclosure is attached hereto

17 as Exhibit 4.

18      6.     A true and correct copy of my letter to Interstate's counsel dated June 2,

19 2008, conveying Interstate's initial proposed amended answer and counterclaim, and a

20 stipulation for its filing, is attached hereto as Exhibit 5.

21      7.     A true and correct copy of an e-mail from counsel for Interstate to me dated

22 June 4, 2008, and my responsive e-mail dated June 5, 2008, is attached hereto as Exhibit

23 6.

24      8.     A true and correct copy of the version of United National's amended answer

25 and counterclaim that I sent to Interstate's counsel on June 4, 2008, and which United

26 National now seeks leave to file, is attached hereto as Exhibit 7.

27      9.     On June 11, 2008, I spoke by telephone with Interstate's counsel,

28 Christopher Borders, in follow up to my June 5, 2008, e-mail.  I asked Borders whether he

2

DECLARATION OF THOMAS H. NIENOW IN SUPPORT OF UNITED NATIONAL'S MOTION FOR LEAVE TO AMEND COUNTERCLAIM.

1    would stipulate to the filing of United National's amended answer and counterclaim, but

2    he said that he would not.

3        I declare under penalty of perjury under the laws of the United States that the

4    foregoing is true and correct.  Executed June 20, 2008, at San Francisco, California.

5

6

7    _____

8                Thomas H. Nienow

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

1  JAMES C. NIELSEN (111889)
2    jnielsen@nielsenhaley.com
   THOMAS H. NIENOW (136454)
3    tnienow@nielsenhaley.com
4  NIELSEN, HALEY & ABBOTT LLP
   44 Montgomery Street, Suite 750
5  San Francisco, California 94104
   Telephone: (415) 693-0900
6  Facsimile: (415) 693-9674

7
8  Attorneys for Defendant and Counterclaimant
   UNITED NATIONAL INSURANCE COMPANY

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11          SAN FRANCISCO/OAKLAND DIVISION

12

13  FIREMAN'S FUND INSURANCE         Action No.: C 07-04943 JL
    COMPANY,
14                                   ANSWER AND COUNTERCLAIM OF
15          Plaintiff,               UNITED NATIONAL INSURANCE
                                     COMPANY.
16      v.
                                     DEMAND FOR JURY TRIAL.
17  UNITED NATIONAL INSURANCE
18  COMPANY and DOES 1 through 10.

19          Defendants.

20  UNITED NATIONAL INSURANCE
    COMPANY, a Pennsylvania corporation,
21
22          Cross-complainant,

23      v.

24  FIREMAN'S FUND INSURANCE
25  COMPANY, a California corporation,
    INTERSTATE FIRE & CASUALTY
26  COMPANY, an Illinois corporation, and
    Roes 1 through 10, inclusive,
27
28          Cross-defendants.

1

## ANSWER TO COMPLAINT

Defendant United National Insurance Company, in answer to the complaint filed by plaintiff Fireman's Fund Insurance Company, admits, denies, and alleges as follows:

1.    Responding to the allegations in paragraph 1 of the complaint, United National admits and alleges that plaintiff makes the contentions set forth in paragraph 1of the complaint. Except as so admitted, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 1 of the complaint.

2.    Responding to the allegations in paragraph 2 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 2 of the complaint.

3.    Responding to the allegations in paragraph 3 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 3 of the complaint.

4.    Responding to the allegations contained in paragraph 4 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 2 of the complaint.

5.    Responding to the allegations in paragraph 5 of the complaint, United National admits and alleges that it is a Pennsylvania corporation and that it is authorized to and sells insurance policies on a surplus-lines basis in the State of California.  Except as so admitted, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 5 of the complaint.

6.    Responding to the allegations in paragraph 6 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 6 of the complaint.

7.    Responding to the allegations contained in paragraph 7 of the complaint, United National admits and alleges that it issued to named insured Cirrus Medical Staffing LLC, a policy of claims-made-and-reported professional liability insurance effective from January 27, 2006, to

2

1   January 26, 2007, with policy number AH-0000267 (the "United National policy") and that the

2   United National policy sets forth to various terms, conditions, exclusions, and dollar limits of

3   liability, all of which speak for themselves.  Except as so admitted and alleged, United National

4   lacks sufficient knowledge, information or belief to respond to and on that basis denies each,

5   every, and all of the allegations contained in paragraph 7 of the complaint.

6       8.      Responding to the allegations in paragraph 8 of the complaint, United National is

7   informed and believes, and on that basis admits and alleges, that a lawsuit styled *Tracy v.*

8   *Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in

9   the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number

10  CV 2005 07009, the documents and files of which speak for themselves.  Except as so admitted

11  and alleged, United National lacks sufficient knowledge, information or belief to respond to and

12  on that basis denies each, every, and all of the allegations contained in paragraph 8 of the

13  complaint.

14      9.      Responding to the allegations in paragraph 9 of the complaint, United National is

15  informed and believes, and on that basis admits and alleges, that a lawsuit styled *Tracy v.*

16  *Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in

17  the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number

18  CV 2005 07009, the documents and files of which speak for themselves.  Except as so admitted

19  and alleged, United National lacks sufficient knowledge, information or belief to respond to and

20  on that basis denies each, every, and all of the allegations contained in paragraph 9 of the

21  complaint.

22      10.     Responding to the allegations in paragraph 10 of the complaint, United National is

23  informed and believes and on that basis admits and alleges that a lawsuit styled *Tracy v. Lovelace*

24  *Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in the State of

25  New Mexico, Second Judicial District Court, County of Bernalillo, action number CV 2005

26  07009, the documents of which speak for themselves.  Except as so admitted and alleged, United

27  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

28  each, every, and all of the allegations contained in paragraph 10 of the complaint.

1         11.    Responding to the allegations in paragraph 11 of the complaint, United National is

2    informed and believes, and on that basis admits and alleges, that Interstate Fire & Casualty

3    Company defended Cirrus Medical Services LLC in the *Tracy* action.  Except as so admitted and

4    alleged, United National lacks sufficient knowledge, information or belief to respond to and on

5    that basis denies each, every, and all of the allegations contained in paragraph 11 of the

6    complaint.

7         12.    Responding to the allegations in paragraph 12 of the complaint, United National

8    admits and alleges that it received notice of the *Tracy* action and that United National issued a

9    letter dated October 6, 2006, which speaks for itself, advising that United National would not

10    defend Cirrus in the *Tracy* action, and reserving United National's rights to disclaim coverage for

11    the *Tracy* action under the United National policy.  Except as so admitted and alleged, United

12    National lacks sufficient knowledge, information or belief to respond to and on that basis denies

13    each, every, and all of the allegations contained in paragraph 12 of the complaint.

14         13.    Responding to the allegations in paragraph 13 of the complaint, United National

15    lacks sufficient knowledge, information or belief to respond to and on that basis denies each,

16    every, and all of the allegations contained in paragraph 13 of the complaint.

17         14.    Responding to the allegations in paragraph 14 of the complaint, United National

18    admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself, advising

19    that United National had determined that there was no coverage under the United National policy

20    for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a

21    claim first made and reported during Interstate Fire & Casualty Company's immediately

22    preceding policy period, and stating that United National continued to reserve all of its rights

23    under the policy.  Except as so admitted and alleged, United National lacks sufficient knowledge,

24    information or belief to respond to and on that basis denies each, every, and all of the allegations

25    contained in paragraph 14 of the complaint.

26         15.    Responding to the allegations contained in paragraph 15 of the complaint, United

27    National lacks sufficient knowledge, information or belief to respond and on that basis denies

28    each, every, and all of the allegations contained in paragraph 15 of the complaint.

1    16.    Responding to the allegations in paragraph 16 of the complaint, United National

2    admits and alleges that the United National policy includes, without the added italics, the policy

3    language quoted in paragraph 16.  Except as so admitted and alleged, United National lacks

4    sufficient knowledge, information or belief to respond to and on that basis denies each, every, and

5    all of the allegations contained in paragraph 16 of the complaint.

6    17.    Responding to the allegations in paragraph 17 of the complaint, United National

7    denies each, every, and all of the allegations contained in paragraph 17 of the complaint.

8    18.    Responding to the allegations in paragraph 18 of the complaint, United National

9    admits and alleges that the United National policy speaks for itself.  Except as so admitted and

10   alleged, United National lacks sufficient knowledge, information or belief to respond to and on

11   that basis denies each, every, and all of the allegations contained in paragraph 18 of the

12   complaint.

13   19.    Responding to the allegations in paragraph 19 of the complaint, United National

14   lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

15   and all of the allegations contained in paragraph 19 of the complaint.

16   20.    Responding to the allegations in paragraph 20 of the complaint, United National

17   admits and alleges that the United National policy, which speaks for itself, includes the policy

18   language quoted in paragraph 20, although the quoted language is set forth in a larger paragraph

19   that has been omitted from paragraph 20.  Except as so admitted and alleged, United National

20   lacks sufficient knowledge, information or belief to respond to and on that basis denies each,

21   every, and all of the allegations contained in paragraph 20 of the complaint.

22   21.    Responding to the allegations in paragraph 21 of the complaint, United National

23   admits and alleges that the United National policy, which speaks for itself, includes the policy

24   language quoted in paragraph 21, although the quoted language is set forth in a larger paragraph

25   that has been omitted from paragraph 21.  Except as so admitted and alleged, United National

26   lacks sufficient knowledge, information or belief to respond to and on that basis denies each,

27   every, and all of the allegations contained in paragraph 21 of the complaint.

28   22.    Responding to the allegations in paragraph 22 of the complaint, United National

1   admits and alleges that the United National policy speaks for itself. Except as so admitted and

2   alleged, Untied National denies each, every, and all of the allegations contained in paragraph 22

3   of the complaint.

4          23.    Responding to the allegations in paragraph 23 of the complaint, United National

5   denies each, every, and all of the allegations contained in paragraph 23 of the complaint.

6          24.    Responding to the allegations in paragraph 24 of the complaint, United National

7   denies each, every, and all of the allegations contained in paragraph 24 of the complaint.

8          25.    Responding to the allegations in paragraph 25 of the complaint, United National

9   lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

10  and all of the allegations contained in paragraph 25 of the complaint.

11         26.    Responding to the allegations in paragraph 26 of the complaint, United National

12  admits and alleges that it contributed $100,000 on behalf of Cirrus to settle the *Tracy* action.

13  Except as so admitted and alleged, United National lacks sufficient knowledge, information or

14  belief to respond and on that basis denies each, every, and all of the allegations contained in

15  paragraph 26 of the complaint.

16         27.    Responding to the allegations in paragraph 27 of the complaint, United National

17  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

18  and all of the allegations contained in paragraph 27 of the complaint.

19         28.    Responding to the allegations in paragraph 28 of the complaint, United National

20  incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

21         29.    Responding to the allegations in paragraph 29 of the complaint, United National

22  admits and alleges that Fireman's Fund contends that United National had a duty to defend

23  Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse

24  Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United

25  National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United

26  National contends that it has no obligation to reimburse Fireman's Fund of Interstate for any of

27  the costs to defend Cirrus in the *Tracy* action. Except as so admitted and alleged, United

28  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

1  each, every, and all of the allegations contained in paragraph 29 of the complaint.

2  　　　　30.　　Responding to the allegations in paragraph 30 of the complaint, United National

3  admits and alleges that Fireman's Fund contends that United National had a duty to defend

4  Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse

5  Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United

6  National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United

7  National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of

8  the costs to defend Cirrus in the *Tracy* action.  Except as so admitted and alleged, United

9  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

10  each, every, and all of the allegations contained in paragraph 30 of the complaint.

11  　　　　31.　　Responding to the allegations in paragraph 31 of the complaint, United National

12  admits and alleges that Fireman's Fund contends that United National had a duty to defend

13  Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse

14  Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United

15  National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United

16  National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of

17  the costs to defend Cirrus in the *Tracy* action.  Except as so admitted and alleged, United

18  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

19  each, every, and all of the allegations contained in paragraph 31 of the complaint.

20  　　　　32.　　Responding to the allegations in paragraph 32 of the complaint, United National

21  admits and alleges that Fireman's Fund contends that United National had a duty to defend

22  Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse

23  Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United

24  National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United

25  National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of

26  the costs to defend Cirrus in the *Tracy* action.  Except as so admitted and alleged, United

27  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

28  each, every, and all of the allegations contained in paragraph 32 of the complaint.

33.    Responding to the allegations in paragraph 33 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

34.    Responding to the allegations in paragraph 34 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for all or part of any payment by Fireman's Fund or Interstate to indemnify cirrus in connection with the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 34 of the complaint.

35.    Responding to the allegations in paragraph 35 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for all or part of any payment by Fireman's' Fund or Interstate to indemnify cirrus in connection with the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 35 of the complaint.

36.    Responding to the allegations in paragraph 36 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse

1   Fireman's Fund or Interstate for all or part of any payment by Fireman's' Fund or Interstate to

2   indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United

3   National lacks sufficient knowledge, information or belief to respond to and on that basis denies

4   each, every, and all of the allegations contained in paragraph 36 of the complaint.

5           37.    Responding to the allegations in paragraph 37 of the complaint, United National

6   admits and alleges that Fireman's Fund contends that United National had a duty to indemnify

7   Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National

8   must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense

9   of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in

10  the *Tracy* action, and that United National contends that it has no obligation to reimburse

11  Fireman's Fund or Interstate for all or part of any payment by Fireman's Fund or Interstate to

12  indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United

13  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

14  each, every, and all of the allegations contained in paragraph 37 of the complaint.

15          38.    Responding to the allegations in paragraph 38 of the complaint, United National

16  incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

17          39.    Responding to the allegations in paragraph 39 of the complaint, United National

18  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

19  and all of the allegations contained in paragraph 39 of the complaint.

20          40.    Responding to the allegations in paragraph 40 of the complaint, United National

21  admits and alleges that it issued to Cirrus as named insured a policy of claims-made-and-reported

22  professional liability insurance referenced in paragraph 7 of this answer.  Except as so admitted

23  and alleged, United National lacks sufficient knowledge, information or belief to respond to and

24  on that basis denies each, every, and all of the allegations contained in paragraph 40 of the

25  complaint.

26          41.    Responding to the allegations in paragraph 41 of the complaint, United National

27  admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself,

28  advising that United National had determined that there was no coverage under the Untied

9

National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 41 of the complaint.

42.     Responding to the allegations in paragraph 42 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 42 of the complaint.

43.     Responding to the allegations in paragraph 43 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 43 of the complaint.

44.     Responding to the allegations in paragraph 44 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

45.     Responding to the allegations in paragraph 45 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 45 of the complaint.

46.     Responding to the allegations contained in paragraph 46 of the complaint, United National admits and alleges that it issued to Cirrus as named insured a policy of claims-made-and-reported professional liability insurance referenced in paragraph 7 of this answer. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 46 of the complaint.

47.     Responding to the allegations in paragraph 47 of the complaint, United National admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself, advising that United National had determined that there was no coverage under the Untied National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy. Except as so admitted and alleged, United National lacks

1   sufficient knowledge, information or belief to respond to and on that basis denies each, every,

2   and all of the allegations contained in paragraph 47 of the complaint.

3        48.    Responding to the allegations in paragraph 48 of the complaint, United National

4   denies each, every, and all of the allegations contained in paragraph 48 of the complaint.

5        49.    Responding to the allegations in paragraph 49 of the complaint, United National

6   denies each, every, and all of the allegations contained in paragraph 49 of the complaint.

7        50.    Responding to the allegations in paragraph 50 of the complaint, United National

8   admits and alleges that plaintiff makes the contentions set forth in paragraph 50 of the complaint.

9   Except as so admitted, United National lacks sufficient knowledge, information or belief to

10  respond and on that basis denies each, every, and all of the allegations contained in paragraph 50

11  of the complaint.

12       51.    Responding to the allegations in paragraph 51 of the complaint, United National

13  incorporates by reference paragraphs 1 through 28 of this answer as though fully set forth here.

14       52.    Responding to the allegations in paragraph 52 of the complaint, United National

15  admits and alleges that plaintiff makes the contentions set forth in paragraph 52 of the complaint.

16  Except as so admitted, United National lacks sufficient knowledge, information or belief to

17  respond and on that basis denies each, every, and all of the allegations contained in paragraph 52

18  of the complaint.

19       53.    Responding to the allegations in paragraph 53 of the complaint, United National

20  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

21  and all of the allegations contained in paragraph 53 of the complaint.

22       54.    Responding to the allegations in paragraph 54 of the complaint, United National

23  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

24  and all of the allegations contained in paragraph 54 of the complaint.

25       55.    Responding to the allegations in paragraph 55 of the complaint, United National

26  admits and alleges that it issued a letter dated October 6, 2006, which speaks for itself, advising

27  that United National would not defend Cirrus in the *Tracy* action, and reserving United

28  National's rights to disclaim coverage for the *Tracy* action.  United National further admits and

1    alleges that it issued a letter dated February 13, 2007, which speaks for itself, advising that Untied

2    National had determined that there was no coverage under the United National policy for the

3    *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first

4    made and reported during Interstate Fire & Casualty Company's immediately preceding policy

5    period, and stating that United National continued to reserve all of its rights under the policy.

6    Except as so admitted, United National lacks sufficient knowledge, information or belief to

7    respond and on that basis denies each, every, and all of the allegations contained in paragraph 55

8    of the complaint.

9        56.    Responding to the allegations in paragraph 56 of the complaint, United National

10    lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

11    and all of the allegations contained in paragraph 56 of the complaint.

12

13        United National further alleges the following affirmative defenses:

14        1.    As and for a first, separate defense, United National alleges that the complaint and

15    each claim therein do not state facts sufficient to constitute a cause of action against United

16    National.

17        2.    As and for a second, separate defense, United National alleges that the plaintiff

18    lacks standing to bring this action.

19        3.    As and for a third, separate defense, United National alleges that the complaint and

20    each cause of action in it are barred by the terms, provisions, conditions, limitations, and

21    exclusions of the alleged United National policy.  United National reserves the right to amend its

22    answer to the Complaint to assert any additional defenses arising from the terms of the alleged

23    United National insurance policy, and/or applicable insurance policy terms, provisions,

24    conditions, limitations, and exclusions as may become apparent during the continuing course of

25    discovery in this action.

26        4.    As and for a fourth, separate defense, United National alleges that the complaint

27    and each cause of action in it are barred by the terms, provisions, conditions, limitations, and

28    exclusions of a policy of liability insurance issued by Interstate Fire & Casualty Company, policy

number ASC-1000204, to named insured Cirrus Medical Staffing, LLC, for the policy period January 27, 2005, to January 27, 2006. United National reserves the right to amend its answer to the Complaint to assert any additional defenses arising from the terms of the alleged Interstate insurance policy, and/or applicable insurance policy terms, provisions, conditions, limitations, and exclusions as may become apparent during the continuing course of discovery in this action.

Wherefore United National prays for judgment as follows:

1.    That the Court deny plaintiff's prayers for judicial declarations set forth in the complaint;

2.    That plaintiff take nothing by its complaint;

3.    That United National be awarded its costs of suit incurred herein;

4.    That United National be awarded its attorneys fees;

3.    For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM AGAINST FIREMANS' FUND INSURANCE COMPANY, INTERSTATE FIRE & CASUALTY COMPANY, AND ROES 1 THROUGH 10

Counterclaimant United National Insurance Company, for its counterclaim against counterdefendants Fireman's Fund Insurance Company, Interstate Fire & Casualty Company, and Roes 1 through 10, inclusive, alleges as follows:

### GENERAL ALLEGATIONS

1.    At all times herein mentioned, United National was and is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania.

2.    United National is informed and believes and thereon alleges that counterdefendant Fireman's Fund Insurance Company is a California corporation with its principal place of business in Novato, California.

1       3.     United National is informed and believes and thereon alleges that

2  counterdefendant Interstate Fire & Casualty Company is an Illinois corporation, doing business in

3  California, with its principal place of business in Chicago, Illinois.

4       4.     United National is unable to ascertain the true names and identities of those

5  counterdefendants designated as Roes 1 through 10, inclusive. United National will ask leave of

6  Court to amend this complaint and all subsequent pleadings to insert the true names and

7  capacities of these fictitiously named counterdefendants when ascertained. The allegations and

8  controversies alleged below with respect to the named counterdefendants Fireman's Fund and

9  Interstate apply equally to Roes 1 through 10.

10      5.     Jurisdiction over United National's counterclaim is conferred by 28 U.S.C. §

11  1367(a).

12      6.     Venue is proper in this Court under 28 U.S.C. § 1391(a)(1), because

13  counterdefendant Fireman's Fund is a resident of this district.

14      7.     United National is informed and believes, and on that basis alleges, that Cirrus

15  Medical Staffing LLC was sued in underlying litigation styled *Tracy v. Lovelace Sandia Health*

16  *Services dba Albuquerque Regional Medical Center et al.*, which was filed in the State of New

17  Mexico, Second Judicial District Court, County of Bernalillo, action number CV 2005 07009.

18  United National is informed and believes, and on that basis alleges, that the *Tracy* action was a

19  medical-malpractice action that was filed on or about September 14, 2005.

20      8.     United National is informed and believes, and on that basis alleges, that the first-

21  amended complaint in the *Tracy* action alleges, at paragraph 3, that Cirrus employee Cathy

22  Robinson was a "healthcare provider[] who treated Marilyn Tracy," the decedent whose death

23  was the subject of the *Tracy* action. United National is informed and believes, and on that basis

24  alleges, that the first amended complaint further alleges, at paragraph 28, that Cirrus "acting

25  through its employee, agent and/or apparent agent or contractor, Cathy Robinson, RN, negligently

26  failed to inform the physician on call of Marilyn Tracy's status," as a result of which, according

27  to paragraph 23, Marilyn Tracy was pronounced dead on October 7, 2004.

28      9.     United National is informed and believes, and on that basis alleges, that N.M. Stat.

1    Ann. § 41-5-15 provides as follows:

2

3        A.    No malpractice action may be filed in any court against a qualifying health

4              care provider before application is made to the medical review commission

5              and its decision is rendered.

6

7        B     This application shall contain the following:

8

9              (1)    a brief statement of the facts of the case, naming the persons

10                    involved, the dates and the circumstances, so far as they are known,

11                    of the alleged act or acts of malpractice; and

12

13             (2)    a statement authorizing the panel to obtain access to all medical and

14                    hospital records and information pertaining to the matter giving rise

15                    to the application, and, for the purposes of is consideration of the

16                    matter only, waiving any claim of privilege as to the contents of

17                    those records.  Nothing in that statement shall in any way be

18                    construed as waiving that privilege for any other purpose or in any

19                    other context, in or out of court.

20

21       10.    United National is informed and believes, and on that basis alleges, that N.M. Stat.

22    Ann. § 41-5-16 provides as follows:

23

24       A.    Upon receipt of an application for review, the commission's director or his

25              delegate shall cause to be served a true copy of the application on the

26              health care providers involved.  Service shall be effected pursuant to New

27              Mexico law.  If the health care provider involved chooses to retain legal

28              counsel, his attorney shall informally enter his appearance with the

15

1  director.

2

3    B    The health care provider shall answer the application for review and in

4         addition shall submit a statement authorizing the panel to obtain access to

5         all medical and hospital records and information pertaining to the matter

6         giving rise to the application, and, for the purposes of its consideration of

7         the matter only, waiving any claim of privilege as to the contents of those

8         records.  Nothing in that statement shall in any way be construed as

9         waiving that privilege for any other purpose or in any other context, in or

10        out of court.

11

12   C.    In instances where applications are received employing the theory of

13        respondeat superior or some other derivative theory of recovery, the

14        director shall forward such applications to the state professional societies,

15        associations or licensing boards of both the individual health care provider

16        whose alleged malpractice caused the application to be filed, and the health

17        care provider named a respondent as employer, master or principal.

18

19        11.    United National is informed and believes, and on that basis alleges, that Interstate

20   and Roes 1 through 10 issued to Cirrus as named insured a policy of liability insurance, number

21   ASC-10000204, effective for the policy period January 27, 2005, to January 27, 2006.  United

22   National is informed and believes, and on that basis alleges, that the Interstate policy generally

23   provides liability coverage to Cirrus on a claims-made-and-reported basis subject to limits of

24   $1,000,000 for each incident and $3,000,000 in the aggregate.

25        12.    United National is informed and believes, and on that basis alleges, that the

26   Interstate policy sets forth the following language in Form 01-PL-4002 (03/04):

27   I.    COVERAGE.

28        The Company will pay on behalf of the Insured all sums which the

16

**Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the Insured and reported to the Company during the **Policy Period**, as a result of **Bodily Injury, Property Damages** or **Personal Injury** caused by an **incident**, provided always that such **incident** happens:

A.     on or after the policy effective date shown on the Declarations; or

B.     at any time prior to the policy effective date shown on the Declarations if;

      1.     such **incident** happens on or subsequent to the "prior acts date" on the Declarations, and

      2.     no **insured** knew or could have reasonably foreseen that such **incident** might be expected to be the basis of a **Claim** or **Suit** on the effective date of this policy.

The Company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as **Damages** to which this insurance applies and the Company shall have the right and duty to defend any **Suit** against the **Insured** seeking **Damages** on account of such **Bodily Injury, Property Damage** or **Personal Injury**, even if any of the allegations of the **Suit** are groundless, false or fraudulent, but the Company shall not be obligated to pay any **Claims** or **Claims Expenses** or judgments or continue to defend any **Suit** after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

* * *

VI.     WHEN **CLAIM** IS CONSIDERED AS FIRST MADE

A **Claim** shall be considered as being first made when the Company first receives written notice from the **Insured** advising that a **Claim** has been made and providing the details of the **Claim**.

---

17

1    All **Claims** arising out of the same or related **incident** shall be considered

2    as having been made at the item the first such **Claim** is made, and shall be

3    subject to the same limit of liability and only a single deductible, if any,

4    shall apply.

5    * * *

6    IX.    DEFINITIONS

7    When used in this policy (including endorsement forming a part hereof):

8

9    **"Bodily Injury"** means bodily injury, sickness or disease, mental anguish,

10    psychological injury or emotional distress sustained by any person,

11    including death at any time resulting therefrom;

12

13    **"Claim"** means a demand for money or the filing of **Suit** naming the

14    **Insured** and, in either case, alleging a **Bodily Injury, Property Damage**

15    or **Personal Injury** as a result of an **Incident**.

16    * * *

17    **"Damages"** means compensatory judgments, settlement or awards but

18    does not include punitive or exemplary **Damages**, fines or penalties, the

19    return of fees or other consideration paid to the **insured**, or the portion of

20    any award or judgment caused by the multiplication of actual **Damages**

21    under federal or state law.  However, if a **Suit** is brought against the

22    **Insured** with respect to a **Claim** for alleged acts or omissions falling

23    within the scope of coverage afforded by this insurance seeking both

24    compensatory and punitive or exemplary **Damages**, then the Company will

25    afford a defense to such action, without liability however, for payment of

26    such punitive or exemplary damages;

27    * * *

28    **"Incident"** means any act or omission in the rendering of or failure to

18

render services by the **Insured**, or by any person for whom the **Insured** is legally responsible, in the conduct of the business or professional occupation specified in the Declarations.

Any such act or omission together with all related acts or omissions shall be considered one **"Incident"** and be subject to the same limit of liability;

      \* \* \*

**"Suit"** means a civil proceeding in which **Damages** because of **Bodily Injury**, **Property Damage** or **Personal Injury** to which this insurance applies are alleged. **"Suit"** includes:

A.    an arbitration proceeding in which such **Damages** are claimed and to which the **insured** must submit or does submit with the Company's consent; or

B.    any other alternative dispute resolution proceeding in which such **Damages** are claimed and to which the **Insured** submits with the Company's consent.

13.    United National issued to Cirrus as named insured a claims-made-and-reported professional liability insurance policy effective from January 27, 2006, to January 26, 2007, with policy number AH-0000267 (the "United National policy")

14.    The United National policy states as follows:

[From Form CPA-119(2.2005):]

**SECTION I—PROFESSIONAL LIABILITY COVERAGE**

**1.    Insuring Agreement**

We will pay those sums that the insured becomes legally obligated to pay as "compensatory damages" as a result of a "wrongful act." This insurance applies to injury only if a "claim" for damages to which no other insurance applies, because of the injury is first made against the insured and reported to us during the "policy period." This insurance does not apply to injury caused by a "wrongful act" that takes place outside of the "covered

territory" or was committed before the Retroactive Date shown in the

Declarations or after the "policy period."

a.     A "claim" by a person or organization seeking damages will be

deemed to have been made when notice of such "claim" is received

and recorded by the insured or by us, which ever comes first;

\* \* \*

c.     We will have the right and duty to select counsel and to defend any

"suit" seeking damages.  However, we will have no duty to defend

the insured against any "suit" seeking damages for injury to which

this insurance does not apply

\* \* \*

**2.**     **Exclusions**

This insurance does not apply to:

\* \* \*

s.     Any "claim," "suit," or "wrongful act" that might result in a

"claim" or "suit," of which any insured had knowledge or could

have reasonably foreseen, at the signing date of the application for

this insurance.

\* \* \*

**SECTION V—PROFESSIONAL LIABILITY CONDITIONS**

\* \* \*

**4.**     **Other Insurance**

If other valid and collectible insurance with any other insurer is available to

the insured covering a "claim" also covered hereunder (except insurance

purchased to apply in excess of the limit of liability hereunder), this

insurance will be excess of, and not contribute with, such insurance.  If the

insured has other coverage with us covered a ":claim" also covered by this

policy or coverage Part, the insured must elect which policy or Coverage

1       Part will apply and we will be liable under the Coverage Part so elected

2       and will not be liable under any other policy or Coverage Part.

3                                    * * *

4       **5.      Representations**

5               By accepting this policy, you agree:

6               a.      The statements in the Declarations and application, made part of

7                       this policy, are accurate and complete;

8               b.      Those statements are based upon representations you made to us;

9               c.      We have issued this policy in reliance upon your representations;

10                      and

11              d.      This policy embodies all of the agreements existing between you

12                      and us or any of our agents relating to this insurance.

13                                   * * *

14      **SECTION VI—DEFINITIONS**

15                                   * * *

16      3.      "Bodily injury" means bodily injury, sickness or disease sustained by a

17              person, including death resulting from any of these at any time.

18      4.      "Claim" means a written demand upon the insured for "compensatory

19              damages," including, but not limited to, the service of "suit" or institution

20              of arbitration proceedings against the insured. "Claim" includes reports of

21              accidents, acts, errors, occurrences, offenses or omissions which may give

22              rise to a "claim" under this policy. "Claims" based on or arising out of the

23              same act or interrelated acts of one or more insured will be considered to

24              be based on a single "wrongful act."

25                                   * * *

26      11.     "Suit" means a civil proceeding in which damages for injury to which this

27              insurance applies are alleged. "Suit" includes an arbitration proceeding

28              alleging such damages to which you must submit or submit with our

1    consent.

2    12.    "Wrongful act' means any act, error or omission in the furnishing of

3    professional social services.  It includes the furnishing of food, beverages,

4    medications or appliances in connection with those services.  All

5    "wrongful acts" committed in the furnishing of professional social services

6    to any one person will be considered one "wrongful act."  All interrelated

7    "wrongful acts" of one or more insured will be considered one "wrongful

8    act."

9

10    [From Form EPA-909 (5/2006):]

11    This endorsement modifies insurance provided under the following:

12    PROFESSIONAL LIABILITY COVERAGE PART

13    Paragraph 12. of SECTION VI.—DEFINITIONS is deleted and replaced by the

14    following:

15    12.    "Wrongful act" means:

16    a.    any act or omission in the furnishing of healthcare services

17    to a patient or client including the furnishing of food,

18    beverages, medications, medical treatment or appliances in

19    connection with such services and the postmortem handling

20    of human bodies.

21    b.    All "wrongful acts" committed in the furnishing of services

22    to any one patient or client will be considered one

23    "wrongful act." All interrelated "wrongful acts" of one or

24    more insured will be considered one "wrongful act."

25

26    15.    United National is informed and believes, and on that basis alleges, that Interstate

27    and/or Fireman's Fund agreed to defend and indemnify Cirrus in connection with the *Tracy*

28    pursuant to the terms and provisions of the Interstate policy.

FIRST CLAIM FOR DECLARATORY JUDGMENT—DUTY TO DEFEND

16.     United National incorporates by reference the allegations of paragraphs 1-15 of this counterclaim.

17.     An actual controversy has arisen and now exists between United National, Fireman's Fund, Interstate, and Roes 1 through 10 concerning their respective rights and duties under the Interstate and United National policies regarding the underlying *Tracy* action.  United National contends that Fireman's Fund, Interstate, Roes 1 through 10, or any of them, were required to defend Cirrus in connection with the *Tracy* action, and that United National had no obligation to defend Cirrus in connection with the *Tracy* action.  On the other hand, United National is informed and believes, and on that basis alleges, that Fireman's Fund, Interstate, and Roes 1 through 10, contend that they had no obligation to defend Cirrus in the *Tracy* action and that United National alone was obligated to defend Cirrus in the *Tracy* action, or, alternately, that Fireman's Fund, Interstate, and United National were jointly obligated to defend Cirrus in connection with the *Tracy* action.  United National requests this Court to make and enter its binding judicial declarations in accordance with United National's contentions set forth in this paragraph.  The requested declarations are both necessary and proper at this time under the circumstances in that the interest of judicial economy and substantial justice will be served thereby.

SECOND CLAIM FOR DECLARATORY JUDGMENT—DUTY TO INDEMNIFY

18.     United National incorporates by reference the allegations of paragraphs 1-15 of this counterclaim

19.     An actual controversy has arisen and now exists between United National, Fireman's Fund, Interstate, and Roes 1 through 10 concerning their respective rights and duties under the Interstate and United National policies regarding the underlying *Tracy* action.  United National contends that Fireman's Fund, Interstate, Roes 1 through 10, or any of them, were required to indemnify Cirrus in connection with the *Tracy* action, and that United National had no obligation to indemnify Cirrus in connection with the *Tracy* action.  On the other hand, United National is

1    informed and believes, and on that basis alleges, that Fireman's Fund, Interstate, and Roes 1

2    through 10, contend that they had no obligation to indemnify Cirrus in the *Tracy* action and that

3    United National alone was obligated to indemnify Cirrus in the *Tracy* action, or, alternately, that

4    Fireman's Fund, Interstate, and United National were jointly obligated to indemnify Cirrus in

5    connection with the *Tracy* action. United National requests this Court to make and enter its

6    binding judicial declarations in accordance with United National's contentions set forth in this

7    paragraph. The requested declarations are both necessary and proper at this time under the

8    circumstances in that the interest of judicial economy and substantial justice will be served

9    thereby.

10        20.    If the Court enters a judicial declaration in accordance with United National's

11   contentions set forth in the preceding paragraph, United National is entitled to recover from

12   defendants Fireman's Fund, Interstate, and Roes 1 through 10, or any of them, $100,000, plus

13   prejudgment interest under Cal. Civ. Code §§ 3287(a) and 3289(b), to reimburse United National

14   for its contribution toward the settlement of the *Tracy* action.

15

16        WHEREFORE, United National prays for judgment as follows:

17   a.    That the Court make and enter a binding judicial declaration of the parties'

18         respective rights and duties in accordance with United National's contentions set

19         forth in paragraph 17 above,

20   b.    That the Court make and enter a binding judicial declaration of the parties'

21         respective rights and duties in accordance with United National's contentions set

22         forth in paragraph 19 above,

23   c.    That the Court order and enter a money judgment requiring counterdefendants

24         Fireman's Fund, Interstate, Roes 1 through 10, and any of the them, to reimburse

25         United National $100,000, plus prejudgment interest under Cal. Civ. Code

26         §§3287(a) and 3289(b), for the money it contributed to settlement of the *Tracy*

27         action.

28   d.    That United National be awarded its costs of suit incurred herein; and

e.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

NIELSEN, HALEY & ABBOTT LLP

Dated: October 1, 2007    By: _____

Thomas H. Nienow
Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

Defendant and counterclaimant United National Insurance Company demands trial by jury in this action.

Respectfully submitted,

NIELSEN, HALEY & ABBOTT LLP

Dated: October 1, 2007    By: _____

Thomas H. Nienow
Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY

*Fireman's Fund Insurance Co. v. United National Ins. Co.*
United State District Court, Northern District Court No.: C 07-04943 JL

## PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco.  I am over the age of eighteen years, and not a party to the within cause.  My business address is 44 Montgomery Street, Suite 750, San Francisco, California 94104.  On the date set forth below I served the following document(s) described as:

**ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY.**

[ ]    (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

[ ]    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

[ XX ]  **(BY ELECTRONIC SERVICE)** by submitting an electronic version of the document(s) to be served on all parties listed on the service list on file with the court as of this date.

**Attorney for Plaintiff, Fireman's Fund Ins. Co.**
Christopher J. Borders
Casey A. Hatton
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 362-6000
Fax: (415) 834-9070

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 1 2007, at San Francisco, California.

*Fatima Puente*
Fatima Puente

# Exhibit 2

JAN- 4-06 WED  3:03 PM  RODEY LAW FIRM          FAX NO. 15057687395          P. 1

RODEY, DICKASON, SLOAN, AKIN & ROBB, P. A.
ATTORNEYS AT LAW
201 THIRD STREET NW, SUITE 2200
ALBUQUERQUE, NEW MEXICO 87102

P.O. BOX 1888
ALBUQUERQUE, NEW MEXICO 87103
WWW.RODEY.COM

TELEPHONE (505) 765-5900
FACSIMILE (505) 768-7395

January 4, 2006

Via Facsimile (800-506-5309) and U.S. Mail
Cirrus Medical Staffing
4651 Charlotte Park Drive, Suite 400
Charlotte, NC  28217

Attention:  Legal Department

Re:   Tracy v. Lovelace Sandia Health System

Dear Legal Department Representative:

I represent Albuquerque Regional Medical Center and Lovelace Sandia Health System in a medical malpractice action brought by Ben Tracy as personal representative of the Estate of Marilyn Tracy. Your nurse, Cathy Robinson, was one of the nurses who cared for Mrs. Tracy prior to her death. I believe it is possible that opposing counsel, Pia Salazar, will be contacting you about how to accomplish service of process. She has expressed the intention to bring you into the case. Even if she decided not to do so, she will likely try to subpoena Ms. Robinson to give a deposition. I would appreciate the opportunity to visit prior to the deposition with whatever attorney you have represent her. I hope it is helpful to have prior notice of the possible suit or deposition. Please do not hesitate to call if you have any questions about the case.

Sincerely yours,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:  *Ellen Thorne Skrak*

Ellen Thorne Skrak

ETS:br

JAN- 5-06 THU 12:13 PM  RODEY LAW FIRM          FAX NO.  15057687395          P. 1

## RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

COUNSELORS AND ATTORNEYS AT LAW

ALBUQUERQUE PLAZA
201 THIRD STREET NW, SUITE 2200
ALBUQUERQUE, NEW MEXICO 87102

P.O. BOX 1888
ALBUQUERQUE, NEW MEXICO 87103

*ELLEN THORNE SKRAK*

TELEPHONE (505) 765-5900

FACSIMILE (505) 755-7395

DIRECT NUMBER:
768-7232

### FACSIMILE TRANSMITTAL SHEET

### TELECOPIER NUMBER: (505) 768-7395

DATE: January 5, 2006

TO:  Greg Allen          FAX No.  (704) 887-0164

FROM: Ellen Thorne Skrak

OPERATOR:  Barbara Rael

TOTAL NUMBER OF PAGES, INCLUDING THIS PAGE:

If you do not receive any of these pages, please call the operator at (505) 7667565

### IMPORTANT!

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING, OR UNAUTHORIZED USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE, AND RETURN THE FACSIMILE TO THE SENDER AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE.  THANK YOU.

Message:  Tracy v. Lovelace Sandia Health System

Attached please find the Complaint filed in this matter.

IFC00452

JAN- 5-06 THU 12:13 PM   RODEY LAW FIRM                FAX NO.  15057687395              P. 2

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

BEN TRACY, as Personal Representative of
the Estate of MARILYN TRACY, Deceased,

    Plaintiff,

vs.                      No.

LOVELACE SANDIA HEALTH SERVICES, d/b/a
ALBUQUERQUE REGIONAL MEDICAL CENTER,

    Defendant.

SUMMONS(ES) ISSUED

CV-2005 07009

## COMPLAINT FOR WRONGFUL DEATH

For his Complaint, Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy,

states as follows:

1.    Ben Tracy is the court-appointed Personal Representative of the Estate of Marilyn Tracy.

2.    At all material times to this Complaint, Lovelace Sandia Health Services, d/b/a

    Albuquerque Regional Medical Center, hereinafter "ARMC", upon information and

    belief, was and is a general/acute care hospital open to the public located, and having its

    principle place of business, in Albuquerque, Bernalillo County, New Mexico.

3.    At all material times to this Complaint, the nurses, respiratory therapists, and other

    healthcare providers who cared for Marilyn Tracy were employees, agents, and/or

    apparent agents of ARMC, acting within the course and scope of their employment.

4.    Upon information and belief, C. Robinson, RN, L. Fellion (or Tellion), RN, and M.M.

    Graff, RT, are employees of ARMC, who were acting within the scope and course of their

1

IFC00454

employment at all material times.

5.   For the care complained of herein, Marilyn Tracy was a patient of ARMC at all relevant

times.

6.   While a patient of ARMC, the nursing staff, respiratory therapists, and/or other healthcare

providers negligently failed to monitor Marilyn Tracy's fluid status, negligently failed to

respond to worsening vital signs and negligently failed to appropriately notify the

physician on call that Marilyn Tracy's status was not improving. In addition, the nurses

negligently failed to continue to monitor Marilyn Tracy, despite her worsening condition,

such that she was allowed to deteriorate, become unresponsive, apneic, go into asystole

and code.

7.   On October 2, 2004, Marilyn Tracy was admitted to ARMC.

8.   On October 5, 2004, Marilyn Tracy was taken to surgery for an exploratory laparotomy

and lysis of adhesions.  The surgery was successful and at 8:00 p.m. that evening, Marilyn

Tracy was discharged from the PACU and was back on the regular floor.

9.   On October 6, 2004, Marilyn Tracy was noted to have an elevated pulse rate, a low blood

pressure, and an increased oxygen requirement of 4-5 liters throughout the morning.

10.  At 1:30 p.m., James Williams, MD, came in to evaluate Marilyn Tracy and noted that she

had a low urine output and an increased creatinine level. Dr. Williams appropriately

ordered a fluid bolus of 500 cc's to adjust her fluid status.

11.  Later, at 4:00 p.m., Marilyn Tracy's pulse was 102, her blood pressure was 112/51, and

her oxygen saturations were 91% on 3 liters of oxygen.

2

IFC00455

12. At 5:15 p.m., Dr. Williams appropriately ordered a second fluid bolus of 500 cc's to be given over two hours to adjust Marilyn Tracy's fluid status.

13. Despite Dr. William's concerns about Marilyn Tracy's fluid status, the nurses negligently failed to record Marilyn Tracy's intake and output after 5:00 p.m. on October 6, 2004.

14. No vital signs were taken of Marilyn Tracy between 5:00 p.m. and 8:00 p.m. At 8:00 p.m., Marilyn Tracy's pulse was tachycardic at 130, her blood pressure was low at 90/54, and she required 3 liters of oxygen to maintain her saturations at 95 percent. The nurses negligently failed to inform Dr. Williams of the fact that Marilyn Tracy's vital signs were not improving. The nurses also negligently failed to record Marilyn Tracy's fluid status.

15. At 9:55 p.m., respiratory therapy notes that Marilyn Tracy's oxygen saturations are 68% on room air, and she required 3.5 liters of oxygen to get her saturations back up to 87%. The nurses and/or respiratory therapist failed to inform Dr. Williams of Marilyn Tracy's concerning oxygen saturation status.

16. On October 7, 2004, at 12:00 Midnight, Marilyn Tracy had a pulse of 96, a blood pressure of 88/62, and oxygen saturations of 92% on 3 liters of oxygen. These are the last recorded vital signs the nurses performed on Marilyn Tracy. The nurses' failure to notify Dr. Williams and perform more frequent vital signs, given Marilyn Tracy's condition, was a departure from the standard of care.

17. On October 7, 2004, at 5:20 a.m., Marilyn Tracy was found apneic and in asystole. A code was instituted but was unsuccessful. Marilyn Tracy was pronounced dead at 5:54 a.m.

18. Defendant ARMC acting through its employees, agents and/or apparent agents or

3

IFC00456

contractors negligently failed to monitor Marilyn Tracy's fluid status, vital signs and oxygen saturation.  As a result, Marilyn Tracy was allowed to deteriorate and become unresponsive.

19.    Defendant ARMC, acting through its employees, agents and/or apparent agents or contractors of ARMC, including, but not limited to, Nurse C. Robinson and L. Fellion (or Tellion), RN and M.M. Graff, RT,  negligently failed to inform the physician on call of Marilyn Tracy's status.

20.    As a direct and proximate result of ARMC's negligence, and its employees', agents', apparent agents' and/or contractors' negligence, Marilyn Tracy was allowed to deteriorate, become unresponsive and die on October 7, 2004.

21.    ARMC, acting through its employees, agents, apparent agents, or contractors, failed to exercise ordinary care and failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified hospital and hospital related businesses operating under similar circumstances, giving due consideration to the locality involved.  Such acts or omissions include, but are not necessarily limited to, negligent hiring, staffing, training, supervision, evaluating, monitoring and retention of healthcare employees, and contractors on the hospital staff.

22.    As a direct and proximate result of ARMC's negligence, and its employees', agents', apparent agents', and/or contractors' negligence, Marilyn Tracy became unresponsive, apneic, had asystole, coded and died.

WHEREFORE, Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy, requests compensatory damages in an amount to be determined at trial, for the interest including

4

IFC00457

# ACORD® GENERAL LIABILITY NOTICE OF OCCURRENCE/CLAIM

OP ID CP | DATE (MM/DD/YYYY) 01/05/2006

| AGENCY | PHONE (A/C, No, Ext) 704-865-8584 |
|---|---|

Watson Insurance Agency, Inc.
245 E. Second Avenue
P. O. Box 879
Gastonia NC 28053
Robert P. Watson - Trans Accts

FAX 704-866-9866 (A/C, No, Ext)   E-MAIL ADDRESS

CODE: _____ SUB CODE: _____
AGENCY CUSTOMER ID CIRRU-1

NOTICE OF OCCURRENCE ___ DATE OF OCCURRENCE AND TIME 01/04/06 AM/PM
DATE OF CLAIM ___ PREVIOUSLY REPORTED YES X NO
NOTICE DATE ___ EFFECTIVE DATE 01/27/05   EXPIRATION DATE 01/27/06   POLICY TYPE OCCURRENCE / CLAIMS MADE   RETROACTIVE DATE

COMPANY Interstate Fire and Cas. Co.   NAIC CODE
MISCELLANEOUS INFO (Site & location code)

POLICY NUMBER ASC1000204   REFERENCE NUMBER

**CONTACT** CONTACT INSURED   WHERE TO CONTACT

**INSURED**
NAME AND ADDRESS   SOC SEC # OR FEIN

Cirrus Medical Staffing, LLC
4651 Charlotte Pk Dr., Ste 400
Charlotte NC 28217

NAME AND ADDRESS   Greg Allen

WHEN TO CONTACT

RESIDENCE PHONE (A/C, No)   BUSINESS PHONE (A/C, No, Ext) 800 299-8132
RESIDENCE PHONE (A/C, No)   BUSINESS PHONE (A/C, No, Ext)

## OCCURRENCE
AUTHORITY CONTACTED

LOCATION OF OCCURRENCE (Include city & state)

DESCRIPTION OF OCCURRENCE (Use separate sheet if necessary)  See attached letter received by insured regarding medical malpractice issue.---Please note that umbrella & GL coverage written thru Interstate Fire also.

## POLICY INFORMATION

| COVERAGE PART OR FORMS (Insert form #s and edition dates) | | | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | PD BI |
|---|---|---|---|---|---|---|---|
| GENERAL AGGREGATE | PRODCOMP OP AGG | PERS & ADV INJ | | | | | |
| | | | | | AGGR | PER CLAIM/OCC | SIR DED |

UMBRELLA/EXCESS  X UMBRELLA ___ EXCESS   CARRIER: Interstate XSP-1106100   LIMITS:

## TYPE OF LIABILITY

TYPE OF PREMISES

PREMISES: INSURED IS ___ OWNER ___ TENANT ___ OTHER

OWNER'S NAME & ADDRESS (If not insured)
OWNERS PHONE (A/C, No, Ext)

PRODUCTS: INSURED IS ___ MANUFACTURER ___ VENDOR ___ OTHER
TYPE OF PRODUCT

MANUFACTURER'S NAME & ADDRESS (If not insured)
MANUFACT PHONE (A/C, No, Ext)

WHERE CAN PRODUCT BE SEEN?

OTHER LIABILITY INCLUDING COMPLETED OPERATIONS (Explain)  GL written thru Interstate Fire--GL11120439

## INJURED/PROPERTY DAMAGED

PHONE (A/C, No, Ext)

NAME & ADDRESS (Injured/Owner)  Marilyn Tracy action brought by Ben Tracy
PHONE (A/C, No, Ext)

AGE | SEX | OCCUPATION   EMPLOYER'S NAME & ADDRESS

DESCRIBE INJURY  See attached   WHERE TAKEN   WHAT WAS INJURED DOING?

___ FATALITY   WHEN CAN PROPERTY BE SEEN?

DESCRIBE PROPERTY (Type, model, etc)   ESTIMATE AMOUNT   WHERE CAN PROPERTY BE SEEN?

## WITNESSES

| NAME & ADDRESS | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|

REMARKS

| REPORTED BY email/greg Allen | REPORTED TO Rob Watson | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER Robert P. Watson - Trans Accts |
|---|---|---|---|

ACORD 3 (2004/06)   NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE   © ACORD CORPORATION 1986

IFC00459

LS        PA        NM

5540600/460



| "Terry Bellotti" <tbellotti@hciusa.com> | To | "Interstate - Claims - Sheila Robertson" <newloss@ffic.com> |
| 01/06/2006 01:20 PM | cc | |
| | bcc | |
| | Subject | Cirrus Medical Staffing, Llc, Pol# ASC1000204 |

*Jody V.*

*206/218*

Sheila,
Please see attached notice of claim and letter from a lawyer office.  Contact
Greg Allen if you have any question.

Terry Bellotti
Health Care Insurers, a division of Risk Placement Services, Inc.
3030 N. Rocky Point Dr. W., Suite 161
Tampa, FL  33607
(813) 287-6308
(719) 528-8323 FAX
tbellotti@hciusa.com

Please visit our web site www.hciusa.com

CONFIDENTIAL NOTICE: This email including any attachments contains
confidential information belonging to the sender which is legally privileged.
The information is intended only for the use of the individual or entity
named above.  If you are not the intended recipient, you are hereby notified
that any disclosure, copying, distribution or the taking of any action in
reliance on the contents of this emailed information is strictly prohibited.
If you have received this email in error, please immediately notify us by
reply email of the error and then delete this email immediately.
<<000014-224976.pdf>>

 - 000014-224976.pdf

# Exhibit 3

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

COUNSELORS AND ATTORNEYS AT LAW

ALBUQUERQUE PLAZA
201 THIRD STREET NW, SUITE 2200
ALBUQUERQUE, NEW MEXICO 87102

P.O. BOX 1888
ALBUQUERQUE, NEW MEXICO 87103

TELEPHONE (505) 765-5900
—
FACSIMILE (505) 768-7395

*ELLEN THORNE SKRAK*

Direct Number:
768-7232

## FACSIMILE TRANSMITTAL SHEET

### TELECOPIER NUMBER:  (505) 768-7395

DATE: January 10, 2006

TO:   Jennifer Beran               FAX No.    (312) 346-3567

FROM: Ellen Thorne Skrak

OPERATOR:  Barbara Rael

TOTAL NUMBER OF PAGES, INCLUDING THIS PAGE:  6

If you do not receive any of these pages, please call the operator at (505) 7667565

### IMPORTANT!

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING, OR UNAUTHORIZED USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE, AND RETURN THE FACSIMILE TO THE SENDER AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE. THANK YOU.

Message:   Ben Tracy, Estate of Marilyn Tracy v. Lovelace Sandia, et al.

Attached please find the Complaint filed in the Marilyn Tracy matter.

IFC00451

pre-judgment interest, costs, and for such other and further relief as this Court may deem just and appropriate.

Pía Salazar & Patrick W. Sullivan

PÍA SALAZAR
Attorneys for Plaintiff
6301 Indian School Rd., NE, Ste. 300
Albuquerque, NM 87110
(505) 314-1414
(505) 314-1419

5

IFC00458

# Exhibit 4

# NIELSEN, HALEY & ABBOTT LLP

### LAWYERS

MARY N. ABBOTT
HILLARY C. AGNOST
JENNIFER S. COHN
STEPHEN W. CUSICK
PETER C. HALEY
AUGUST L. LOHUARU
JAMES C. NIELSEN + ·
THOMAS H. NIENOW
+ · Certified Specialist, Appellate Law
  State Bar of California Board of Legal Specialization
  +Also admitted in Nevada

**44 MONTGOMERY STREET**
**SUITE 750**
**SAN FRANCISCO, CALIFORNIA  94104**

FACSIMILE (415) 693-9674
**(415) 693-0900**

*LOS ANGELES OFFICE*

523 WEST SIXTH STREET
SUITE 635
LOS ANGELES, CA 90014

FAX (213) 239-9007
TEL (213) 239-9009

WRITER'S DIRECT DIAL
**(415) 248-0164**
tnienow@nielsenhaley.com

May 4, 2008

Casey A. Hatton, Esq.                        *By Facsimile and U.S. Mail*
Hinshaw & Culbertson LLP
One California Street
18th Floor
San Francisco, CA  94111

> Re:  *Interstate Fire & Casualty Co. v. United National Ins. Co.,*
>      U.S.D.C., N.D. Cal., Action No. CV 07-04943 JL
>      Our file:      3701-448

Dear Ms. Hatton:

Your April 30, 2008, letter omits topics we discussed and doesn't accurately reflect what I said.

Of immediate concern, this will clarify that I will provide you, on an informal basis, the nonprivileged portions of United National's claim file for the *Tracy* action, as well as a privilege log.  I am hoping to be able to provide these documents to you by May 9, and will let you know if it becomes unfeasible.  I also wish to confirm that your client's obligations under the applicable rules and law to respond to United National's discovery requests have not been altered or waived in any way.

Having now had a chance to review the documents you recently produced, I also want to let you know that United National intends to rely upon these documents (many of which were not previously provided to United National) in connection with the cross-motions for summary judgment, including but not limited to the following documents:

- Complaint in the action styled *Tracy v. Lovelace Sandia Health Services etc.*, State of New Mexico, Second Judicial District, County of Bernalillo, No. CV 2005 07009, Bates Nos. IFC00454-IFC00458.

NIELSEN, HALEY & ABBOTT LLP

Casey A. Hatton, Esq.
May 4, 2008
Page 2

- Letter from Ellen Thorne Skrak to Cirrus Medical Staffing dated 1/4/06, Bates No. IFC00452.

- Accord "General Liability Notice of Occurrence/Claim" dated 1/5/06, Bates No. IFC00459.

- Facsimile from Ellen Thorne Skrak to Greg Allen dated 1/6/06, Bates No. IFC00452 and IFC00454-00458.

- E-mail from Terry Bellotti to Sheila Robertson of Interstate dated 1/6/06, Bates No. IFC00450.

- Facsimile from Ellen Thorne Skrak to Jennifer Beran dated 1/10/06, Bates No. IFC00451.

- Letter from Ellen Thorne Skrak to Jennifer Beran dated 1/10/06, Bates No. IFC00475.

- E-mail from Jennifer Beran to Ellen Thorne Skrak dated 1/10/06, Bates No. IFC00447.

In this regard, enclosed please find United National's supplemental disclosures under Fed.R.Civ.P., Rule 26(e)(1)(A). Additionally, you did not provide any log or similar documentation to substantiate the information and documents redacted from your recent production. When this information is eventually provided to us it may affect the available documents and, thus, the facts and chronology relevant to the cross-motions.

I look forward to receiving the proposed joint statement of facts.

Very truly yours,

Thomas H. Nienow

Enclosure

THN:ms

1   JAMES C. NIELSEN (111889)
2     jnielsen@nielsenhaley.com
    THOMAS H. NIENOW (136454)
3     tnienow@nielsenhaley.com
4   NIELSEN, HALEY & ABBOTT LLP
    44 Montgomery Street, Suite 750
5   San Francisco, California 94104
    Telephone:  (415) 693-0900
6   Facsimile:  (415) 693-9674
7
    Attorneys for Defendant and Counterclaimant
8   UNITED NATIONAL INSURANCE COMPANY

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12            SAN FRANCISCO/OAKLAND DIVISION

13

| 14 | INTERSTATE FIRE & CASUALTY COMPANY, | Action No.:  C 07-04943 JL |
|---|---|---|
| 15 | | |
| 16 | Plaintiff, | DEFENDANT AND COUNTERCLAIMANT UNITED NATIONAL'S SUPPLEMENTAL DISCLOSURES, F.R.C.P. 26(e)(1)(A). |
| 17 | v. | |
| 18 | UNITED NATIONAL INSURANCE | |
| 19 | COMPANY and DOES 1 through 10. | |
| 20 | Defendants. | |
| 21 | UNITED NATIONAL INSURANCE COMPANY, | |
| 22 | | |
| 23 | Counterclaimant, | |
| 24 | v. | |
| 25 | INTERSTATE FIRE & CASUALTY | |
| 26 | COMPANY and Roes 1 through 10, | |
| 27 | Counterdefendants. | |

28

1    Defendant and Counterclaimant United National Insurance Company discloses the

2    following additional information under Fed.R.Civ.P. 26(e)(1)(A):

3

4                         PRELIMINARY STATEMENT

5        The following disclosures are based upon information, legal analysis, and

6    documents that are currently known and available to United National after a reasonable

7    inquiry and diligent search. United National has not completed its investigation,

8    discovery or trial preparation in this matter. Further investigation, discovery, or legal

9    analysis may disclose additional facts or documents that are currently unknown to United

10   National, or may alter the relevance, discoverability or admissibility of facts and

11   documents currently known to United National. United National, therefore, reserves the

12   right to supplement this response and to introduce into evidence facts, contentions, or

13   documents of which United National is currently unaware or of which the relevance,

14   discoverability or admissibility is disclosed through further investigation, discovery, or

15   legal analysis. Additionally, United National reserves the right to object, on any basis, to

16   the introduction of the disclosures herein as evidence in this or any other matter. United

17   National reserves the right to supplement or amend this disclosure up to the time of trial.

18       The disclosures provided herein are solely for the purpose of this action and no

19   incidental or implied admissions of fact or liability are intended or should be inferred.

20   The fact that United National has disclosed information or documents is not intended and

21   shall not be construed as a waiver of any basis upon which United National may object to

22   the introduction of the information or documents, including, but not limited to, the

23   attorney-client privilege and the attorney-work-product doctrine.

24

25                              DISCLOSURES

26   1.    Witness information.

27       United National hereby discloses the following additional names and, if known, the

28   addresses and telephone numbers, of individuals likely to have discoverable information

2

1  that United National may use to support its claims or defenses, unless solely for

2  impeachment, identifying the subjects of the information:

3      Witness:              Person Most Knowledgeable
4                            Watson Insurance Agency, Inc.
                             P.O. Box 879
5                            Gastonia, NC  28053

6
       Information:          Allegations of and facts concerning the underlying litigation
7                            styled *Tracy v. Cirrus Medical Staffing et al.,* State of New
                             Mexico, Second Judicial District Court, County of Bernalillo,
8                            action number CV 2005 07009, the settlement of the *Tracy*
9                            action, notice to Interstate Fire & Casualty Company of the
                             *Tracy* action, any proceedings related to the *Tracy* action, or
10                           the facts and circumstances involved in or giving rise to the
11                           *Tracy* action or any related proceeding.

12
       Witness:              Jennifer Beran AIC
13                           Interstate Fire & Casualty Company
14                           33 W. Monroe, 12th Floor
                             Chicago, IL  60603
15                           (312) 629-2300

16
       Information:          Allegations of and facts concerning the underlying litigation
17                           styled *Tracy v. Cirrus Medical Staffing et al.,* State of New
18                           Mexico, Second Judicial District Court, County of Bernalillo,
                             action number CV 2005 07009, the settlement of the *Tracy*
19                           action, notice to Interstate Fire & Casualty Company of the
20                           *Tracy* action, any proceedings related to the *Tracy* action, or
                             the facts and circumstances involved in or giving rise to the
21                           *Tracy* action or any related proceeding.

22
       Witness:              Ellen Thorne Skrak or another attorney from
23                           Rodey, Dickason, Sloan, Akin & Robb, P.A.
24                           201 Third Street NW, Suite 2200
                             Albuquerque, NM  87102
25                           (505) 765-5900

26
       Information:          Allegations of and facts concerning the underlying litigation
27                           styled *Tracy v. Cirrus Medical Staffing et al.,* State of New
28                           Mexico, Second Judicial District Court, County of Bernalillo,

DEFENDANT AND COUNTERCLAIMANT UNITED NATIONAL'S SUPPLEMENTAL DISCLOSURES

action number CV 2005 07009, the settlement of the *Tracy* action, notice to Interstate Fire & Casualty Company of the *Tracy* action, any proceedings related to the *Tracy* action, or the facts and circumstances involved in or giving rise to the *Tracy* action or any related proceeding.

## 2.    Documents.

United National discloses the following descriptions of additional documents, data compilations, and tangible things that are in its possession, custody, or control, which United may use to support its claims or defenses, unless solely for impeachment:

- All documents disclosed by Interstate in this action and bearing Bates Nos. IFC00001-IFC01265, including but not limited to the following documents specifically identified by Bates No. below:
- Complaint in the action styled *Tracy v. Lovelace Sandia Health Services etc.*, State of New Mexico, Second Judicial District, County of Bernalilo, No. CV 2005 07009, Bates Nos. IFC00454-IFC00458.
- Letter from Ellen Thorne Skrak to Cirrus Medical Staffing dated 1/4/06, Bates No. IFC00452.
- Accord "General Liability Notice of Occurrence/Claim" dated 1/5/06, Bates No. IFC00459.
- Facsimile from Ellen Thorne Skrak to Greg Allen dated 1/6/06, Bates No. IFC00452 and IFC00454-00458.
- E-mail from Terry Bellotti to Sheila Robertson of Interstate dated 1/6/06, Bates No. IFC00450.
- Facsimile from Ellen Thorne Skrak to Jennifer Beran dated 1/10/06, Bates No. IFC00451.
- Letter from Ellen Thorne Skrak to Jennifer Beran dated 1/10/06, Bates No. IFC00475.
- E-mail from Jennifer Beran to Ellen Thorne Skrak dated 1/10/06, Bates No.

4

1    IFC00447.

2

3    **3.    Itemization of Damages.**

4        United National reiterates its estimate of its damages, as currently known and

5    available:

6        $100,000, plus prejudgment interest under Cal. Civ. Code §§3287(a) and 3289(b),

7    for the money it contributed to settlement of the underlying *Tracy* action.

8

9        United National notes that as to all matters set forth above, discovery is continuing.

10

11                                    NIELSEN, HALEY & ABBOTT LLP

12

13

14   Dated:  May 2, 2008            By: _____

15                                        Thomas H. Nienow
                                     Attorneys for Defendant and Counterclaimant
16                                   UNITED NATIONAL INSURANCE COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 5

## NIELSEN, HALEY & ABBOTT LLP

### LAWYERS

MARY N. ABBOTT
HILLARY C. AGNOST
JENNIFER S. COHN
STEPHEN W. CUSICK
PETER C. HALEY
AUGUST L. LOHUARU
DONALD L. MABRY
JAMES C. NIELSEN * +
THOMAS H. NIENOW
* Certified Specialist, Appellate Law
  State Bar of California Board of Legal Specialization
+ Also admitted in Nevada

44 MONTGOMERY STREET
SUITE 750
SAN FRANCISCO, CALIFORNIA 94104

FACSIMILE (415) 693-9674
(415) 693-0900

June 2, 2008

*LOS ANGELES OFFICE*

523 WEST SIXTH STREET
SUITE 635
LOS ANGELES, CA 90014

FAX (213) 239-9007
TEL (213) 239-9009

WRITER'S DIRECT DIAL
**(415) 248-0164**
tnienow@nielsenhaley.com

Casey A. Hatton, Esq.
Hinshaw & Culbertson LLP
One California Street
18th Floor
San Francisco, CA 94111

*By Facsimile and U.S. Mail*

> Re:  *Interstate Fire & Casualty Co. v. United National Ins. Co.,*
> U.S.D.C., N.D. Cal., Action No. CV 07-04943 JL
> <u>Our file:     3701-448</u>

Dear Ms. Hatton:

I recently sent you a supplemental disclosure of documents under Fed.R.Civ.P., Rule 26(f). The supplemental disclosure was necessitated by documents that your client produced to United National in this litigation for the first time.

Upon further consideration, I have determined that it is advisable for United National to amend its counterclaim as well. I have accordingly amended the counterclaim by adding new paragraphs 8-11 to it. The remainder of the answer and counterclaim is unchanged.

In order to facilitate filing of the amended answer and counterclaim, I have prepared and attach to this letter a stipulation allowing United National leave to file the amended answer and counterclaim pursuant to Fed.R.Civ.P., Rule 15(a)(2). I have attached a copy of the stipulation and the amended answer and counterclaim for your review.

If the stipulation and amended pleading are acceptable to you, will you please sign and return to me your signature on the stipulation at your earliest convenience? Of

NIELSEN, HALEY & ABBOTT LLP

Casey A. Hatton, Esq.
June 2, 2008
Page 2

course, if you would like to discuss this matter or any concerns that you may have
concerning my proposal, please feel free to contact me.  If we cannot agree upon a
stipulation it appears that it will be necessary for United National to file a noticed motion,
which I would like to avoid if possible.

Thank you for your attention to the above.

Very truly yours,

Thomas H. Nienow

Enclosures

THN:ms

JAMES C. NIELSEN (111889)
*jnielsen@nielsenhaley.com*
THOMAS H. NIENOW (136454)
*tnienow@nielsenhaley.com*
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone:  (415) 693-0900
Facsimile:  (415) 693-9674

Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | Action No.:  C 07-04943 JL |
| Plaintiff, | STIPULATION FOR FILING OF UNITED NATIONAL'S AMENDED ANSWER AND COUNTERCLAIM; ORDER |
| v. | Accompanying Document: Amended Answer and Counterclaim. |
| UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 10. | |
| Defendants. | |
| UNITED NATIONAL INSURANCE COMPANY, a Pennsylvania corporation, | |
| Cross-complainant, | |
| v. | |
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation, INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation, and Roes 1 through 10, inclusive, | |
| Cross-defendants. | |

1

STIPULATION FOR FILING OF UNITED NATIONAL'S AMENDED ANSWER AND COUNTERCLAIM; ORDER

# STIPULATION

Defendant and counterclaimant United National Insurance Company and plaintiff and counterdefendant Interstate Fire & Casualty Company, through the signatures of their counsel below, hereby stipulate that United National may file the amended answer and counterclaim attached hereto as Exhibit 1 pursuant to Fed.R.Civ.P, Rule 15(a)(2), that the amended answer and counterclaim will be deemed filed on the date the Court signs an order permitting the filing of the amended answer and counterclaim, that Interstate waives notice and service of the amended answer and counterclaim, and that, pursuant to Fed.R.Civ.P., Rule 15(a)(3), Interstate shall have 10 days from the date the court's order is filed to answer or otherwise respond to the amended answer and counterclaim.

NIELSEN, HALEY & ABBOTT LLP

Dated:  June 2, 2008                    By: _____
                                            Thomas H. Nienow
                                        Attorneys for Defendant and Counterclaimant
                                        UNITED NATIONAL INSURANCE COMPANY


HINSHAW & CULBERTSON LLP


Dated: June ___, 2008                   By: _____
                                            Casey A. Hatton
                                        Attorneys for Plaintiff and Counterdefendant
                                        INTERSTATE FIRE & CASUALTY COMPANY

## ORDER

The parties having executed the above stipulation, the Court, pursuant to Fed.R.Civ.P., Rule 15(a)(2), hereby orders that defendant and counterclaimant United National Insurance Company is given leave to file its amended answer and counterclaim attached hereto as Exhibit 1. It is further ordered that the amended answer and counterclaim shall be deemed filed on the date this order is filed, that notice and service shall not be required, and that Interstate shall have 10 days to answer or otherwise respond to the amended answer and counterclaim.

Dated: June ___, 2008

_____
Honorable Marilyn Hall Patel
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

JAMES C. NIELSEN (111889)
  *jnielsen@nielsenhaley.com*
THOMAS H. NIENOW (136454)
  *tnienow@nielsenhaley.com*
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone:  (415) 693-0900
Facsimile:  (415) 693-9674

Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | Action No.:  C 07-04943 JL |
| Plaintiff, | AMENDED ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY. |
| v. | |
| UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 10. | DEMAND FOR JURY TRIAL. |
| Defendants. | |
| UNITED NATIONAL INSURANCE COMPANY, a Pennsylvania corporation, | |
| Cross-complainant, | |
| v. | |
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation, INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation, and Roes 1 through 10, inclusive, | |
| Cross-defendants. | |

1

## ANSWER TO COMPLAINT

Defendant United National Insurance Company, in answer to the complaint filed by plaintiff Fireman's Fund Insurance Company, admits, denies, and alleges as follows:

1. Responding to the allegations in paragraph 1 of the complaint, United National admits and alleges that plaintiff makes the contentions set forth in paragraph 1of the complaint. Except as so admitted, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 1 of the complaint.

2. Responding to the allegations in paragraph 2 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 2 of the complaint.

3. Responding to the allegations in paragraph 3 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 3 of the complaint.

4. Responding to the allegations contained in paragraph 4 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 2 of the complaint.

5. Responding to the allegations in paragraph 5 of the complaint, United National admits and alleges that it is a Pennsylvania corporation and that it is authorized to and sells insurance policies on a surplus-lines basis in the State of California.  Except as so admitted, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 5 of the complaint.

6. Responding to the allegations in paragraph 6 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 6 of the complaint.

7. Responding to the allegations contained in paragraph 7 of the complaint, United National admits and alleges that it issued to named insured Cirrus Medical Staffing LLC, a policy of claims-made-and-reported professional liability insurance effective from January 27, 2006, to

1    January 26, 2007, with policy number AH-0000267 (the "United National policy") and that the

2    United National policy sets forth to various terms, conditions, exclusions, and dollar limits of

3    liability, all of which speak for themselves.  Except as so admitted and alleged, United National

4    lacks sufficient knowledge, information or belief to respond to and on that basis denies each,

5    every, and all of the allegations contained in paragraph 7 of the complaint.

6            8.      Responding to the allegations in paragraph 8 of the complaint, United National is

7    informed and believes, and on that basis admits and alleges, that a lawsuit styled *Tracy v.*

8    *Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in

9    the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number

10   CV 2005 07009, the documents and files of which speak for themselves.  Except as so admitted

11   and alleged, United National lacks sufficient knowledge, information or belief to respond to and

12   on that basis denies each, every, and all of the allegations contained in paragraph 8 of the

13   complaint.

14           9.      Responding to the allegations in paragraph 9 of the complaint, United National is

15   informed and believes, and on that basis admits and alleges, that a lawsuit styled *Tracy v.*

16   *Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in

17   the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number

18   CV 2005 07009, the documents and files of which speak for themselves.  Except as so admitted

19   and alleged, United National lacks sufficient knowledge, information or belief to respond to and

20   on that basis denies each, every, and all of the allegations contained in paragraph 9 of the

21   complaint.

22           10.     Responding to the allegations in paragraph 10 of the complaint, United National is

23   informed and believes and on that basis admits and alleges that a lawsuit styled *Tracy v. Lovelace*

24   *Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in the State of

25   New Mexico, Second Judicial District Court, County of Bernalillo, action number CV 2005

26   07009, the documents of which speak for themselves.  Except as so admitted and alleged, United

27   National lacks sufficient knowledge, information or belief to respond to and on that basis denies

28   each, every, and all of the allegations contained in paragraph 10 of the complaint.

AMENDED ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY

11.     Responding to the allegations in paragraph 11 of the complaint, United National is informed and believes, and on that basis admits and alleges, that Interstate Fire & Casualty Company defended Cirrus Medical Services LLC in the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 11 of the complaint.

12.     Responding to the allegations in paragraph 12 of the complaint, United National admits and alleges that it received notice of the *Tracy* action and that United National issued a letter dated October 6, 2006, which speaks for itself, advising that United National would not defend Cirrus in the *Tracy* action, and reserving United National's rights to disclaim coverage for the *Tracy* action under the United National policy. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 12 of the complaint.

13.     Responding to the allegations in paragraph 13 of the complaint, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 13 of the complaint.

14.     Responding to the allegations in paragraph 14 of the complaint, United National admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself, advising that United National had determined that there was no coverage under the United National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 14 of the complaint.

15.     Responding to the allegations contained in paragraph 15 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 15 of the complaint.

1    16.    Responding to the allegations in paragraph 16 of the complaint, United National

2    admits and alleges that the United National policy includes, without the added italics, the policy

3    language quoted in paragraph 16.  Except as so admitted and alleged, United National lacks

4    sufficient knowledge, information or belief to respond to and on that basis denies each, every, and

5    all of the allegations contained in paragraph 16 of the complaint.

6    17.    Responding to the allegations in paragraph 17 of the complaint, United National

7    denies each, every, and all of the allegations contained in paragraph 17 of the complaint.

8    18.    Responding to the allegations in paragraph 18 of the complaint, United National

9    admits and alleges that the United National policy speaks for itself.  Except as so admitted and

10   alleged, United National lacks sufficient knowledge, information or belief to respond to and on

11   that basis denies each, every, and all of the allegations contained in paragraph 18 of the

12   complaint.

13   19.    Responding to the allegations in paragraph 19 of the complaint, United National

14   lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

15   and all of the allegations contained in paragraph 19 of the complaint.

16   20.    Responding to the allegations in paragraph 20 of the complaint, United National

17   admits and alleges that the United National policy, which speaks for itself, includes the policy

18   language quoted in paragraph 20, although the quoted language is set forth in a larger paragraph

19   that has been omitted from paragraph 20.  Except as so admitted and alleged, United National

20   lacks sufficient knowledge, information or belief to respond to and on that basis denies each,

21   every, and all of the allegations contained in paragraph 20 of the complaint.

22   21.    Responding to the allegations in paragraph 21 of the complaint, United National

23   admits and alleges that the United National policy, which speaks for itself, includes the policy

24   language quoted in paragraph 21, although the quoted language is set forth in a larger paragraph

25   that has been omitted from paragraph 21.  Except as so admitted and alleged, United National

26   lacks sufficient knowledge, information or belief to respond to and on that basis denies each,

27   every, and all of the allegations contained in paragraph 21 of the complaint.

28   22.    Responding to the allegations in paragraph 22 of the complaint, United National

admits and alleges that the United National policy speaks for itself. Except as so admitted and alleged, Untied National denies each, every, and all of the allegations contained in paragraph 22 of the complaint.

  23. Responding to the allegations in paragraph 23 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 23 of the complaint.

  24. Responding to the allegations in paragraph 24 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 24 of the complaint.

  25. Responding to the allegations in paragraph 25 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 25 of the complaint.

  26. Responding to the allegations in paragraph 26 of the complaint, United National admits and alleges that it contributed $100,000 on behalf of Cirrus to settle the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 26 of the complaint.

  27. Responding to the allegations in paragraph 27 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 27 of the complaint.

  28. Responding to the allegations in paragraph 28 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

  29. Responding to the allegations in paragraph 29 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to defend Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund of Interstate for any of the costs to defend Cirrus in the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies

each, every, and all of the allegations contained in paragraph 29 of the complaint.

30.     Responding to the allegations in paragraph 30 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to defend Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of the costs to defend Cirrus in the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 30 of the complaint.

31.     Responding to the allegations in paragraph 31 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to defend Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of the costs to defend Cirrus in the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 31 of the complaint.

32.     Responding to the allegations in paragraph 32 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to defend Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of the costs to defend Cirrus in the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 32 of the complaint.

33.    Responding to the allegations in paragraph 33 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

34.    Responding to the allegations in paragraph 34 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for all or part of any payment by Fireman's Fund or Interstate to indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 34 of the complaint.

35.    Responding to the allegations in paragraph 35 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for all or part of any payment by Fireman's' Fund or Interstate to indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 35 of the complaint.

36.    Responding to the allegations in paragraph 36 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse

Fireman's Fund or Interstate for all or part of any payment by Fireman's' Fund or Interstate to indemnify cirrus in connection with the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 36 of the complaint.

37.    Responding to the allegations in paragraph 37 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for all or part of any payment by Fireman's Fund or Interstate to indemnify cirrus in connection with the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 37 of the complaint.

38.    Responding to the allegations in paragraph 38 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

39.    Responding to the allegations in paragraph 39 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 39 of the complaint.

40.    Responding to the allegations in paragraph 40 of the complaint, United National admits and alleges that it issued to Cirrus as named insured a policy of claims-made-and-reported professional liability insurance referenced in paragraph 7 of this answer. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 40 of the complaint.

41.    Responding to the allegations in paragraph 41 of the complaint, United National admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself, advising that United National had determined that there was no coverage under the Untied

National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 41 of the complaint.

42.     Responding to the allegations in paragraph 42 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 42 of the complaint.

43.     Responding to the allegations in paragraph 43 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 43 of the complaint.

44.     Responding to the allegations in paragraph 44 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

45.     Responding to the allegations in paragraph 45 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 45 of the complaint.

46.     Responding to the allegations contained in paragraph 46 of the complaint, United National admits and alleges that it issued to Cirrus as named insured a policy of claims-made-and-reported professional liability insurance referenced in paragraph 7 of this answer. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 46 of the complaint.

47.     Responding to the allegations in paragraph 47 of the complaint, United National admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself, advising that United National had determined that there was no coverage under the Untied National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy. Except as so admitted and alleged, United National lacks

10

1  sufficient knowledge, information or belief to respond to and on that basis denies each, every,

2  and all of the allegations contained in paragraph 47 of the complaint.

3       48.    Responding to the allegations in paragraph 48 of the complaint, United National

4  denies each, every, and all of the allegations contained in paragraph 48 of the complaint.

5       49.    Responding to the allegations in paragraph 49 of the complaint, United National

6  denies each, every, and all of the allegations contained in paragraph 49 of the complaint.

7       50.    Responding to the allegations in paragraph 50 of the complaint, United National

8  admits and alleges that plaintiff makes the contentions set forth in paragraph 50 of the complaint.

9  Except as so admitted, United National lacks sufficient knowledge, information or belief to

10  respond and on that basis denies each, every, and all of the allegations contained in paragraph 50

11  of the complaint.

12       51.    Responding to the allegations in paragraph 51 of the complaint, United National

13  incorporates by reference paragraphs 1 through 28 of this answer as though fully set forth here.

14       52.    Responding to the allegations in paragraph 52 of the complaint, United National

15  admits and alleges that plaintiff makes the contentions set forth in paragraph 52 of the complaint.

16  Except as so admitted, United National lacks sufficient knowledge, information or belief to

17  respond and on that basis denies each, every, and all of the allegations contained in paragraph 52

18  of the complaint.

19       53.    Responding to the allegations in paragraph 53 of the complaint, United National

20  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

21  and all of the allegations contained in paragraph 53 of the complaint.

22       54.    Responding to the allegations in paragraph 54 of the complaint, United National

23  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

24  and all of the allegations contained in paragraph 54 of the complaint.

25       55.    Responding to the allegations in paragraph 55 of the complaint, United National

26  admits and alleges that it issued a letter dated October 6, 2006, which speaks for itself, advising

27  that United National would not defend Cirrus in the *Tracy* action, and reserving United

28  National's rights to disclaim coverage for the *Tracy* action.  United National further admits and

11

1    alleges that it issued a letter dated February 13, 2007, which speaks for itself, advising that Untied

2    National had determined that there was no coverage under the United National policy for the

3    *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first

4    made and reported during Interstate Fire & Casualty Company's immediately preceding policy

5    period, and stating that United National continued to reserve all of its rights under the policy.

6    Except as so admitted, United National lacks sufficient knowledge, information or belief to

7    respond and on that basis denies each, every, and all of the allegations contained in paragraph 55

8    of the complaint.

9        56.    Responding to the allegations in paragraph 56 of the complaint, United National

10   lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

11   and all of the allegations contained in paragraph 56 of the complaint.

12

13       United National further alleges the following affirmative defenses:

14       1.    As and for a first, separate defense, United National alleges that the complaint and

15   each claim therein do not state facts sufficient to constitute a cause of action against United

16   National.

17       2.    As and for a second, separate defense, United National alleges that the plaintiff

18   lacks standing to bring this action.

19       3.    As and for a third, separate defense, United National alleges that the complaint and

20   each cause of action in it are barred by the terms, provisions, conditions, limitations, and

21   exclusions of the alleged United National policy.  United National reserves the right to amend its

22   answer to the Complaint to assert any additional defenses arising from the terms of the alleged

23   United National insurance policy, and/or applicable insurance policy terms, provisions,

24   conditions, limitations, and exclusions as may become apparent during the continuing course of

25   discovery in this action.

26       4.    As and for a fourth, separate defense, United National alleges that the complaint

27   and each cause of action in it are barred by the terms, provisions, conditions, limitations, and

28   exclusions of a policy of liability insurance issued by Interstate Fire & Casualty Company, policy

12

AMENDED ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY

number ASC-1000204, to named insured Cirrus Medical Staffing, LLC, for the policy period January 27, 2005, to January 27, 2006.  United National reserves the right to amend its answer to the Complaint to assert any additional defenses arising from the terms of the alleged Interstate insurance policy, and/or applicable insurance policy terms, provisions, conditions, limitations, and exclusions as may become apparent during the continuing course of discovery in this action.

Wherefore United National prays for judgment as follows:

1.    That the Court deny plaintiff's prayers for judicial declarations set forth in the complaint;

2.    That plaintiff take nothing by its complaint;

3.    That United National be awarded its costs of suit incurred herein;

4.    That United National be awarded its attorneys fees;

3.    For such other and further relief as the Court deems just and proper.


## COUNTERCLAIM AGAINST FIREMANS' FUND INSURANCE COMPANY, INTERSTATE FIRE & CASUALTY COMPANY, AND ROES 1 THROUGH 10

Counterclaimant United National Insurance Company, for its counterclaim against counterdefendants Fireman's Fund Insurance Company, Interstate Fire & Casualty Company, and Roes 1 through 10, inclusive, alleges as follows:


## GENERAL ALLEGATIONS

1.    At all times herein mentioned, United National was and is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania.

2.    United National is informed and believes and thereon alleges that counterdefendant Fireman's Fund Insurance Company is a California corporation with its principal place of business in Novato, California.

1    3.    United National is informed and believes and thereon alleges that

2    counterdefendant Interstate Fire & Casualty Company is an Illinois corporation, doing business in

3    California, with its principal place of business in Chicago, Illinois.

4    4.    United National is unable to ascertain the true names and identities of those

5    counterdefendants designated as Roes 1 through 10, inclusive.  United National will ask leave of

6    Court to amend this complaint and all subsequent pleadings to insert the true names and

7    capacities of these fictitiously named counterdefendants when ascertained.  The allegations and

8    controversies alleged below with respect to the named counterdefendants Fireman's Fund and

9    Interstate apply equally to Roes 1 through 10.

10    5.    Jurisdiction over United National's counterclaim is conferred by 28 U.S.C. §

11    1367(a).

12    6.    Venue is proper in this Court under 28 U.S.C. § 1391(a)(1), because

13    counterdefendant Fireman's Fund is a resident of this district.

14    7.    United National is informed and believes, and on that basis alleges, that Cirrus

15    Medical Staffing LLC was sued in underlying litigation styled *Tracy v. Lovelace Sandia Health*

16    *Services dba Albuquerque Regional Medical Center et al.*, which was filed in the State of New

17    Mexico, Second Judicial District Court, County of Bernalillo, action number CV 2005 07009.

18    United National is informed and believes, and on that basis alleges, that the *Tracy* action was a

19    medical-malpractice action that was filed on or about September 14, 2005.

20    8.    United National is informed and believes, and on that basis alleges, that the

21    complaint in the *Tracy* action alleges, at paragraph 6, that Cathy Robinson R.N., "negligently

22    failed to monitor Marilyn Tracy's fluid status, negligently failed to respond to worsening vital

23    signs and negligently failed to appropriately notify the physician on call that Marilyn Tracy's

24    status was not improving.  In addition, the nurses negligently failed to continue to monitor

25    Marilyn Tracy, despite her worsening condition, such that she was allowed to deteriorate, become

26    unresponsive, apneic, go into asystole and code."  United National is informed and believes, and

27    on that basis alleges, that the complaint in the *Tracy* action alleges that Marilyn Tracy was

28    pronounced dead on October 7, 2004.

14

9.    United National is informed and believes, and on that basis alleges, that on January 4, 2006, attorney Ellen Thorne Skark, counsel for defendant Lovelace Sandia in the *Tracy* action, faxed a letter to Cirrus forwarding the *Tracy* complaint and stating that plaintiff's counsel in the *Tracy* action "has expressed the intention to bring you into the case." United National is informed and believes, and on that basis alleges, that Skark's letter also stated, "[y]our nurse, Cathy Robinson, was one of the nurses who cared for Mrs. Tracy prior to her death."

10.    United National is informed and believes, and on that basis alleges, that Cirrus notified Robert P. Watson of the Watson Insurance Agency, Inc., about Skrak's letter and the *Tracy* complaint, and that Watson, on January 5, 2006, prepared a "General Liability Notice of Occurrence/Claim" form listing Interstate policy numberASC1000204 and stating "See attached letter received by insured regarding medical malpractice issue." United National is informed and believes, and on that basis alleges, that Terry Bellotti of Health Care Insurers sent an e-mail to Interstate on January 6, 2006, forwarding the form prepared by Watson, Skrak's letter, and the *Tracy* complaint, and stating "please see attached notice of claim and letter from a lawyer office."

11.    United National is informed and believes, and on that basis alleges, that on January 10, 2006, Skrak sent a fax to Jennifer Beran of Interstate forwarding a copy of Skrak's January 4, 2006, letter to Cirrus and the complaint in the *Tracy* action.

12.    United National is informed and believes, and on that basis alleges, that the first-amended complaint in the *Tracy* action alleges, at paragraph 3, that Cirrus employee Cathy Robinson was a "healthcare provider[] who treated Marilyn Tracy," the decedent whose death was the subject of the *Tracy* action. United National is informed and believes, and on that basis alleges, that the first amended complaint further alleges, at paragraph 28, that Cirrus "acting through its employee, agent and/or apparent agent or contractor, Cathy Robinson, RN, negligently failed to inform the physician on call of Marilyn Tracy's status," as a result of which, according to paragraph 23, Marilyn Tracy was pronounced dead on October 7, 2004.

13.    United National is informed and believes, and on that basis alleges, that N.M. Stat. Ann. § 41-5-15 provides as follows:

15

A.    No malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered.

B    This application shall contain the following:

(1)    a brief statement of the facts of the case, naming the persons involved, the dates and the circumstances, so far as they are known, of the alleged act or acts of malpractice; and

(2)    a statement authorizing the panel to obtain access to all medical and hospital records and information pertaining to the matter giving rise to the application, and, for the purposes of is consideration of the matter only, waiving any claim of privilege as to the contents of those records.  Nothing in that statement shall in any way be construed as waiving that privilege for any other purpose or in any other context, in or out of court.

14.    United National is informed and believes, and on that basis alleges, that N.M. Stat. Ann. § 41-5-16 provides as follows:

A.    Upon receipt of an application for review, the commission's director or his delegate shall cause to be served a true copy of the application on the health care providers involved.  Service shall be effected pursuant to New Mexico law.  If the health care provider involved chooses to retain legal counsel, his attorney shall informally enter his appearance with the director.

B    The health care provider shall answer the application for review and in addition shall submit a statement authorizing the panel to obtain access to all medical and hospital records and information pertaining to the matter giving rise to the application, and, for the purposes of its consideration of the matter only, waiving any claim of privilege as to the contents of those records. Nothing in that statement shall in any way be construed as waiving that privilege for any other purpose or in any other context, in or out of court.

C.    In instances where applications are received employing the theory of respondeat superior or some other derivative theory of recovery, the director shall forward such applications to the state professional societies, associations or licensing boards of both the individual health care provider whose alleged malpractice caused the application to be filed, and the health care provider named a respondent as employer, master or principal.

15.    United National is informed and believes, and on that basis alleges, that Interstate and Roes 1 through 10 issued to Cirrus as named insured a policy of liability insurance, number ASC-10000204, effective for the policy period January 27, 2005, to January 27, 2006. United National is informed and believes, and on that basis alleges, that the Interstate policy generally provides liability coverage to Cirrus on a claims-made-and-reported basis subject to limits of $1,000,000 for each incident and $3,000,000 in the aggregate.

16.    United National is informed and believes, and on that basis alleges, that the Interstate policy sets forth the following language in Form 01-PL-4002 (03/04):

I.    COVERAGE.

The Company will pay on behalf of the Insured all sums which the **Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the Insured and reported to the Company during the

17

**Policy Period**, as a result of **Bodily Injury, Property Damages** or **Personal Injury** caused by an **incident**, provided always that such **incident** happens:

A.   on or after the policy effective date shown on the Declarations; or

B.   at any time prior to the policy effective date shown on the Declarations if;

    1.   such **incident** happens on or subsequent to the "prior acts date" on the Declarations, and

    2.   no **insured** knew or could have reasonably foreseen that such **incident** might be expected to be the basis of a **Claim** or **Suit** on the effective date of this policy.

The Company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as **Damages** to which this insurance applies and the Company shall have the right and duty to defend any **Suit** against the **Insured** seeking **Damages** on account of such **Bodily Injury, Property Damage** or **Personal Injury**, even if any of the allegations of the **Suit** are groundless, false or fraudulent, but the Company shall not be obligated to pay any **Claims** or **Claims Expenses** or judgments or continue to defend any **Suit** after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

* * *

VI.   WHEN **CLAIM** IS CONSIDERED AS FIRST MADE

A **Claim** shall be considered as being first made when the Company first receives written notice from the **Insured** advising that a **Claim** has been made and providing the details of the **Claim**.

All **Claims** arising out of the same or related **incident** shall be considered as having been made at the item the first such **Claim** is made, and shall be

18

AMENDED ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY

subject to the same limit of liability and only a single deductible, if any, shall apply.

* * *

IX.    DEFINITIONS

When used in this policy (including endorsement forming a part hereof):

**"Bodily Injury"** means bodily injury, sickness or disease, mental anguish, psychological injury or emotional distress sustained by any person, including death at any time resulting therefrom;

**"Claim"** means a demand for money or the filing of **Suit** naming the **Insured** and, in either case, alleging a **Bodily Injury, Property Damage** or **Personal Injury** as a result of an **Incident**.

* * *

**"Damages"** means compensatory judgments, settlement or awards but does not include punitive or exemplary **Damages**, fines or penalties, the return of fees or other consideration paid to the **insured**, or the portion of any award or judgment caused by the multiplication of actual **Damages** under federal or state law.  However, if a **Suit** is brought against the **Insured** with respect to a **Claim** for alleged acts or omissions falling within the scope of coverage afforded by this insurance seeking both compensatory and punitive or exemplary **Damages**, then the Company will afford a defense to such action, without liability however, for payment of such punitive or exemplary damages;

* * *

**"Incident"** means any act or omission in the rendering of or failure to render services by the **Insured**, or by any person for whom the **Insured** is legally responsible, in the conduct of the business or professional

occupation specified in the Declarations.

Any such act or omission together with all related acts or omissions shall be considered one **"Incident"** and be subject to the same limit of liability;

\* \* \*

**"Suit"** means a civil proceeding in which **Damages** because of **Bodily Injury**, **Property Damage** or **Personal Injury** to which this insurance applies are alleged. **"Suit"** includes:

A.    an arbitration proceeding in which such **Damages** are claimed and to which the **insured** must submit or does submit with the Company's consent; or

B.    any other alternative dispute resolution proceeding in which such **Damages** are claimed and to which the **Insured** submits with the Company's consent.

17.    United National issued to Cirrus as named insured a claims-made-and-reported professional liability insurance policy effective from January 27, 2006, to January 26, 2007, with policy number AH-0000267 (the "United National policy")

18.    The United National policy states as follows:

[From Form CPA-119(2.2005):]

**SECTION I—PROFESSIONAL LIABILITY COVERAGE**

**1.    Insuring Agreement**

We will pay those sums that the insured becomes legally obligated to pay as "compensatory damages" as a result of a "wrongful act." This insurance applies to injury only if a "claim" for damages to which no other insurance applies, because of the injury is first made against the insured and reported to us during the "policy period." This insurance does not apply to injury caused by a "wrongful act" that takes place outside of the "covered territory" or was committed before the Retroactive Date shown in the Declarations or after the "policy period."

20

a.    A "claim" by a person or organization seeking damages will be deemed to have been made when notice of such "claim" is received and recorded by the insured or by us, which ever comes first;

* * *

c.    We will have the right and duty to select counsel and to defend any "suit" seeking damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for injury to which this insurance does not apply

* * *

2.    **Exclusions**

This insurance does not apply to:

* * *

s.    Any "claim," "suit," or "wrongful act" that might result in a "claim" or "suit," of which any insured had knowledge or could have reasonably foreseen, at the signing date of the application for this insurance.

* * *

**SECTION V—PROFESSIONAL LIABILITY CONDITIONS**

* * *

4.    **Other Insurance**

If other valid and collectible insurance with any other insurer is available to the insured covering a "claim" also covered hereunder (except insurance purchased to apply in excess of the limit of liability hereunder), this insurance will be excess of, and not contribute with, such insurance.  If the insured has other coverage with us covered a ":claim" also covered by this policy or coverage Part, the insured must elect which policy or Coverage Part will apply and we will be liable under the Coverage Part so elected and will not be liable under any other policy or Coverage Part.

21

\* \* \*

**5.    Representations**

By accepting this policy, you agree:

a.    The statements in the Declarations and application, made part of this policy, are accurate and complete;

b.    Those statements are based upon representations you made to us;

c.    We have issued this policy in reliance upon your representations; and

d.    This policy embodies all of the agreements existing between you and us or any of our agents relating to this insurance.

\* \* \*

**SECTION VI—DEFINITIONS**

\* \* \*

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4.    "Claim" means a written demand upon the insured for "compensatory damages," including, but not limited to, the service of "suit" or institution of arbitration proceedings against the insured. "Claim" includes reports of accidents, acts, errors, occurrences, offenses or omissions which may give rise to a "claim" under this policy. "Claims" based on or arising out of the same act or interrelated acts of one or more insured will be considered to be based on a single "wrongful act."

\* \* \*

11.    "Suit" means a civil proceeding in which damages for injury to which this insurance applies are alleged. "Suit" includes an arbitration proceeding alleging such damages to which you must submit or submit with our consent.

12.    "Wrongful act' means any act, error or omission in the furnishing of

22

1    professional social services.  It includes the furnishing of food, beverages,

2    medications or appliances in connection with those services.  All

3    "wrongful acts" committed in the furnishing of professional social services

4    to any one person will be considered one "wrongful act."  All interrelated

5    "wrongful acts" of one or more insured will be considered one "wrongful

6    act."

7

8    [From Form EPA-909 (5/2006):]

9        This endorsement modifies insurance provided under the following:

10            PROFESSIONAL LIABILITY COVERAGE PART

11        Paragraph 12. of SECTION VI.—DEFINITIONS is deleted and replaced by the

12        following:

13            12.    "Wrongful act" means:

14                a.    any act or omission in the furnishing of healthcare services

15                    to a patient or client including the furnishing of food,

16                    beverages, medications, medical treatment or appliances in

17                    connection with such services and the postmortem handling

18                    of human bodies.

19                b.    All "wrongful acts" committed in the furnishing of services

20                    to any one patient or client will be considered one

21                    "wrongful act." All interrelated "wrongful acts" of one or

22                    more insured will be considered one "wrongful act."

23

24        19.    United National is informed and believes, and on that basis alleges, that Interstate

25    and/or Fireman's Fund agreed to defend and indemnify Cirrus in connection with the *Tracy*

26    pursuant to the terms and provisions of the Interstate policy.

27        <u>FIRST CLAIM FOR DECLARATORY JUDGMENT—DUTY TO DEFEND</u>

28        20.    United National incorporates by reference the allegations of paragraphs 1-15 of

23

1    this counterclaim.

2        21.    An actual controversy has arisen and now exists between United National,

3    Fireman's Fund, Interstate, and Roes 1 through 10 concerning their respective rights and duties

4    under the Interstate and United National policies regarding the underlying *Tracy* action.  United

5    National contends that Fireman's Fund, Interstate, Roes 1 through 10, or any of them, were

6    required to defend Cirrus in connection with the *Tracy* action, and that United National had no

7    obligation to defend Cirrus in connection with the *Tracy* action.  On the other hand, United

8    National is informed and believes, and on that basis alleges, that Fireman's Fund, Interstate, and

9    Roes 1 through 10, contend that they had no obligation to defend Cirrus in the *Tracy* action and

10   that United National alone was obligated to defend Cirrus in the *Tracy* action, or, alternately, that

11   Fireman's Fund, Interstate, and United National were jointly obligated to defend Cirrus in

12   connection with the *Tracy* action.  United National requests this Court to make and enter its

13   binding judicial declarations in accordance with United National's contentions set forth in this

14   paragraph.  The requested declarations are both necessary and proper at this time under the

15   circumstances in that the interest of judicial economy and substantial justice will be served

16   thereby.

17

18   <u>SECOND CLAIM FOR DECLARATORY JUDGMENT—DUTY TO INDEMNIFY</u>

19       22.    United National incorporates by reference the allegations of paragraphs 1-15 of

20   this counterclaim

21       23. An actual controversy has arisen and now exists between United National, Fireman's

22   Fund, Interstate, and Roes 1 through 10 concerning their respective rights and duties under the

23   Interstate and United National policies regarding the underlying *Tracy* action.  United National

24   contends that Fireman's Fund, Interstate, Roes 1 through 10, or any of them, were required to

25   indemnify Cirrus in connection with the *Tracy* action, and that United National had no obligation

26   to indemnify Cirrus in connection with the *Tracy* action.  On the other hand, United National is

27   informed and believes, and on that basis alleges, that Fireman's Fund, Interstate, and Roes 1

28   through 10, contend that they had no obligation to indemnify Cirrus in the *Tracy* action and that

AMENDED ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY

United National alone was obligated to indemnify Cirrus in the *Tracy* action, or, alternately, that Fireman's Fund, Interstate, and United National were jointly obligated to indemnify Cirrus in connection with the *Tracy* action. United National requests this Court to make and enter its binding judicial declarations in accordance with United National's contentions set forth in this paragraph. The requested declarations are both necessary and proper at this time under the circumstances in that the interest of judicial economy and substantial justice will be served thereby.

24.     If the Court enters a judicial declaration in accordance with United National's contentions set forth in the preceding paragraph, United National is entitled to recover from defendants Fireman's Fund, Interstate, and Roes 1 through 10, or any of them, $100,000, plus prejudgment interest under Cal. Civ. Code §§ 3287(a) and 3289(b), to reimburse United National for its contribution toward the settlement of the *Tracy* action.

WHEREFORE, United National prays for judgment as follows:

a.  That the Court make and enter a binding judicial declaration of the parties' respective rights and duties in accordance with United National's contentions set forth in paragraph 17 above,

b.  That the Court make and enter a binding judicial declaration of the parties' respective rights and duties in accordance with United National's contentions set forth in paragraph 19 above,

c.  That the Court order and enter a money judgment requiring counterdefendants Fireman's Fund, Interstate, Roes 1 through 10, and any of the them, to reimburse United National $100,000, plus prejudgment interest under Cal. Civ. Code §§3287(a) and 3289(b), for the money it contributed to settlement of the *Tracy* action.

d.  That United National be awarded its costs of suit incurred herein; and

e.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

NIELSEN, HALEY & ABBOTT LLP

Dated: June 2, 2008        By: _____

Thomas H. Nienow
Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY


## DEMAND FOR JURY TRIAL

Defendant and counterclaimant United National Insurance Company demands trial by jury in this action.

Respectfully submitted,

NIELSEN, HALEY & ABBOTT LLP

Dated: June 2, 2008        By: _____

Thomas H. Nienow
Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

AMENDED ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY

# Exhibit 6

**From:**      Thomas Nienow
**To:**        Christopher J. Borders
**Date:**      6/5/2008 4:42:39 PM
**Subject:**   Re: Interstate v. UNIC: Proposed Amended Counter claim; our file 3701-448

Chris:

Thank you for your comments.  I looked again at the transmission dates on the various faxes your office produced and I have modified paragraphs 8-11 of the amended counterclaim accordingly.  The updated amended answer and counterclaim is attached below.  Paragraph 7 was not modified from the original counterclaim and is an accurate statement of facts that was not changed by the documents that your firm produced to us.

I've attached an updated stipulation below.  Please return your signature to me by Monday June 9 if you agree that United National may file the amended pleading.

I will forward a proposed draft joint statement of facts to you shortly.

Tom


Tom Nienow
(415) 248-0164

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE.  If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us by e-mail.  Thank you.


>>> "Christopher J. Borders" <CBorders@hinshawlaw.com> 6/4/2008 9:46 AM >>>

Tom -

I received your June 2 fax with the proposed amended counterclaim.  If you feel the need to include these other facts than Interstate will stipulate, provided you are open to making some corrections.

Paragraph 8 inserts the name of the insured's employee before you begin the quote, implying to me that the complaint so names her as responsible for the allegations you quote.  As you will see, the underlying complaint allegation lumps all nurses, therapists and health care providers together without naming any specifically, and only refers to "C. Robinson" and not Cathy Robinson.  I would ask that you revise this paragraph to state what the complaint states:  that "C. Robinson" is listed in paragraph 4 as one of several nurses attending to the deceased, and that paragraph 6 alleges that "the nursing staff, respiratory therapists and/or other health care providers negligently failed [etc.]..."

Paragraph 10 states at line 14 that Mr. Bellotti's January 6 email included a copy of the underlying complaint.  The email (IFC 00450) does not say this, and the complaint is not an attachment to Ms. Shrak's letter

that he did forward.   A copy of the complaint in our file has a fax
legend for January 5, and it appears that Greg Allen may have been sent a
copy by Ms. Skrak on that day.  But we do not see any record that Mr.
Bellotti received a copy, and no record that Interstate received a copy
before January 10.  So I  believe that the reference to the complaint in
line 14 should be removed.

Paragraph 11 asserts that both a copy of the complaint and Ms. Skrak's
letter was forwarded to Interstate on January 10.  Again, the January 10
fax cover page (IFC 00451) only refers to the complaint.  I do not see any
document sending Ms. Beran a copy of Ms. Skrak's letter; it seems that
only Mr. Bellotti's email included that letter.  So I would ask that this
paragraph be revised to remove the reference to Ms. Skrak's letter.

Also, since you are working on making your counterclaim more detailed and
accurate, I also ask that paragraph 7 be revised.  That paragraph states
in the first sentence that Cirrus was a defendant in the underlying action
and in the final sentence that the action was filed September 14, 2005,
implying in my view that Cirrus was a defendant in 2005.  I think that it
would be more reasonable to revise this to state the accurate facts more
clearly - that the action was filed in September 2005 not naming Cirrus or
any Cirrus employee, and that Cirrus was added as a Doe defendant on March
21, 2006.

These issues overlap somewhat with the Joint Stipulation of Facts.  We are
happy to have these facts included in the stipulation if stated accurately
and in chronological order.  I would like to come to agreement on the
Joint Stipulation this week given that we both need to determine what
contested facts may need to be addressed in our summary judgment motions.

Please call or email with your thoughts.   I will be in the office all
week.

Chris

Christopher J. Borders
Hinshaw & Culbertson LLP
One California Street
18th Floor
San Francisco, CA 94111
(415) 393-0124 (direct)
(415) 362-6000 (main)
(415) 834-9070 (facsimile)
cborders@hinshawlaw.com

<p style="font-family: 'Times New Roman', Times, serif; font-size: 10pt;">

Hinshaw & Culbertson LLP is an Illinois registered limited liability
partnership that has elected to be governed by the Illinois Uniform
Partnership Act (1997).

The contents of this e-mail message and any attachments are intended
solely for the addressee(s) named in this message. This communication
is intended to be and to remain confidential and may be subject to
applicable attorney/client and/or work product privileges. If you are
not the intended recipient of this message, or if this message has been

addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.</p>

# Exhibit 7

JAMES C. NIELSEN (111889)
 jnielsen@nielsenhaley.com
THOMAS H. NIENOW (136454)
 tnienow@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | Action No.: C 07-04943 JL |
| Plaintiff, | AMENDED ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY. |
| v. | |
| UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 10. | DEMAND FOR JURY TRIAL. |
| Defendants. | |
| UNITED NATIONAL INSURANCE COMPANY, a Pennsylvania corporation, | |
| Cross-complainant, | |
| v. | |
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation, INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation, and Roes 1 through 10, inclusive, | |
| Cross-defendants. | |

1

1

**ANSWER TO COMPLAINT**

2      Defendant United National Insurance Company, in answer to the complaint filed by

3  plaintiff Fireman's Fund Insurance Company, admits, denies, and alleges as follows:

4      1.      Responding to the allegations in paragraph 1 of the complaint, United National

5  admits and alleges that plaintiff makes the contentions set forth in paragraph 1 of the complaint.

6  Except as so admitted, United National lacks sufficient knowledge, information or belief to

7  respond and on that basis denies each, every, and all of the allegations contained in paragraph 1 of

8  the complaint.

9      2.      Responding to the allegations in paragraph 2 of the complaint, United National

10  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

11  and all of the allegations contained in paragraph 2 of the complaint.

12      3.      Responding to the allegations in paragraph 3 of the complaint, United National

13  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

14  and all of the allegations contained in paragraph 3 of the complaint.

15      4.      Responding to the allegations contained in paragraph 4 of the complaint, United

16  National lacks sufficient knowledge, information or belief to respond and on that basis denies

17  each, every, and all of the allegations contained in paragraph 2 of the complaint.

18      5.      Responding to the allegations in paragraph 5 of the complaint, United National

19  admits and alleges that it is a Pennsylvania corporation and that it is authorized to and sells

20  insurance policies on a surplus-lines basis in the State of California.  Except as so admitted,

21  United National lacks sufficient knowledge, information or belief to respond and on that basis

22  denies each, every, and all of the allegations contained in paragraph 5 of the complaint.

23      6.      Responding to the allegations in paragraph 6 of the complaint, United National

24  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

25  and all of the allegations contained in paragraph 6 of the complaint.

26      7.      Responding to the allegations contained in paragraph 7 of the complaint, United

27  National admits and alleges that it issued to named insured Cirrus Medical Staffing LLC, a policy

28  of claims-made-and-reported professional liability insurance effective from January 27, 2006, to

1   January 26, 2007, with policy number AH-0000267 (the "United National policy") and that the

2   United National policy sets forth to various terms, conditions, exclusions, and dollar limits of

3   liability, all of which speak for themselves.  Except as so admitted and alleged, United National

4   lacks sufficient knowledge, information or belief to respond to and on that basis denies each,

5   every, and all of the allegations contained in paragraph 7 of the complaint.

6         8.     Responding to the allegations in paragraph 8 of the complaint, United National is

7   informed and believes, and on that basis admits and alleges, that a lawsuit styled *Tracy v.*

8   *Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in

9   the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number

10   CV 2005 07009, the documents and files of which speak for themselves.  Except as so admitted

11   and alleged, United National lacks sufficient knowledge, information or belief to respond to and

12   on that basis denies each, every, and all of the allegations contained in paragraph 8 of the

13   complaint.

14         9.     Responding to the allegations in paragraph 9 of the complaint, United National is

15   informed and believes, and on that basis admits and alleges, that a lawsuit styled *Tracy v.*

16   *Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in

17   the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number

18   CV 2005 07009, the documents and files of which speak for themselves.  Except as so admitted

19   and alleged, United National lacks sufficient knowledge, information or belief to respond to and

20   on that basis denies each, every, and all of the allegations contained in paragraph 9 of the

21   complaint.

22        10.    Responding to the allegations in paragraph 10 of the complaint, United National is

23   informed and believes and on that basis admits and alleges that a lawsuit styled *Tracy v. Lovelace*

24   *Sandia Health Services dba Albuquerque Regional Medical Center et al.*, was filed in the State of

25   New Mexico, Second Judicial District Court, County of Bernalillo, action number CV 2005

26   07009, the documents of which speak for themselves.  Except as so admitted and alleged, United

27   National lacks sufficient knowledge, information or belief to respond to and on that basis denies

28   each, every, and all of the allegations contained in paragraph 10 of the complaint.

11.     Responding to the allegations in paragraph 11 of the complaint, United National is informed and believes, and on that basis admits and alleges, that Interstate Fire & Casualty Company defended Cirrus Medical Services LLC in the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 11 of the complaint.

12.     Responding to the allegations in paragraph 12 of the complaint, United National admits and alleges that it received notice of the *Tracy* action and that United National issued a letter dated October 6, 2006, which speaks for itself, advising that United National would not defend Cirrus in the *Tracy* action, and reserving United National's rights to disclaim coverage for the *Tracy* action under the United National policy.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 12 of the complaint.

13.     Responding to the allegations in paragraph 13 of the complaint, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 13 of the complaint.

14.     Responding to the allegations in paragraph 14 of the complaint, United National admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself, advising that United National had determined that there was no coverage under the United National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 14 of the complaint.

15.     Responding to the allegations contained in paragraph 15 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 15 of the complaint.

16.    Responding to the allegations in paragraph 16 of the complaint, United National admits and alleges that the United National policy includes, without the added italics, the policy language quoted in paragraph 16. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 16 of the complaint.

17.    Responding to the allegations in paragraph 17 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 17 of the complaint.

18.    Responding to the allegations in paragraph 18 of the complaint, United National admits and alleges that the United National policy speaks for itself. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 18 of the complaint.

19.    Responding to the allegations in paragraph 19 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 19 of the complaint.

20.    Responding to the allegations in paragraph 20 of the complaint, United National admits and alleges that the United National policy, which speaks for itself, includes the policy language quoted in paragraph 20, although the quoted language is set forth in a larger paragraph that has been omitted from paragraph 20. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 20 of the complaint.

21.    Responding to the allegations in paragraph 21 of the complaint, United National admits and alleges that the United National policy, which speaks for itself, includes the policy language quoted in paragraph 21, although the quoted language is set forth in a larger paragraph that has been omitted from paragraph 21. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 21 of the complaint.

22.    Responding to the allegations in paragraph 22 of the complaint, United National

admits and alleges that the United National policy speaks for itself.  Except as so admitted and alleged, Untied National denies each, every, and all of the allegations contained in paragraph 22 of the complaint.

23.    Responding to the allegations in paragraph 23 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 23 of the complaint.

24.    Responding to the allegations in paragraph 24 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 24 of the complaint.

25.    Responding to the allegations in paragraph 25 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 25 of the complaint.

26.    Responding to the allegations in paragraph 26 of the complaint, United National admits and alleges that it contributed $100,000 on behalf of Cirrus to settle the *Tracy* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 26 of the complaint.

27.    Responding to the allegations in paragraph 27 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 27 of the complaint.

28.    Responding to the allegations in paragraph 28 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

29.    Responding to the allegations in paragraph 29 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to defend Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund of Interstate for any of the costs to defend Cirrus in the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies

6

1  each, every, and all of the allegations contained in paragraph 29 of the complaint.

2      30.     Responding to the allegations in paragraph 30 of the complaint, United National

3  admits and alleges that Fireman's Fund contends that United National had a duty to defend

4  Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse

5  Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United

6  National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United

7  National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of

8  the costs to defend Cirrus in the *Tracy* action. Except as so admitted and alleged, United

9  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

10  each, every, and all of the allegations contained in paragraph 30 of the complaint.

11      31.     Responding to the allegations in paragraph 31 of the complaint, United National

12  admits and alleges that Fireman's Fund contends that United National had a duty to defend

13  Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse

14  Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United

15  National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United

16  National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of

17  the costs to defend Cirrus in the *Tracy* action. Except as so admitted and alleged, United

18  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

19  each, every, and all of the allegations contained in paragraph 31 of the complaint.

20      32.     Responding to the allegations in paragraph 32 of the complaint, United National

21  admits and alleges that Fireman's Fund contends that United National had a duty to defend

22  Cirrus in the *Tracy* action, that Fireman's Fund contends that United National must reimburse

23  Fireman's Fund for some or all of the costs to defend Cirrus in the *Tracy* action, that United

24  National contends that it had no duty to defend Cirrus in the *Tracy* action, and that United

25  National contends that it has no obligation to reimburse Fireman's Fund or Interstate for any of

26  the costs to defend Cirrus in the *Tracy* action. Except as so admitted and alleged, United

27  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

28  each, every, and all of the allegations contained in paragraph 32 of the complaint.

7

33.    Responding to the allegations in paragraph 33 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

34.    Responding to the allegations in paragraph 34 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for all or part of any payment by Fireman's Fund or Interstate to indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 34 of the complaint.

35.    Responding to the allegations in paragraph 35 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse Fireman's Fund or Interstate for all or part of any payment by Fireman's' Fund or Interstate to indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 35 of the complaint.

36.    Responding to the allegations in paragraph 36 of the complaint, United National admits and alleges that Fireman's Fund contends that United National had a duty to indemnify Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in the *Tracy* action, and that United National contends that it has no obligation to reimburse

8

1  Fireman's Fund or Interstate for all or part of any payment by Fireman's' Fund or Interstate to

2  indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United

3  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

4  each, every, and all of the allegations contained in paragraph 36 of the complaint.

5      37.    Responding to the allegations in paragraph 37 of the complaint, United National

6  admits and alleges that Fireman's Fund contends that United National had a duty to indemnify

7  Cirrus in connection with the *Tracy* action, that Fireman's Fund contends that United National

8  must reimburse Fireman's Fund for a share of the "indemnity expenses incurred in the defense

9  of the mutual Insured," that United National contends that it had no duty to indemnify Cirrus in

10  the *Tracy* action, and that United National contends that it has no obligation to reimburse

11  Fireman's Fund or Interstate for all or part of any payment by Fireman's Fund or Interstate to

12  indemnify cirrus in connection with the *Tracy* action.  Except as so admitted and alleged, United

13  National lacks sufficient knowledge, information or belief to respond to and on that basis denies

14  each, every, and all of the allegations contained in paragraph 37 of the complaint.

15      38.    Responding to the allegations in paragraph 38 of the complaint, United National

16  incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

17      39.    Responding to the allegations in paragraph 39 of the complaint, United National

18  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

19  and all of the allegations contained in paragraph 39 of the complaint.

20      40.    Responding to the allegations in paragraph 40 of the complaint, United National

21  admits and alleges that it issued to Cirrus as named insured a policy of claims-made-and-reported

22  professional liability insurance referenced in paragraph 7 of this answer.  Except as so admitted

23  and alleged, United National lacks sufficient knowledge, information or belief to respond to and

24  on that basis denies each, every, and all of the allegations contained in paragraph 40 of the

25  complaint.

26      41.    Responding to the allegations in paragraph 41 of the complaint, United National

27  admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself,

28  advising that United National had determined that there was no coverage under the Untied

National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 41 of the complaint.

42.    Responding to the allegations in paragraph 42 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 42 of the complaint.

43.    Responding to the allegations in paragraph 43 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 43 of the complaint.

44.    Responding to the allegations in paragraph 44 of the complaint, United National incorporates by reference paragraphs 1 through 27 of this answer as though fully set forth here.

45.    Responding to the allegations in paragraph 45 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 45 of the complaint.

46.    Responding to the allegations contained in paragraph 46 of the complaint, United National admits and alleges that it issued to Cirrus as named insured a policy of claims-made-and-reported professional liability insurance referenced in paragraph 7 of this answer.  Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 46 of the complaint.

47.    Responding to the allegations in paragraph 47 of the complaint, United National admits and alleges that it issued a letter dated February 13, 2006, which speaks for itself, advising that United National had determined that there was no coverage under the Untied National policy for the *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first made and reported during Interstate Fire & Casualty Company's immediately preceding policy period, and stating that United National continued to reserve all of its rights under the policy.  Except as so admitted and alleged, United National lacks

1   sufficient knowledge, information or belief to respond to and on that basis denies each, every,

2   and all of the allegations contained in paragraph 47 of the complaint.

3       48.    Responding to the allegations in paragraph 48 of the complaint, United National

4   denies each, every, and all of the allegations contained in paragraph 48 of the complaint.

5       49.    Responding to the allegations in paragraph 49 of the complaint, United National

6   denies each, every, and all of the allegations contained in paragraph 49 of the complaint.

7       50.    Responding to the allegations in paragraph 50 of the complaint, United National

8   admits and alleges that plaintiff makes the contentions set forth in paragraph 50 of the complaint.

9   Except as so admitted, United National lacks sufficient knowledge, information or belief to

10  respond and on that basis denies each, every, and all of the allegations contained in paragraph 50

11  of the complaint.

12      51.    Responding to the allegations in paragraph 51 of the complaint, United National

13  incorporates by reference paragraphs 1 through 28 of this answer as though fully set forth here.

14      52.    Responding to the allegations in paragraph 52 of the complaint, United National

15  admits and alleges that plaintiff makes the contentions set forth in paragraph 52 of the complaint.

16  Except as so admitted, United National lacks sufficient knowledge, information or belief to

17  respond and on that basis denies each, every, and all of the allegations contained in paragraph 52

18  of the complaint.

19      53.    Responding to the allegations in paragraph 53 of the complaint, United National

20  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

21  and all of the allegations contained in paragraph 53 of the complaint.

22      54.    Responding to the allegations in paragraph 54 of the complaint, United National

23  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

24  and all of the allegations contained in paragraph 54 of the complaint.

25      55.    Responding to the allegations in paragraph 55 of the complaint, United National

26  admits and alleges that it issued a letter dated October 6, 2006, which speaks for itself, advising

27  that United National would not defend Cirrus in the *Tracy* action, and reserving United

28  National's rights to disclaim coverage for the *Tracy* action. United National further admits and

1   alleges that it issued a letter dated February 13, 2007, which speaks for itself, advising that Untied

2   National had determined that there was no coverage under the United National policy for the

3   *Tracy* action because, among other reasons, the *Tracy* action appeared to constitute a claim first

4   made and reported during Interstate Fire & Casualty Company's immediately preceding policy

5   period, and stating that United National continued to reserve all of its rights under the policy.

6   Except as so admitted, United National lacks sufficient knowledge, information or belief to

7   respond and on that basis denies each, every, and all of the allegations contained in paragraph 55

8   of the complaint.

9        56.     Responding to the allegations in paragraph 56 of the complaint, United National

10  lacks sufficient knowledge, information or belief to respond and on that basis denies each, every,

11  and all of the allegations contained in paragraph 56 of the complaint.

12

13       United National further alleges the following affirmative defenses:

14       1.     As and for a first, separate defense, United National alleges that the complaint and

15  each claim therein do not state facts sufficient to constitute a cause of action against United

16  National.

17       2.     As and for a second, separate defense, United National alleges that the plaintiff

18  lacks standing to bring this action.

19       3.     As and for a third, separate defense, United National alleges that the complaint and

20  each cause of action in it are barred by the terms, provisions, conditions, limitations, and

21  exclusions of the alleged United National policy.  United National reserves the right to amend its

22  answer to the Complaint to assert any additional defenses arising from the terms of the alleged

23  United National insurance policy, and/or applicable insurance policy terms, provisions,

24  conditions, limitations, and exclusions as may become apparent during the continuing course of

25  discovery in this action.

26       4.     As and for a fourth, separate defense, United National alleges that the complaint

27  and each cause of action in it are barred by the terms, provisions, conditions, limitations, and

28  exclusions of a policy of liability insurance issued by Interstate Fire & Casualty Company, policy

number ASC-1000204, to named insured Cirrus Medical Staffing, LLC, for the policy period

January 27, 2005, to January 27, 2006.  United National reserves the right to amend its answer to

the Complaint to assert any additional defenses arising from the terms of the alleged Interstate

insurance policy, and/or applicable insurance policy terms, provisions, conditions, limitations,

and exclusions as may become apparent during the continuing course of discovery in this action.

Wherefore United National prays for judgment as follows:

1.    That the Court deny plaintiff's prayers for judicial declarations set forth in the complaint;

2.    That plaintiff take nothing by its complaint;

3.    That United National be awarded its costs of suit incurred herein;

4.    That United National be awarded its attorneys fees;

3.    For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM AGAINST FIREMANS' FUND INSURANCE COMPANY, INTERSTATE FIRE & CASUALTY COMPANY, AND ROES 1 THROUGH 10

Counterclaimant United National Insurance Company, for its counterclaim against

counterdefendants Fireman's Fund Insurance Company, Interstate Fire & Casualty Company, and

Roes 1 through 10, inclusive, alleges as follows:

## GENERAL ALLEGATIONS

1.    At all times herein mentioned, United National was and is a Pennsylvania

corporation with its principal place of business in Bala Cynwyd, Pennsylvania.

2.    United National is informed and believes and thereon alleges that

counterdefendant Fireman's Fund Insurance Company is a California corporation with its

principal place of business in Novato, California.

13

3.    United National is informed and believes and thereon alleges that counterdefendant Interstate Fire & Casualty Company is an Illinois corporation, doing business in California, with its principal place of business in Chicago, Illinois.

4.    United National is unable to ascertain the true names and identities of those counterdefendants designated as Roes 1 through 10, inclusive. United National will ask leave of Court to amend this complaint and all subsequent pleadings to insert the true names and capacities of these fictitiously named counterdefendants when ascertained. The allegations and controversies alleged below with respect to the named counterdefendants Fireman's Fund and Interstate apply equally to Roes 1 through 10.

5.    Jurisdiction over United National's counterclaim is conferred by 28 U.S.C. § 1367(a).

6.    Venue is proper in this Court under 28 U.S.C. § 1391(a)(1), because counterdefendant Fireman's Fund is a resident of this district.

7.    United National is informed and believes, and on that basis alleges, that Cirrus Medical Staffing LLC was sued in underlying litigation styled *Tracy v. Lovelace Sandia Health Services dba Albuquerque Regional Medical Center et al.*, which was filed in the State of New Mexico, Second Judicial District Court, County of Bernalillo, action number CV 2005 07009. United National is informed and believes, and on that basis alleges, that the *Tracy* action was a medical-malpractice action that was filed on or about September 14, 2005.

8.    United National is informed and believes, and on that basis alleges, that the complaint in the *Tracy* action alleges, at paragraph 6, that Cathy Robinson R.N., "negligently failed to monitor Marilyn Tracy's fluid status, negligently failed to respond to worsening vital signs and negligently failed to appropriately notify the physician on call that Marilyn Tracy's status was not improving. In addition, the nurses negligently failed to continue to monitor Marilyn Tracy, despite her worsening condition, such that she was allowed to deteriorate, become unresponsive, apneic, go into asystole and code." United National is informed and believes, and on that basis alleges, that the complaint in the *Tracy* action alleges that Marilyn Tracy was pronounced dead on October 7, 2004.

9.      United National is informed and believes, and on that basis alleges, that on January 4, 2006, attorney Ellen Thorne Skrak, counsel for defendant Lovelace Sandia in the *Tracy* action, faxed a letter to Cirrus stating that plaintiff's counsel in the *Tracy* action "has expressed the intention to bring you into the case." United National is informed and believes, and on that basis alleges, that Skrak's letter also stated, "[y]our nurse, Cathy Robinson, was one of the nurses who cared for Mrs. Tracy prior to her death." United National is informed and believes, and on that basis alleges, that Skrak forwarded a copy of the complaint in the *Tracy* action to Greg Allen of Cirrus on January 5, 2006.

10.     United National is informed and believes, and on that basis alleges, that Cirrus notified Robert P. Watson of the Watson Insurance Agency, Inc., about Skrak's letter, and that Watson, on January 5, 2006, prepared a "General Liability Notice of Occurrence/Claim" form listing Interstate policy numberASC1000204, a notice-of-claim date of January 4, 2006, and stating "See attached letter received by insured regarding medical malpractice issue." United National is informed and believes, and on that basis alleges, that Terry Bellotti of Health Care Insurers sent an e-mail to Interstate on January 6, 2006, stating "please see attached notice of claim and letter from a lawyer office."

11.     United National is informed and believes, and on that basis alleges, that on January 10, 2006, Skrak sent a fax to Jennifer Beran of Interstate forwarding a copy of the complaint in the *Tracy* action.

12.     United National is informed and believes, and on that basis alleges, that the first-amended complaint in the *Tracy* action alleges, at paragraph 3, that Cirrus employee Cathy Robinson was a "healthcare provider[] who treated Marilyn Tracy," the decedent whose death was the subject of the *Tracy* action. United National is informed and believes, and on that basis alleges, that the first amended complaint further alleges, at paragraph 28, that Cirrus "acting through its employee, agent and/or apparent agent or contractor, Cathy Robinson, RN, negligently failed to inform the physician on call of Marilyn Tracy's status," as a result of which, according to paragraph 23, Marilyn Tracy was pronounced dead on October 7, 2004.

13.     United National is informed and believes, and on that basis alleges, that N.M. Stat.

1    Ann. § 41-5-15 provides as follows:

3        A.     No malpractice action may be filed in any court against a qualifying health

4               care provider before application is made to the medical review commission

5               and its decision is rendered.

7        B      This application shall contain the following:

9               (1)     a brief statement of the facts of the case, naming the persons

10                      involved, the dates and the circumstances, so far as they are known,

11                      of the alleged act or acts of malpractice; and

13              (2)     a statement authorizing the panel to obtain access to all medical and

14                      hospital records and information pertaining to the matter giving rise

15                      to the application, and, for the purposes of is consideration of the

16                      matter only, waiving any claim of privilege as to the contents of

17                      those records.  Nothing in that statement shall in any way be

18                      construed as waiving that privilege for any other purpose or in any

19                      other context, in or out of court.

21        14.    United National is informed and believes, and on that basis alleges, that N.M. Stat.

22    Ann. § 41-5-16 provides as follows:

24        A.     Upon receipt of an application for review, the commission's director or his

25               delegate shall cause to be served a true copy of the application on the

26               health care providers involved.  Service shall be effected pursuant to New

27               Mexico law.  If the health care provider involved chooses to retain legal

28               counsel, his attorney shall informally enter his appearance with the

16

1    director.

2

3    B    The health care provider shall answer the application for review and in

4        addition shall submit a statement authorizing the panel to obtain access to

5        all medical and hospital records and information pertaining to the matter

6        giving rise to the application, and, for the purposes of its consideration of

7        the matter only, waiving any claim of privilege as to the contents of those

8        records. Nothing in that statement shall in any way be construed as

9        waiving that privilege for any other purpose or in any other context, in or

10        out of court.

11

12    C.    In instances where applications are received employing the theory of

13        respondeat superior or some other derivative theory of recovery, the

14        director shall forward such applications to the state professional societies,

15        associations or licensing boards of both the individual health care provider

16        whose alleged malpractice caused the application to be filed, and the health

17        care provider named a respondent as employer, master or principal.

18

19    15.    United National is informed and believes, and on that basis alleges, that Interstate

20    and Roes 1 through 10 issued to Cirrus as named insured a policy of liability insurance, number

21    ASC-10000204, effective for the policy period January 27, 2005, to January 27, 2006. United

22    National is informed and believes, and on that basis alleges, that the Interstate policy generally

23    provides liability coverage to Cirrus on a claims-made-and-reported basis subject to limits of

24    $1,000,000 for each incident and $3,000,000 in the aggregate.

25    16.    United National is informed and believes, and on that basis alleges, that the

26    Interstate policy sets forth the following language in Form 01-PL-4002 (03/04):

27    I.    COVERAGE.

28        The Company will pay on behalf of the Insured all sums which the

17

**Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the Insured and reported to the Company during the **Policy Period**, as a result of **Bodily Injury, Property Damages** or **Personal Injury** caused by an **incident**, provided always that such **incident** happens:

A.   on or after the policy effective date shown on the Declarations; or

B.   at any time prior to the policy effective date shown on the Declarations if;

  1.   such **incident** happens on or subsequent to the "prior acts date" on the Declarations, and

  2.   no **insured** knew or could have reasonably foreseen that such **incident** might be expected to be the basis of a **Claim** or **Suit** on the effective date of this policy.

The Company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as **Damages** to which this insurance applies and the Company shall have the right and duty to defend any **Suit** against the **Insured** seeking **Damages** on account of such **Bodily Injury, Property Damage** or **Personal Injury**, even if any of the allegations of the **Suit** are groundless, false or fraudulent, but the Company shall not be obligated to pay any **Claims** or **Claims Expenses** or judgments or continue to defend any **Suit** after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

\* \* \*

VI.   WHEN **CLAIM** IS CONSIDERED AS FIRST MADE

A **Claim** shall be considered as being first made when the Company first receives written notice from the **Insured** advising that a **Claim** has been made and providing the details of the **Claim**.

18

1    All **Claims** arising out of the same or related **incident** shall be considered

2    as having been made at the item the first such **Claim** is made, and shall be

3    subject to the same limit of liability and only a single deductible, if any,

4    shall apply.

5                     * * *

6    IX.    DEFINITIONS

7    When used in this policy (including endorsement forming a part hereof):

8

9    **"Bodily Injury"** means bodily injury, sickness or disease, mental anguish,

10    psychological injury or emotional distress sustained by any person,

11    including death at any time resulting therefrom;

12

13    **"Claim"** means a demand for money or the filing of **Suit** naming the

14    **Insured** and, in either case, alleging a **Bodily Injury, Property Damage**

15    or **Personal Injury** as a result of an **Incident**.

16                     * * *

17    **"Damages"** means compensatory judgments, settlement or awards but

18    does not include punitive or exemplary **Damages**, fines or penalties, the

19    return of fees or other consideration paid to the **insured**, or the portion of

20    any award or judgment caused by the multiplication of actual **Damages**

21    under federal or state law.  However, if a **Suit** is brought against the

22    **Insured** with respect to a **Claim** for alleged acts or omissions falling

23    within the scope of coverage afforded by this insurance seeking both

24    compensatory and punitive or exemplary **Damages**, then the Company will

25    afford a defense to such action, without liability however, for payment of

26    such punitive or exemplary damages;

27                     * * *

28    **"Incident"** means any act or omission in the rendering of or failure to

19

render services by the **Insured**, or by any person for whom the **Insured** is legally responsible, in the conduct of the business or professional occupation specified in the Declarations.

Any such act or omission together with all related acts or omissions shall be considered one **"Incident"** and be subject to the same limit of liability;

\* \* \*

**"Suit"** means a civil proceeding in which **Damages** because of **Bodily Injury, Property Damage** or **Personal Injury** to which this insurance applies are alleged. **"Suit"** includes:

A.    an arbitration proceeding in which such **Damages** are claimed and to which the **insured** must submit or does submit with the Company's consent; or

B.    any other alternative dispute resolution proceeding in which such **Damages** are claimed and to which the **Insured** submits with the Company's consent.

17.    United National issued to Cirrus as named insured a claims-made-and-reported professional liability insurance policy effective from January 27, 2006, to January 26, 2007, with policy number AH-0000267 (the "United National policy")

18.    The United National policy states as follows:

[From Form CPA-119(2.2005):]

**SECTION I—PROFESSIONAL LIABILITY COVERAGE**

**1.    Insuring Agreement**

We will pay those sums that the insured becomes legally obligated to pay as "compensatory damages" as a result of a "wrongful act." This insurance applies to injury only if a "claim" for damages to which no other insurance applies, because of the injury is first made against the insured and reported to us during the "policy period." This insurance does not apply to injury caused by a "wrongful act" that takes place outside of the "covered

20

territory" or was committed before the Retroactive Date shown in the
Declarations or after the "policy period."

a.    A "claim" by a person or organization seeking damages will be
      deemed to have been made when notice of such "claim" is received
      and recorded by the insured or by us, which ever comes first;

* * *

c.    We will have the right and duty to select counsel and to defend any
      "suit" seeking damages.  However, we will have no duty to defend
      the insured against any "suit" seeking damages for injury to which
      this insurance does not apply

* * *

2.    **Exclusions**

This insurance does not apply to:

* * *

s.    Any "claim," "suit," or "wrongful act" that might result in a
      "claim" or "suit," of which any insured had knowledge or could
      have reasonably foreseen, at the signing date of the application for
      this insurance.

* * *

**SECTION V—PROFESSIONAL LIABILITY CONDITIONS**

* * *

4.    **Other Insurance**

If other valid and collectible insurance with any other insurer is available to
the insured covering a "claim" also covered hereunder (except insurance
purchased to apply in excess of the limit of liability hereunder), this
insurance will be excess of, and not contribute with, such insurance.  If the
insured has other coverage with us covered a ":claim" also covered by this
policy or coverage Part, the insured must elect which policy or Coverage

21

Part will apply and we will be liable under the Coverage Part so elected and will not be liable under any other policy or Coverage Part.

\* \* \*

5.    **Representations**

By accepting this policy, you agree:

a.    The statements in the Declarations and application, made part of this policy, are accurate and complete;

b.    Those statements are based upon representations you made to us;

c.    We have issued this policy in reliance upon your representations; and

d.    This policy embodies all of the agreements existing between you and us or any of our agents relating to this insurance.

\* \* \*

**SECTION VI—DEFINITIONS**

\* \* \*

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4.    "Claim" means a written demand upon the insured for "compensatory damages," including, but not limited to, the service of "suit" or institution of arbitration proceedings against the insured. "Claim" includes reports of accidents, acts, errors, occurrences, offenses or omissions which may give rise to a "claim" under this policy. "Claims" based on or arising out of the same act or interrelated acts of one or more insured will be considered to be based on a single "wrongful act."

\* \* \*

11.    "Suit" means a civil proceeding in which damages for injury to which this insurance applies are alleged. "Suit" includes an arbitration proceeding alleging such damages to which you must submit or submit with our

22

1    consent.

2    12.    "Wrongful act' means any act, error or omission in the furnishing of

3    professional social services.  It includes the furnishing of food, beverages,

4    medications or appliances in connection with those services.  All

5    "wrongful acts" committed in the furnishing of professional social services

6    to any one person will be considered one "wrongful act."  All interrelated

7    "wrongful acts" of one or more insured will be considered one "wrongful

8    act."

9

10   [From Form EPA-909 (5/2006):]

11   This endorsement modifies insurance provided under the following:

12   PROFESSIONAL LIABILITY COVERAGE PART

13   Paragraph 12. of SECTION VI.—DEFINITIONS is deleted and replaced by the

14   following:

15   12.    "Wrongful act" means:

16   a.    any act or omission in the furnishing of healthcare services

17   to a patient or client including the furnishing of food,

18   beverages, medications, medical treatment or appliances in

19   connection with such services and the postmortem handling

20   of human bodies.

21   b.    All "wrongful acts" committed in the furnishing of services

22   to any one patient or client will be considered one

23   "wrongful act." All interrelated "wrongful acts" of one or

24   more insured will be considered one "wrongful act."

25

26   19.    United National is informed and believes, and on that basis alleges, that Interstate

27   and/or Fireman's Fund agreed to defend and indemnify Cirrus in connection with the *Tracy*

28   pursuant to the terms and provisions of the Interstate policy.

FIRST CLAIM FOR DECLARATORY JUDGMENT—DUTY TO DEFEND

20.    United National incorporates by reference the allegations of paragraphs 1-15 of this counterclaim.

21.    An actual controversy has arisen and now exists between United National, Fireman's Fund, Interstate, and Roes 1 through 10 concerning their respective rights and duties under the Interstate and United National policies regarding the underlying *Tracy* action. United National contends that Fireman's Fund, Interstate, Roes 1 through 10, or any of them, were required to defend Cirrus in connection with the *Tracy* action, and that United National had no obligation to defend Cirrus in connection with the *Tracy* action. On the other hand, United National is informed and believes, and on that basis alleges, that Fireman's Fund, Interstate, and Roes 1 through 10, contend that they had no obligation to defend Cirrus in the *Tracy* action and that United National alone was obligated to defend Cirrus in the *Tracy* action, or, alternately, that Fireman's Fund, Interstate, and United National were jointly obligated to defend Cirrus in connection with the *Tracy* action. United National requests this Court to make and enter its binding judicial declarations in accordance with United National's contentions set forth in this paragraph. The requested declarations are both necessary and proper at this time under the circumstances in that the interest of judicial economy and substantial justice will be served thereby.

SECOND CLAIM FOR DECLARATORY JUDGMENT—DUTY TO INDEMNIFY

22.    United National incorporates by reference the allegations of paragraphs 1-15 of this counterclaim

23.    An actual controversy has arisen and now exists between United National, Fireman's Fund, Interstate, and Roes 1 through 10 concerning their respective rights and duties under the Interstate and United National policies regarding the underlying *Tracy* action. United National contends that Fireman's Fund, Interstate, Roes 1 through 10, or any of them, were required to indemnify Cirrus in connection with the *Tracy* action, and that United National had no obligation to indemnify Cirrus in connection with the *Tracy* action. On the other hand, United National is

24

1   informed and believes, and on that basis alleges, that Fireman's Fund, Interstate, and Roes 1

2   through 10, contend that they had no obligation to indemnify Cirrus in the *Tracy* action and that

3   United National alone was obligated to indemnify Cirrus in the *Tracy* action, or, alternately, that

4   Fireman's Fund, Interstate, and United National were jointly obligated to indemnify Cirrus in

5   connection with the *Tracy* action.  United National requests this Court to make and enter its

6   binding judicial declarations in accordance with United National's contentions set forth in this

7   paragraph.  The requested declarations are both necessary and proper at this time under the

8   circumstances in that the interest of judicial economy and substantial justice will be served

9   thereby.

10       24.      If the Court enters a judicial declaration in accordance with United National's

11  contentions set forth in the preceding paragraph, United National is entitled to recover from

12  defendants Fireman's Fund, Interstate, and Roes 1 through 10, or any of them, $100,000, plus

13  prejudgment interest under Cal. Civ. Code §§ 3287(a) and 3289(b), to reimburse United National

14  for its contribution toward the settlement of the *Tracy* action.

15

16       WHEREFORE, United National prays for judgment as follows:

17  a.      That the Court make and enter a binding judicial declaration of the parties'

18          respective rights and duties in accordance with United National's contentions set

19          forth in paragraph 17 above,

20  b.      That the Court make and enter a binding judicial declaration of the parties'

21          respective rights and duties in accordance with United National's contentions set

22          forth in paragraph 19 above,

23  c.      That the Court order and enter a money judgment requiring counterdefendants

24          Fireman's Fund, Interstate, Roes 1 through 10, and any of the them, to reimburse

25          United National $100,000, plus prejudgment interest under Cal. Civ. Code

26          §§3287(a) and 3289(b), for the money it contributed to settlement of the *Tracy*

27          action.

28  d.      That United National be awarded its costs of suit incurred herein; and

25

1    e.    For such other and further relief as the Court deems just and proper.

2

3    Respectfully submitted,

4    NIELSEN, HALEY & ABBOTT LLP

5

6    Dated:  June 5, 2008    By: _____

7    Thomas H. Nienow

    Attorneys for Defendant and Counterclaimant

8    UNITED NATIONAL INSURANCE COMPANY

9

10

11

12    **DEMAND FOR JURY TRIAL**

13    Defendant and counterclaimant United National Insurance Company demands trial by jury in

14    this action.

15    Respectfully submitted,

16    NIELSEN, HALEY & ABBOTT LLP

17

18    Dated:  June 5, 2008    By: _____

19    Thomas H. Nienow

    Attorneys for Defendant and Counterclaimant

20    UNITED NATIONAL INSURANCE COMPANY

21

22

23

24

25

26

27

28

AMENDED ANSWER AND COUNTERCLAIM OF UNITED NATIONAL INSURANCE COMPANY

*Interstate Fire & Casualty Company v. United National Ins. Co.*
United State District Court, Northern District Court No.: C 07-04943 MHP

## PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco. I am over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, Suite 750, San Francisco, California 94104. On the date set forth below I served the following document(s) described as:

### DECLARATION OF THOMAS H. NIENOW IN SUPPORT OF UNITED NATIONAL'S MOTION FOR LEAVE TO AMEND COUNTERCLAIM

[ ]    (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

[ ]    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

[ X ]    **(BY ELECTRONIC SERVICE)** by submitting an electronic version of the document(s) to be served on all parties listed on the service list on file with the court as of this date.

**Attorney for Plaintiff, Fireman's Fund Ins. Co.**
Christopher J. Borders
Casey A. Hatton
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 362-6000
Fax: (415) 834-9070

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 20, 2008, at San Francisco, California.

*Fatima Puente*
Fatima Puente