1  Christopher J. Borders (SBN: 135901)
   Casey A. Hatton (SBN: 246081)
2  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
3  San Francisco, CA 94111
   Telephone:   415-362-6000
4  Facsimile:   415-834-9070

5  Attorneys for Plaintiff and Counter-Defendant
   INTERSTATE FIRE & CASUALTY COMPANY
6

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO/OAKLAND DIVISION

11 | INTERSTATE FIRE & CASUALTY        ) Case No. CV 07-04943 MHP
     COMPANY,                          )
12 |                                   ) **INTERSTATE FIRE & CASUALTY
                Plaintiff,             ) COMPANY'S OBJECTION TO UNITED
13 |                                   ) NATIONAL'S USE OF PRIVILEGED
   vs.                                 ) SETTLEMENT COMMUNICATIONS**
14 |                                   )
   UNITED NATIONAL INSURANCE           ) Date:         August 18, 2008
15 | COMPANY, and DOES 1 - 10,         ) Time:         2:00 P.M.
                                       ) Courtroom:    15
16             Defendants.             )
                                       )
17 |_____) Complaint Filed:   August 21, 2007
   UNITED NATIONAL INSURANCE           )
18 | COMPANY,                          ) Counterclaim Filed: October 1, 2007
                                       )
19             Counterclaimant,        )
                                       )
20 vs.                                 )
                                       )
21 INTERSTATE FIRE & CASUALTY          )
   COMPANY and ROES 1 - 10,            )
22                                     )
                Counter-Defendants.    )
23 |_____)

24     In accordance with Local Rule 56-2 and the Court's order of March 3, 2008, Plaintiff and

25 Counter-Defendant INTERSTATE FIRE & CASUALTY ("Interstate") and Defendant and Counter-

26 Claimant UNITED NATIONAL INSURANCE COMPANY ("UNIC") have filed cross-motions for

27 summary judgment utilizing a Joint Statement of Undisputed Facts ("Joint Statement"). UNIC's

28 counsel insisted that the Joint Statement include two letters from Interstate's counsel dated March

---

1
INTERSTATE'S OBJECTION TO USE OF SETTLEMENT COMMUNICATIONS
2973504v1 879609

19, 2007 and March 22, 2007. Both letters are inadmissible settlement communications pursuant to Federal Rule of Evidence 408 because they are settlement demands and offers for compromise. UNIC's counsel verbally represented that UNIC intended to use the correspondence to demonstrate something other than the content of the settlement communications and not to assert Interstate's liability. Interstate did not agree, but in the interest of reaching consensus on the Joint Statement, Interstate stipulated to reference to the correspondence in the Joint Statement.

Interstate anticipates that UNIC will rely on the correspondence for the improper purpose of establishing the amount or proportion of its liability in violation of F.R.E. 408. Interstate files this anticipatory objection to any use of the correspondence of March 19, 2007 and March 22, 2007.

## I.   RELEVANT FACTS

On February 13, 2007, UNIC reversed its prior position and disclaimed coverage for the *Tracy* Action. At the time UNIC disclaimed coverage, it was aware that the *Tracy* Action[1] was scheduled for private mediation on March 21, 2007 and that Interstate had agreed to jointly participate in the resolution of the *Tracy* Action along with UNIC.

Interstate's counsel responded to the February 13, 2007 letter by demanding that UNIC participate in the defense and indemnity of Cirrus and that UNIC participate in the mediation on March 21, 2007. The letter clearly states, "Interstate hereby demands that [UNIC] continue to participate in the defense of Cirrus, including participate in the mediation schedule in the underlying matter for March 21, 2007." The letter is written in the interest of "avoid[ing] protracted disagreement" and addressed the coverage position dispute. The *Tracy* Action was settled at the March 21 mediation with UNIC maintaining its coverage disclaimer but still contributing $100,000 of the $499,000 paid on behalf of Cirrus. Interstate attempted to engage UNIC in further settlement negotiations and, on March 22, 2007, formally demanded reimbursement for Interstate's payment of $399,000. The March 22, 2007 letter also clearly expresses Interstate's desire to "avoid a protracted disagreement over this matter" and willingness to consider a compromise of its demand. The

---

[1] *Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy, Deceased v. Lovelace Sandia Health d/b/a/ Albuquerque Regional Medical Center*, New Mexico Second Jud. Dist., Case No. CV-2005-07009 (hereinafter "the *Tracy* Action").

balance of the letter sets forth Interstate's legal analysis of UNIC's coverage position as well as Interstate's own evaluation of liability.

## II. LEGAL ARGUMENT

Federal Rule of Evidence 408 provides as follows:

> **(a) Prohibited uses.**--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> **(b) Permitted uses.**--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Rule 408 is based on two principles. First, evidence of settlement offers is "irrelevant as being motivated by a desire for peace rather than from a concession of the merits of the claim." *U.S. v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982). Second, Rule 408 promotes "the public policy favoring the compromise and settlement of disputes." *Id.* "By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement." *Id.*

Despite UNIC's assurances, Interstate believes that any consideration of the March 19 and March 22 letters will unavoidably prejudice Interstate by creating an impression with the court that Interstate believes it has a shared coverage obligation with UNIC for the *Tracy* Action when, in fact, UNIC alone owes a coverage obligation for the matter. The Ninth Circuit specifically rejects the use of settlement communications to establish liability, or an amount of liability. *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007); *Fair Housing Council of San Diego v. Penasquitos Casablanca Owner's Ass'n.*, 523 F.Supp.2d 1164, 1174 – 1175 (S.D. Cal. 2007)

(rejecting use of settlement demands to establish basis for reducing prevailing party attorney fee award).

A communication is inadmissible under Rule 408 if it references valuable consideration regarding a disputed claim that already exists. *United States v. Mirama Enterprises, Inc.*, 185 F.Supp.2d 1148, 1156 (S.D. Cal. 2002). Such a communication is inadmissible as long as the litigant asserting the applicability of Rule 408 can show that the communications were part of an attempt to settle the dispute. *Mirama,* at 1156. The Interstate letters are clearly settlement communications under Rule 408.

For these reasons, the Interstate letters should be excluded from consideration by the court under Rule 408. *Pavone v. Citicorp Credit Services, Inc.*, 60 F.Supp.2d 1040, 1045 – 1046 (S.D.Cal., 1997) (excluding letter from counsel referring to litigation and offering to settle it). See also, *Civic Center Drive Apartments Ltd. Partnership v. Southwestern Bell Video*, 295 F.Supp.2d 1091, 1099, n. 3 (N.D.Cal., 2003) (excluding letter from counsel that explicitly referred to the parties' efforts to settle the action and was designated as a settlement letter). Both the March 19 and March 22 Interstate letters are dedicated to addressing the parties' ongoing dispute regarding their respective obligations for Cirrus' liabilities, made demands on UNIC to meet it coverage obligations, and addressed compromise of the dispute.

Although Rule 408 does not exclude evidence that is otherwise discoverable simply because it is presented in the course of settlement negotiations, it is difficult to imagine an admissible purpose Interstate's March 19 and March 22 letters may serve. In *ABM Industries, Inc. v. Zurich American Ins. Co.,* 237 F.R.D. 225, 228 (N.D. Cal. 2006), the court allowed evidence that Zurich's counsel attended a mediation and refused to provide coverage for the limited purpose of refuting Zurich's contention that it did not deny coverage. This exception is not relevant here. Moreover, Interstate has communicated its willingness to stipulate to any allowed evidence that UNIC may find in the letters.

Settlement communications may also be admissible for the limited purposes of demonstrating the parties' relationship or attacking credibility of a witness. *Brocklesby v. United*

*States*, 767 F.2d 1288, 122 – 1293 (9th Cir. 1985) (indemnity agreement admitted to show relationship between parties). Again, this exception has no application to this matter.

"The risks of prejudice and confusion entailed in receiving settlement evidence are such that often…the underlying policy of Rule 408 requires exclusion even when a permissible purpose can be discerned." E.E.O.C. v. Gear Petroleum, Inc., 948 F.2d 1542, 1546 (10th Cir. 1991), quoting David W. Louisell & Christopher B. Mueller, Federal Evidence § 170, at 443 (rev. vol. 2 1985). When the proponent offering settlement communications does so as a "thinly veiled attempt" to place inadmissible evidence before the trier-of-fact, the evidence should be excluded pursuant to Rule 408. E.E.O.C., at 1546. Certainly, when there is doubt as to the proponent's intentions, "the better practice is to exclude evidence of...compromise offers." E.E.O.C., at 1546.

The March 19 and March 22 are - in their entirety - offers to compromise Interstate's claim for indemnity against UNIC. The letters contain legal and factual analysis intended to persuade UNIC to resolve the claim first by participating in the mediation and second by compromising with Interstate, both with the goal of avoiding litigation. The letters are absolutely inadmissible in this action.

### III. CONCLUSION

Interstate stipulated to UNIC's inclusion of the March 19 and March 22 letters only in order to secure a Joint Statement on which it could proceed with the cross-motions, and did not waive its right to seek enforcement of Rule 408. Interstate asks that the court strike the Interstate letters from the Joint Stipulation.

DATED: July 21, 2008

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Christopher J. Borders*
*/s/ Casey A. Hatton*
CHRISTOPHER J. BORDERS
CASEY A. HATTON
Attorneys for Plaintiff and Counter-Defendant