1  CHRISTOPHER J. BORDERS (SBN 135901)
   CASEY A. HATTON (SBN 246081)
2  HINSHAW & CULBERTSON LLP
   One California Street
3  18th Floor
   San Francisco, CA 94111
   Telephone:    415-362-6000
4  Facsimile:    415-834-9070

5  Attorneys for Plaintiff and Counter-Defendant
   INTERSTATE FIRE & CASUALTY COMPANY
6

7  JAMES C. NIELSEN (SBN 111889)
   THOMAS H. NIENOW (SBN 136454)
8  NIELSEN, HALEY & ABBOTT LLP
   44 Montgomery Street, Suite 750
9  San Francisco, CA 94104
   Telephone:    415-693-0900
10 Facsimile:    415-693-9674

11 Attorneys for Defendants and Counter-Claimant
   UNITED NATIONAL INSURANCE COMPANY

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14              SAN FRANCISCO/OAKLAND DIVISION

15 INTERSTATE FIRE & CASUALTY              ) Case No.  CV 07-04943 MHP
   COMPANY,                                )
16                                         )
            Plaintiff,                     ) **JOINT STATEMENT OF UNDISPUTED**
17                                         ) **FACTS**
   vs.                                     )
18                                         )
   UNITED NATIONAL INSURANCE               ) Complaint Filed:      August 21, 2007
19 COMPANY, and DOES 1 - 10                )
                                           ) Counterclaim Filed:   October 1, 2007
20          Defendants.                    )
                                           )
21 ─────────────────────────────          )
                                           )
22 UNITED NATIONAL INSURANCE               )
   COMPANY,                                )
23                                         )
            Counterclaimant,               )
24                                         )
   vs.                                     )
25                                         )
   INTERSTATE FIRE & CASUALTY              )
26 COMPANY and ROES 1 - 10,                )
                                           )
27          Counter-Defendants.            )

28

                          1

1

2

3

4

5

6

      Pursuant to Local Rule 56-2(b), Plaintiff and Counter-Defendant INTERSTATE FIRE & CASUALTY ("Interstate") and Defendant and Counter-Claimant UNITED NATIONAL INSURANCE COMPANY ("United National") hereby jointly submit the following statement of undisputed facts for consideration along with the parties' respective motions for summary judgment/adjudication:

7

8

9

      1.     Interstate issued policy number ASC1000204 to named insured Cirrus Medical Staffing, LLC (hereinafter "Cirrus"), for the policy period January 27, 2005, through January 27, 2006 (hereinafter "the Interstate Policy"). Attached hereto as **Exhibit A** is a true and correct copy of the Interstate Policy.

10

11

12

13

      2.     United National issued policy number AH-0000267 to named insured Cirrus for the policy period January 27, 2006, through January 27, 2007 (hereinafter "the United National Policy"). Attached hereto as **Exhibit B** is a true and correct copy of portions of the United National policy.

14

15

16

17

18

19

      3.     On or about April 22, 2004, Cirrus contracted with the Hospital Services Corporation to provide medical staffing for the Lovelace Sandia Health Systems facility in Albuquerque, New Mexico (hereinafter "Lovelace Sandia"). Attached hereto as **Exhibit C** is a document United National and Interstate believe to be, and do not contest for purposes of these cross-motions, a true and correct copy of the Hospital Services Corporation contract.

20

21

22

23

24

      4.     On or about August 16, 2004, Cathy Robinson entered into a "Traveling Medical Professional Services Agreement" with Cirrus providing that Robinson would be employed by Cirrus as a traveling Registered Nurse. Attached hereto as **Exhibit D** is a document United National and Interstate believe to be, and do not contest for purposes of these cross-motions, a true and correct copy of the Agreement.

25

26

      5.     On or about August 30, 2004, Cirrus assigned Robinson to work as a Registered Nurse for Lovelace Sandia's Albuquerque, New Mexico, hospital.

27

28

      6.     On or about October 7, 2004, Lovelace Sandia patient Marilyn Tracy died.

2

7.    On September 14, 2005, Marilyn Tracy's estate filed a lawsuit styled *Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy, Deceased v. Lovelace Sandia Health d/b/a/ Albuquerque Regional Medical Center* (hereinafter "the *Tracy* Action"). Attached hereto as **Exhibit E** is a true and correct copy of the original complaint filed in the *Tracy* Action.

8.    On January 4, 2006, Ellen Thorne Skrak, defense counsel for Lovelace Sandia in the *Tracy* Action, sent Cirrus a facsimile letter, which Interstate and United National do not dispute for the purpose of these cross-motions Cirrus received on or about January 4, 2006. Attached hereto as **Exhibit F** is a true and correct copy of this letter.

9.    On January 5, 2006, Skrak sent Cirrus a facsimile copy of the original complaint in the *Tracy* Action, which Interstate and United National do not dispute for the purpose of these cross-motions Cirrus received on or about January 5, 2006. Attached hereto as **Exhibit G** is a true and correct copy of the cover sheet for the facsimile.

10.    On January 5, 2006, Robert Watson of Watson Insurance Agency, Inc., prepared a "General Liability Notice of Occurrence/Claim" form. Attached hereto as **Exhibit H** is a true and correct copy of the form prepared by Watson.

11.    On January 6, 2006, Terry Bellotti of Health Care Insurers sent an e-mail to Interstate providing Watson's January 5, 2006, form and Skrak's January 4, 2006, letter. Interstate believes, and does not dispute for the purpose of these cross-motions, that it received Bellotti's e-mail on or about January 6, 2006. Attached hereto as **Exhibit I** is a true and correct copy of Bellotti's January 6, 2006, e-mail.

12.    On January 10, 2006, Skrak sent Interstate a facsimile with a copy of the original complaint in the *Tracy* Action. Interstate believes, and does not dispute for the purpose of these cross-motions, that it received Skrak's facsimile on or about January 10, 2006. Attached hereto as **Exhibit J** is a true and correct copy of the cover sheet to Skrak's January 10, 2006, facsimile.

13.    On January 18, 2006, Cheryl Kleinke of United National received an e-mail from Bill Hanaway, which United National believes, and does not dispute for the purpose of these

3

cross-motions, Kleinke received on or about January 18, 2006. Attached hereto as **Exhibit K** is a true and correct copy of Hanaway's January 18, 2006, e-mail.

14. On March 21, 2006, Plaintiffs filed a first amended complaint in the *Tracy* Action. Attached hereto as **Exhibit L** is a true and correct copy of the first amended complaint filed in the *Tracy* Action.

15. Interstate and United National believe, and do not dispute for the purpose of these cross-motions, that Cirrus was served with the first amended complaint in the *Tracy* Action on or about March 28, 2006.

16. Interstate and United National each received a copy of the first amended complaint in the *Tracy* Action no later than April 11, 2006.

17. On March 29, 2006, United National sent a letter to Cirrus. Attached hereto as **Exhibit M** is a true and correct copy of United National's March 29, 2006, letter to Cirrus.

18. On April 11, 2006, Interstate appointed defense counsel to defend Cirrus in the *Tracy* Action. Attached hereto as **Exhibit N** is a true and correct copy of Interstate's letter appointing defense counsel.

19. On April 11, 2006, Jennifer Green of Interstate and Diane Cruz of United National exchanged a series of e-mails. Attached hereto as **Exhibit O** are true and correct copies of the e-mails.

20. On April 11, 2006, Cruz sent an e-mail to Greg Allen of Cirrus. Attached hereto as **Exhibit P** is a true and correct copy of Cruz's e-mail.

21. On April 11, 2006, Cruz sent a letter to Allen. Attached hereto as **Exhibit Q** is a true and correct copy of Cruz's letter.

22. On April 11, 2006, Green sent a fax to Cruz. Attached hereto as **Exhibit R** is a true and correct copy of Green's fax.

23. On October 6, 2006, United National sent a letter to Cirrus regarding the *Tracy* Action. Attached hereto as **Exhibit S** is a true and correct copy of United National's October 6, 2006, correspondence to Cirrus.

24.    On October 10, 24, and 25, 2006, Cruz and Green exchanged a series of e-mails. Attached hereto as **Exhibit T** are true and correct copies of these e-mails.

24.    On February 13, 2007, United National sent a letter to Cirrus regarding the *Tracy* Action.  Attached hereto as **Exhibit U** is a true and correct copy of this letter.

25.    On March 19, 2007, Allen sent a letter to Green regarding the *Tracy* Action. Attached hereto as **Exhibit V** is a true and correct copy of this letter.

26.    On March 19, 2007, Interstate's coverage counsel, Christopher J. Borders, sent a letter to Cruz.  Attached hereto as **Exhibit W** is a true and correct copy of this letter.

27.    On March 20, 2007, Allen sent a letter to Cruz regarding the *Tracy* Action. Attached hereto as **Exhibit X** is a true and correct copy of this letter.

28    On March 21, 2007, Green sent an e-mail to Cruz regarding the *Tracy* Action. Attached hereto as **Exhibit Y** is a true and correct copy of the e-mail.

29.    On March 21, 2007, Green exchanged e-mails with independent adjuster Seth Davis regarding the *Tracy* Action.  Attached hereto as **Exhibit Z** are true and correct copies of the e-mails.

30.    On May 23, 2007, the *Tracy* Action settled.  Cirrus agreed to pay $499,000 to Plaintiffs.  Interstate paid $399,000 of this amount on behalf of Cirrus, and United National paid $100,000 on behalf of Cirrus.  Attached hereto as **Exhibit AA** is a true and correct copy of the settlement agreement.

31.    On March 30, 2007, Cruz sent a letter to Allen regarding the settlement.  Attached hereto as **Exhibit BB** is a true and correct copy of the letter.

32.    On March 30, 2007, Cruz sent a letter to Borders regarding the settlement. Attached hereto as **Exhibit CC** is a true and correct copy of the letter.

//

//

//

5

1

2      33.    Robinson was Cirrus's employee and acting within the course and scope of her

3  employment at the time of Tracy's death.

4      34.    Attached hereto as **Exhibit DD** is a true and correct copy of an application

5  relating to the underwriting of the United National policy.

6      SO STIPULATED.

7

DATED: July 2( 2008                    HINSHAW & CULBERTSON LLP

8

9

10                                      CHRISTOPHER J. BORDERS
                                        CASEY A. HATTON
11                                      Attorneys for Plaintiff and Counter-Defendants
                                        FIREMAN'S FUND INSURANCE COMPANY &
12                                      INTERSTATE FIRE & CASUALTY COMPANY

13

14  DATED: July 21, 2008                NIELSEN, HALEY & ABBOTT LLP

15

16                                      THOMAS H. NIENOW
                                        Attorneys for Defendant and Counterclaimant
17                                      UNITED NATIONAL INSURANCE COMPANY

18

19

20

21

22

23

24

25

26

27

28

6