# EXHIBIT A
## TO JOINT STATEMENT OF UNDISPUTED FACTS

| BRANCH | B/A | PRODUCER NUMBER | | DATE OF ISSUE | PRIOR CERTIFICATE NUMBER |
|--------|-----|-----------------|---|---------------|--------------------------|
| 23 | | 0004214 | | 03/05/2005 | NEW |

# HEALTHCARE PROFESSIONAL LIABILITY
# CLAIMS-MADE POLICY

## NOTICE: THIS IS A CLAIMS-MADE POLICY, PLEASE READ THE POLICY CAREFULLY.

| Item | DECLARATIONS | | POLICY NUMBER **ASC-** 1000204 | |
|------|--------------|---|---|---|
| 1. | *Named Insured* | Cirrus Medical Staffing, LLC (See UME-8086) | | |
| 2. | **MAILING ADDRESS** | 2725 Water Ridge Parkway  Suite 160  Charlotte, NC  28217 | | |
| 3. | Policy Period:   12:01 A.M. Standard Time  At Location of  Mailing Address shown above | From:   01/27/2005   To:   01/27/2006 | | |
| 4 | Prior Acts Date:  06/01/2002 | | | |

| 5. | COVERAGE | LIMITS OF LIABILITY | | PREMIUM |
|----|----------|---------------------|---|---------|
| | Professional Liability | $          1,000,000  each Incident | $          3,000,000  Aggregate | $          46,839 |
| 6. | Deductible (if applicable) | $              5,000  each Incident | | |

| 7. | The Named Insured is:  ☐ Sole Proprietor (including Independent Contractors)   ☒ Partnership   ☐ Corporation  ☐ Other: |
|----|---|
| 8. | Business or Occupation of the Named Insured:  Temporary Staffing |
| 9. | This policy is made and accepted subject to the printed conditions in this policy together with the provisions, stipulations and agreements contained in the following form(s) or endorsement(s):  See Forms Endorsement XSE-1001 (01/96)(Ed.01/98). |

## INTERSTATE FIRE & CASUALTY COMPANY
### 33 WEST MONROE STREET, CHICAGO, ILLINOIS  60603

REPRESENTATIVE:       Agent or Broker:   • Health Care Insurers

Office Address:   • 3030 N. Rocky Point Dr. West

Town and State:   • Tampa FL  33607

01-PL-2001 (01/04)

IFC00149

POLICY NO:          ASC    1000204

# FORMS ENDORSEMENT

The following are the forms attached to and forming a part of the policy at inception:

```
01-PL-2001    (01/04) Healthcare Professional Liability
                      Claims-Made Policy
DME-0002      (11/95) Schedule Of Locations
PLE-2115      (12/96) Sexual Misconduct/Physical Abuse Limited
                      Coverage Endorsement
PLE-2129      (10/94) Limits Of Liability Amendatory Endorsement
PLE-2210      (11/96) Home Health Care Agency
                      Endorsement--Claims Made
PLE-8003      (02/88) Additional Insured Endorsement
UME-8086      (04/90) Named Insured Endorsement
01-PL-4002    (03/04) Healthcare Professional Liability
                      Claims-Made Insurance Policy
```

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

XSE-1001 (01/96) (Ed. 01/98) elec.aps

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CHANGE ENDORSEMENT

The mailing address is hereby amended to read as:

461 Charlotte Park Drive
Suite 400
Charlotte, NC 28217

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

| | |
|---|---|
| The premium for this endorsement is included in the premium shown on the declarations unless a specific amount is shown here: | **Premium: $** |

ENDORSEMENT NO :        01                                    Effective:    01/27/2005
is attached to and forms part of your evidence of insurance no.:        ASC    1000204
                    Issued by:    Interstate Fire & Casualty

*Executive Offices:  33 W. Monroe Street*
*Chicago, Illinois 60603*

Insured            Cirrus Medical Staffing, LLC (See UME-8086)

Date Issued    05/25/2005        CLK / mym        Authorized Representative:

MSE-8001 (11/91) (Ed.*01/04)elec.aps

IFC00151

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# CHANGE ENDORSEMENT

Form PLE-8003 (02/88), Additional Insured Endorsement, is amended in part to add:

Intelistaf Healthcare, Inc.
One Lincoln Center
18W140 Butterfield Ste. 600
Oakbrook Terrace, IL  60181

## ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

The premium for this endorsement is included in the premium shown on the declarations unless a specific amount is shown here:

**Additional**  **Premium: $**  231.00

ENDORSEMENT NO :        03                                    Effective:      11/23/2005
is attached to and forms part of your evidence of insurance no.:      ASC   1000204
          Issued by:    Interstate Fire & Casualty

*Executive Offices: 33 W. Monroe Street*
*Chicago, Illinois 60603*

Insured          Cirrus Medical Staffing, LLC (See UME-8086)

Date Issued    11/30/2005        CLK / mym          Authorized Representative:

MSE-8001 (11/91) (Ed."01/04)elec.aps

IFC00152

POLICY NUMBER:          ASC  1000204

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

Schedule Of Locations

- 2725 Water Ridge Pkwy., Ste.160, Charlotte, NC 28217
- 6002 Berryhill Road, Milton, FL 32572
- 601 West Leota Street, North Platte, NE 69103
- 6161 South Yale Ave., Tulsa, OK 74136
- 111 Colchester Ave., Burlington, VT 05401
- 167 N. Main St., Tuba City, AZ 86045
- 2970 Chartre St., LaSalle, IL 61301
- 2827 Fort Missoula Rd., Missoula, MT 59804
- 1101 Village Road, UL1C, Carbondale, CO 81623
- 455 St. Michaels Dr., Santa Fe, NM 87504
- 1325 Spring St., Greenwood, SC 29646-3875
- 1970 Blvd., Salem, VA 24153-6478
- 105 S. Huntington Ave., Boston, MA 02130-4817
- USPHS Indian Hosp., Hwy. 18 East, Pine Ridge, SD 57770-1201
- 10 Buzell Ave., Exeter, NH 03833-2515
- 360 Amsden Ave., Versailles, KY 40383-1260
- 300 Bryn Street, Cambridge, MD 21613
- 110 Irving Street NW, Washington, DC 20010-2975
- Rt. 3, Box 149, Carrollton, MS 38917
- 100 Hospital Way, Ketchum, ID
- 64 Robbins Street, Waterbury, CT 06721
- 417 W. Third Ave., Albany, GA 31702
- 1301 N. Second Street, Atchinson, KS 66002
- 6245 Inster Road, Garden City, MI 48135
- 308 Willow Ave., Hoboken, NJ 07030
- 1034 N. 500 West, Provo, UT 84604
- 1111 Sixth Ave., Des Moines, IA 50314
- 6150 Oakland Ave., St. Louis, MO 63139
- 501 E. Main St., Waynesboro, PA 17268
- 137 Blount Ave. SE, Knoxville, TN 37920
- 7100 Oakmont Blvd., Fort Worth, TX 76132
- 333 Pine Ridge Blvd., Wausau, WI 54401
- 4651 Charlotte Park Dr., Suite 400, Charlotte, NC 28217
- 1 Hospital Drive, Massena, NY 13662

## ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

DME-0002 (11/95)elec.aps

IFC00153

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SEXUAL MISCONDUCT / PHYSICAL ABUSE
# LIMITED COVERAGE ENDORSEMENT

In consideration of the premium charged, exclusion 26 of Section VII. EXCLUSIONS, is deleted in its entirety and replaced with the following:

26.  to any claims made or **Suits** brought against any **Insured** alleging in whole or in part **Sexual Misconduct** or **Physical Abuse** committed by any client, patient or any other person whose care has been entrusted to the **Insured**.

The policy is further amended as follows:

The Company will pay on behalf of the **Insured** under the COVERAGES Section of the policy, **Damages** for a claim or **Suit** arising out of an **Incident** or **Occurrence** alleging **Sexual Misconduct** or **Physical Abuse** that occurs during the Policy Period including assertions of improper or negligent hiring, employment or supervision, failure to protect or warn the other party, failure to prevent the **Sexual Misconduct** and/or **Physical Abuse**, failure to prevent assault and battery, or failure to discharge the employee that was committed, or alleged to have been committed by the **Insured** or by any person for whom the **Insured** is legally responsible.

Limits of liability for this coverage are indicated below. **Claims Expenses** are included within this limit of liability and are not in addition thereto. **Damages** and **Claims Expenses** paid under the coverage provided by this endorsement shall reduce the applicable limits of liability indicated in the policy declarations.

### LIMITS OF LIABILITY

$           100,000   each **Incident** or **Occurrence**
$           300,000   in the aggregate

The DEFINITIONS Section of the policy is amended by the addition of the following:

**"Sexual Misconduct"** means sexual assault, abuse or molestation, or licentious, immoral, amoral or other behavior which was threatened, intended to, lead to or culminated in, any sexual act whether committed intentionally, negligently, inadvertently or with the belief, erroneous or otherwise, that the other party is consenting and has the legal and mental capacity to consent thereto arising out of the professional treatment and care of any client, patient or any other person whose care has been entrusted to the **Insured**.

**"Physical Abuse"** means physical assault, abuse, molestation or intentional neglect arising out of the professional treatment and care of any client, patient or any other person whose care has been entrusted to the **Insured**.

Multiple episodes of **Sexual Misconduct** or **Physical Abuse** to one person shall be deemed to be one **Incident** and shall be subject to the coverage and limits in effect at the time of the first **Incident** even if some of such **Incidents** take place after expiration of this policy.

The obligation to defend shall extend until a final judgment or adjudication shall establish that such behavior caused in whole or in part, the injury claimed. The Company shall not be required to appeal a judgment or final adjudication adverse to the **Insured**.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

PLE-2115 (12/96)elec.aps

# LIMITS OF LIABILITY AMENDATORY ENDORSEMENT
## Single Limit of Liability

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

In consideration of the premiums charged for the "Designated Contracts", except as respects insuring agreements, terms and conditions applicable to policy or certificate premiums, the insuring agreements and other provisions of the "Designated Contracts" shall be those of a single contract of insurance.

If any claim shall occur for which insurance may be considered as provided under more than one of the "Designated Contracts", the Limits of Liability of the insurer for such claim shall not be cumulative, but shall be the Limits of Liability expressed in this policy or certificate or the Limits of Liability expressed in any other "Designated Contract", whichever is greater.

### Additional Definition

"Designated Contracts" as used in this endorsement shall mean:

| Policy/Certificate Number | Effective/Expiration Dates | |
|---|---|---|
| GLI 1120439 | 01/27/2005 | 01/27/2006 |
| | | |
| | | |
| | | |
| | | |

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

PLE-2129 (10/94)elec.aps

IFC00155

THIS ENDORSEMENT CHANGES THE POLICY.    PLEASE READ IT CAREFULLY.

## HOME HEALTH CARE AGENCY ENDORSEMENT
### (CLAIMS-MADE POLICY)

I.    The following are added to Section, VIII, **EXCLUSIONS**, of the policy:

    Q.    to negligent acts or omissions of the **Insured** as a member of a formal accreditation or similar professional board or committee;

    R.    to any **Incident** which occurs on premises owned by or rented to any **Insured.**

II.    Section IX, **DEFINITIONS**, is amended by the deletion of **"Incident"** in its entirety and its replacement with:

    **"Incident"** means any act or omission in the furnishing of professional health care services to a patient or client including the furnishing of food, beverages, medications, or appliances in connection with such services and the postmortem handling of human bodies.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

PLE-2210 (11/96)elec.aps

IFC00156

# ADDITIONAL INSURED ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

In consideration of the premium charged, the "Designated Entity" or "Designated Entities" shown below shall be included as additional insured(s), but only as respects claims arising out of the sole negligence of the individual or entity specified in the Persons Insured section of the policy.

Additional Definition:
"Designated Entity" or "Designated Entities" as used in this endorsement shall mean:

*Nursefinders, Inc.*                              *1701 E. Lamar Blvd., Suite 200,*
                                                  *Arlington, TX 76006*

_____          _____
                NAME                                      ADDRESS


_____          _____
                NAME                                      ADDRESS


_____          _____
                NAME                                      ADDRESS


_____          _____
                NAME                                      ADDRESS

PLE-8003 (02/88) (Ed. 12/99)

IFC00157

# NAMED INSURED

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

The **NAMED INSURED** is completed to read as follows:

Cirrus Medical Staffing, LLC
Cirrus Allied Health, LLC a wholly owned subsidiary of Cirrus Medical Staffing, LLC

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

UME-8086 (04/90) elec.aps

IFC00158

## REPORTING A CLAIM

THE INTERSTATE INSURANCE GROUP IS COMMITTED TO PROVIDING INSUREDS AND CLIENTS WITH EFFECTIVE CLAIM SERVICE. OUR INSUREDS, BROKERS AND AGENTS TRIGGER THIS SERVICE WHEN REPORTING A CLAIM QUICKLY AND ACCURATELY.

IN THE EVENT OF AN INCIDENT WHICH MAY RESULT IN A CLAIM, AN ACTUAL CLAIM, OR YOUR RECEIPT OF SUIT PAPERS, PLEASE FOLLOW THE PROCEDURES OUTLINED BELOW.

### SUGGESTIONS FOR REPORTING CLAIMS

**NOTICE OF EACH INCIDENT, CLAIM OR SUIT SHOULD IMMEDIATELY BE REPORTED TO:**

Interstate Insurance Group
Professional Liability Claims Department
55 E. Monroe street
Suite 3300
Chicago, Illinois 60603
Phone Number: (312) 346-6400
1-(800)-628-8574

**To enable us to respond more quickly and efficiently,** whenever possible, please telefax a completed claims notice form and any pertinent details of the claim directly to the Claim Department at:

Facsimile No. (312) 346-3567

Please be sure to include:

- Your Name, Address, and Phone Number;

- Your Policy Number and the Policy Period;

- Any information about the claim you feel is important that was not included in the claim report form;

If you are submitting the report by mail or fax:

Please also include any letters of demand or any legal papers which you have received regarding the claim.

GLX-8102 (02/97)

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## CHANGE ENDORSEMENT

Form PLE-8003 (02/88), Additional Insured Endorsement, is amended in part to add:

FocusOne Solutions, LLC
2425 South 171st Street, Omaha, NE  68130

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

| | |
|---|---|
| The premium for this endorsement is included in the premium shown on the declarations unless a specific amount is shown here: | **Additional**   **Premium: $**   231.00 |
| ENDORSEMENT NO :      02 | Effective:     06/22/2005 |
| is attached to and forms part of your evidence of insurance no.: | ASC   1000204 |

Issued by:   Interstate Fire & Casualty

*Executive Offices:  33 W. Monroe Street*
*Chicago, Illinois 60603*

Insured        Cirrus Medical Staffing, LLC (See UME-8086)

Date Issued    07/22/2005      CLK / mym        Authorized Representative:

MSE-8001 (11/91) (Ed.*01/04)elec.aps

IFC00160

**THIS IS A CLAIMS-MADE POLICY. PLEASE REVIEW THE POLICY CAREFULLY. THE POLICY IS LIMITED TO LIABILITY FOR ONLY THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSURED AND REPORTED TO THE COMPANY DURING THE POLICY PERIOD UNLESS, AND TO THE EXTENT, THE EXTENDED REPORTING PERIOD OPTION APPLIES.**

## INTERSTATE FIRE & CASUALTY COMPANY
### Chicago, Illinois
(a stock insurance company, herein called the Company)

The Company agrees with the **Named Insured**, in consideration of the payment of the premium, and in reliance upon the statements in the Declarations and in the application, and subject to the limit of liability, exclusions, conditions and other terms of this policy, as follows:

I.     COVERAGE

The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the **Insured** and reported to the Company during the **Policy Period**, as a result of **Bodily Injury, Property Damage** or **Personal Injury** caused by an **Incident**, provided always that such **Incident** happens:

A.     on or after the policy effective date shown on the Declarations; or
B.     at any time prior to the policy effective date shown on the Declarations if:
    1.   such **Incident** happens on or subsequent to the "prior acts date" on the Declarations, and
    2.   no **Insured** knew or could have reasonably foreseen that such **Incident** might be expected to be the basis of a **Claim** or **Suit** on the effective date of this policy.

The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages** to which this insurance applies and the Company shall have the right and duty to defend any **Suit** against the **Insured** seeking **Damages** on account of such **Bodily Injury, Property Damage** or **Personal Injury**, even if any of the allegations of the **Suit** are groundless, false or fraudulent, but the Company shall not be obligated to pay any **Claim** or **Claims Expenses** or judgments or continue to defend any **Suit** after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

The Company, at its option, shall select and assign defense counsel; however, the **Named Insured** may engage additional counsel, solely at their expense, to associate in their defense of any **Claim** covered hereunder. **Claims Expenses** incurred by the Company shall be paid in addition to the applicable limit of liability. The Company shall also have the right to investigate any **Claim** or **Suit** and/or negotiate the settlement thereof, as it deems expedient and does not need the consent or approval of the **Insured** to settle. The **Insured** shall not assume any obligations, incur any costs, charges, or expenses or enter into any settlement without the Company's written consent.

II.    PERSONS INSURED

Each of the following is an **Insured** under this policy to the extent set forth below:

A.     If the **Named Insured** is an individual, the **Named Insured** so designated in the Declarations;
B.     If the **Named Insured** is a sole proprietorship, the **Named Insured** so designated in the Declarations;
C.     If the **Named Insured** is a partnership, the partnership so designated and any current or former partner thereof;
D.     If the **Named Insured** is other than a sole proprietorship or partnership, the organization so designated and any current or former owner, officer, director, trustee or stockholder

01-PL-4002 (03/04)                     1 of 10

IFC00161

thereof;

E.  Any current or former employee of the **Named Insured**, but only while such employee is or was:

    1.  acting on behalf of the **Named Insured**, and only within the employee's duties as such; or

    2.  acting with the reasonable belief that he or she was acting as a Good Samaritan or unpaid volunteer on behalf of the **Named Insured**, and only for **Incidents** while acting as such.

F.  Any person or entity listed as an Additional Insured on a claims-made policy issued by the Company to which this policy is a renewal, but only for **Incidents** which happen during the time the Additional Insured Endorsement listing such person or entity was in force and solely for **Incidents** which are covered under the policy resulting from the sole negligence of the **Named Insured** or any employee thereof while acting within the scope of their duties for, and on behalf of, the **Named Insured**;

G.  Any volunteer, but solely while such person was acting within the scope of the volunteer's duties for, and on behalf of, the **Named Insured**.

III.  LIMIT OF LIABILITY.

Regardless of the number of **Insureds** under this insurance, the number of persons and/or organizations who sustain **Bodily Injury**, **Property Damage** and/or **Personal Injury** or the number of **Claims** made or **Suits** brought, the Company's liability is limited as follows:

A.  The limit of liability stated in the Declarations as applicable to "each **Incident**" is the total limit of the Company's liability for all **Damages** for each **Incident** covered by the policy, including any Extended Reporting Period. All **Claims** arising from the same or related **Incident** shall be considered a single **Claim** for the purpose of this insurance and shall be subject to the same limit of liability.

B.  The limit of liability stated in the Declarations as "Aggregate" is, subject to the above provisions involving "each **Incident**", the total limit of the Company's liability under this policy, including any Extended Reporting Period, for all **Damages**.

The purchase of any Extended Reporting Period option shall not increase the limit of liability available under this insurance.

IV.  DEDUCTIBLE

The **Insured** shall pay **Damages** and/or **Claims Expenses** for each **Incident** or **Occurrence** equal to the amount of the deductible, if any, specified in the Declarations. The Company's obligation to pay **Damages** and **Claims Expenses** on behalf of the **Insured** resulting from a **Claim** shall be excess of the deductible amount stated in the Declarations.

V.  POLICY PERIOD, TERRITORY

The insurance afforded by this policy applies to **Claims** which are first made and reported during the **Policy Period** for **Incidents** which occur anywhere in the world, provided **Claim** is made or **Suit**, if any, is brought within the United States of America, its territories or possessions, or Canada.

VI.  WHEN **CLAIM** IS TO BE CONSIDERED AS FIRST MADE

A **Claim** shall be considered as being first made when the Company first receives written notice from the **Insured** advising that a **Claim** has been made and providing the details of the **Claim**.

All **Claims** arising out of the same or related **Incident** shall be considered as having been made at the time the first such **Claim** is made, and shall be subject to the same limit of liability and only a single deductible, if any, shall apply.

VII.  SUPPLEMENTARY PAYMENTS

IFC00162

The Company will pay, in addition to the applicable limit of liability up to $500 for loss of earnings to each individual **Insured** for each day or part of a day of such **Insured's** attendance at the Company's request at a trial, hearing or arbitration proceeding involving a civil **Suit** against such **Insured** for covered **Damages**, but the amount so payable for any one or series of trials, hearings or arbitration proceedings arising out of the same **Incident** shall in no event exceed $7,500.

VIII.    EXCLUSIONS
This insurance shall not apply:

A.    to any obligation for which any **Insured** or any carrier as their insurer may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law;

B.    to **Bodily Injury** or **Personal Injury** to any employee of the **Insured** arising out of and in the course of his/her employment by the **Insured** or to any obligation of the **Insured** to indemnify another because of the **Damages** arising out of such injury;

C.    to any **Claim**, action, judgment, liability, settlement, loss defense, cost or expense in anyway arising out of actual, alleged or threatened pollution, contamination or any environmental impairment resulting from seepage, discharge, dispersal, release or escape of any solid, liquid, gaseous or radioactive matter including, but not limited to, smoke vapors, soots, fumes, acids, alkalis, chemicals or toxic matter; or waste material (including materials to be recycled, reconditioned or reclaimed); or oil or other petroleum substances or derivatives (including any oil refuse or oil mixed with waste), or thermal or vibratory effect including, but not limited to, sound or noise, heat or cold, into or upon land, the atmosphere or any water course or body of water, underground water or water table supplies, whether such results directly, indirectly or in concurrence or in any **sequence from the Insured's** activities or the activities of others and whether or not such is sudden, gradual, accidental, intended, foreseeable, expected, fortuitous or inevitable and wherever or however such occurs.

But this exclusion shall not apply to **Bodily Injury** or **Property Damage** caused by heat, smoke or fumes from a **Hostile Fire** unless such fire involves:

1.    materials which are or were at any time used for the handling, storage, disposal, processing or treatment of waste; or
2.    any premises, site, or location:
    a.    which is or was at any time used for handling, storage, disposal, processing or treatment of waste, or
    b.    on which any **Insured** or contractors or subcontractors working directly or indirectly on any **Insured's** behalf are performing operations to test for, monitor, cleanup, remove, contain, treat, detoxify or neutralize, or in anyway respond to, or assesses the effects of, pollutants;

D.    to any dishonest, fraudulent, criminal or malicious acts or omissions of any **Insured**;

E.    to **Claims** based on or arising out of services by the **Insured**, to the extent such services are not authorized or permitted by the laws of the state(s) in which the **Insured** practices or conducts business;

F.    to any **Claim** made by an employer against an **Insured** who is a salaried employee of such employer;

G.    to acts or omissions by any **Insured** expected or intended to cause **Bodily Injury** or

IFC00163

**Property Damage**, regardless of whether or not such act or omission was intended to cause the specific **Bodily Injury** or **Property Damage** sustained. This exclusion shall not apply to any intentional act by or at the direction of the **Insured** which results in **Bodily Injury**, if such injury arises solely from the use of reasonable force for the purpose of protecting persons or property;

H.    to liability assumed by any **Insured** under any contract or agreement, except to the extent the **Insured** would be liable in the absence of such contract or agreement.

I.    to **Claims** brought against any **Insured** as a proprietor, owner, partner, manager, superintendent, or officer of any hospital, sanitarium, medical clinic, health maintenance organization, managed care facility or any other facility not specified in the Declarations or any endorsement thereto;

J.    to **Claims** arising out of services performed by any **Insured** as a physician, surgeon, dentist, nurse midwife, chiropractor, podiatrist, osteopath, psychiatrist, attorney, accountant, financial advisor, investment consultant or real estate or insurance agent or broker;

K.    to **Claims** brought against any **Insured** arising out of any trade, business, employment, profession or occupation other than as specified in the Declarations or any endorsement thereto;

L.    to **Claims** based on or arising out of the practice of the **Insured's** business or professional occupation as stated in the Declarations unless the **Insured** is properly licensed or certified by the laws of the state(s) in which the **Insured** practices or conducts business or is otherwise qualified to practice the **Insured's** business or professional occupation in the absence of such laws;

M.    to any **Claims** made or **Suits** brought against any **Insured** alleging, in whole or part:
1.    physical assault, abuse, molestation, or habitual neglect, or licentious, immoral, amoral or other behavior that was committed, or alleged to have been committed, by the **Insured** or by any person for whom the **Insured** is legally responsible, and/or
2.    sexual assault, abuse, or molestation, or licentious, immoral, amoral or other behavior which was threatened, intended to, lead to or culminated in, any sexual act whether committed intentionally, negligently, inadvertently or with the belief, erroneous or otherwise, that the other party is consenting and has the legal and mental capacity to consent thereto, that was committed, or alleged to have been committed by the **Insured** or by any person for whom the **Insured** is legally responsible.

This exclusion applies regardless of the legal theory or basis upon which the **Insured** is alleged to be legally liable or responsible, in whole or in part, for any **Damages** arising out of sexual and/or physical abuse, including but not limited to assertions of improper or negligent hiring, employment or supervision, failure to protect or warn the other party, failure to prevent the sexual abuse and/or physical abuse, failure to prevent assault and battery or failure to discharge the employee.

N.    to any **Claims** brought by or on behalf of any person employed by the **Insured**, any person who had been employed by the **Insured** or any person seeking employment by the **Insured** alleging any act or omission by an **Insured** with respect to the hiring, termination, compensation, or the tenure, term, condition, benefits or privilege of employment of any such person;

IFC00164

O.   to any **Claim** brought by or on behalf of any **Insured** under this policy against any other **Insured** under this policy, except if such **Claim** arises from services rendered in a patient or client relationship;

P.   as respects **Personal Injury** coverage, to **Personal Injury** arising out of:
1.   the willful violation of a penal statute or ordinance committed by or with the knowledge or consent of the **Insured**,
2.   the publication or utterance of a libel or slander, or a publication or utterance in violation of an individual's right of privacy if the first injurious publication or utterance of the same or similar material by or on behalf of the **Named Insured** was made prior to the effective date of this coverage,
3.   libel or slander or the publication or utterance of defamatory or disparaging material concerning any person or organization or goods, products or services, or in violation of an individual's right of privacy, made by or at the direction of the **Insured** with knowledge of the falsity thereof.

IX.   DEFINITIONS
When used in this policy (including endorsement forming a part hereof):

**"Bodily Injury"** means bodily injury, sickness or disease, mental anguish, psychological injury or emotional distress sustained by any person, including death at any time resulting therefrom;

**"Claim"** means a demand for money or the filing of **Suit** naming the **Insured** and, in either case, alleging a **Bodily Injury**, **Property Damage** or **Personal Injury** as a result of an **Incident**;

**"Claims Expenses"** means fees charged by an attorney(s) and/or an independent adjustor(s) designated by the Company and all other fees, costs and expense resulting from the       investigation, adjustment, defense and appeal of a **Claim**, **Suit** or proceedings, arising in       connection therewith, incurred by the Company or by the **Insured** with written consent of the Company but does not include salary charges or expenses of regular employees or officials of   the Company.

**"Damages"** means compensatory judgments, settlement or awards but does not include punitive or exemplary **Damages**, fines or penalties, the return of fees or other consideration paid to the **Insured**, or the portion of any award or judgment caused by the multiplication of actual **Damages** under federal or state law. However, if a **Suit** is brought against the **Insured** with respect to a **Claim** for alleged acts or omissions falling within the scope of coverage afforded by this insurance seeking both compensatory and punitive or exemplary **Damages**, then the Company will afford a defense to such action, without liability however, for payment of such punitive or exemplary damages;

**"Hostile Fire"** means one which becomes uncontrollable or breaks out from where it was intended to be;

**"Incident"** means any act or omission in the rendering of or failure to render services by the **Insured**, or by any person for whom the **Insured** is legally responsible, in the conduct of the business or professional occupation specified in the Declarations.

Any such act or omission together with all related acts or omissions shall be considered one **"Incident"** and be subject to the same limit of liability;

**"Insured"** means any person or organization qualifying as an **Insured** in the **"Persons Insured"** provision. The insurance afforded applies separately to each **Insured** against whom **Claim** is made or **Suit** is brought, except with respect to the limits of the Company's liability;

**"Named Insured"** means the person or organization named in Item I. of the Declarations of this

IFC00165

policy. **"Named Insured"** also shall include any organization which is acquired or formed by the **Named Insured** and over which the **Named Insured** maintains ownership or majority interest, other than a joint venture, provided this insurance does not apply to **Bodily Injury, Property Damage** or **Personal Injury** if such new organization is also an **Insured** under any other similar liability or indemnity policy, or would be insured under any such policy, but for exhaustion of its limits of liability.  Unless written notice is given to the Company,
this coverage shall terminate 90 days from the date any such organization is acquired or formed by the **Named Insured**, or the end of the policy period whichever is earlier, and shall only apply to claims brought against the **Insured** arising out of the business, profession or occupation specified in the Declarations;

**"Personal Injury"** means injury resulting from:
A.    false arrest, detention or imprisonment, or malicious prosecution,
B.    the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy,
C.    wrongful entry or eviction, or other invasion of the right of private occupancy;

**"Policy Period"** means, whenever used in this policy, the period from the inception date of this policy to the policy expiration date as set forth in the Declarations or its earlier termination date, if any;

**"Property Damage"** means:
A.    physical injury to or destruction of tangible property, including the loss of use thereof at any time resulting therefrom, or
B.    loss of use of tangible property which has not been physically injured or destroyed.

"**Suit**" means a civil proceeding in which **Damages** because of **Bodily Injury, Property Damage**, or **Personal Injury** to which this insurance applies are alleged. "**Suit**" includes:

A.    an arbitration proceeding in which such **Damages** are claimed and to which the **Insured** must submit or does submit with the Company's consent; or
B.    any other alternative dispute resolution proceeding in which such **Damages** are claimed and to which the **Insured** submits with the Company's consent.

X.    CONDITIONS
A.    ASSISTANCE AND COOPERATION OF INSURED IN THE EVENT OF CLAIM OR SUIT: Upon the **Insured** becoming aware of any **Incident** which could reasonably be expected to be the basis of a **Claim** covered hereby, written notice shall be given by the **Insured** to the Company together with the fullest information obtainable.  If **Claim** is made or **Suit** is brought against the **Insured**, the **Insured** shall as soon as practicable forward to the Company every demand, notice, summons or other process received by the **Insured** or the **Insured's** representative.  The **Insured** shall cooperate with the Company, and upon the Company's request, assist in making settlements, in the conduct of **Suits** and in enforcing any contribution or indemnity against any person or organization who may be liable to the **Insured** because of **Damages** with respect to which this insurance applies.  The **Insured** shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses; and the Company shall reimburse the **Insured** for reasonable expenses incurred at the Company's request.  The **Insured** shall not, except at the **Insured's** own cost, voluntarily make any payments, assume any obligation or incur any expense.

B.    ASSIGNMENT: The interest of any **Insured** is not assignable.  If any **Insured** shall die or be adjudged incompetent, this insurance shall thereupon terminate for such person but shall cover the **Insured's** legal representative as the **Insured** with respect to liability previously incurred and covered by this insurance. Pro rata return premium will be

IFC00166

computed from the date of termination.

C.    ACTION AGAINST COMPANY: No person or organization has a right under this policy:

1.    to join the Company as a party or otherwise bring the Company into a **Suit** asking for **Damages** from an **Insured**; or

2.    to sue the Company on this policy unless all of its terms have been fully complied with.

A person or organization may sue the Company to recover on an agreed settlement or on a final judgment against an **Insured** obtained after an actual trial; but the Company will not be liable for **Damages** that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by the Company, the **Insured** and the claimant or the claimant's legal representative.

D.    OTHER INSURANCE: If there is other valid insurance (whether primary, excess, contingent or self-insurance) which may apply against a loss or claim covered by this policy, the insurance provided hereunder shall be deemed excess insurance over and above the applicable limit of all other insurance or self-insurance.

When this insurance is excess, the Company shall have no duty under this policy to defend any **Claim** or **Suit** that any other insurer or self-insurer has a duty to defend. If such other insurer or self-insurer refuses to defend such **Claim** or suit, the Company shall be entitled to the **Insured's** rights against all such other insurers or self-insurers for any **Claims Expenses** incurred by the Company.

When both this insurance and other insurance or self-insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company shall not be liable under this policy for a greater proportion of the loss or defense costs than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss. Subject to the foregoing, if a loss occurs involving two or more policies, each of which provides that its insurance shall be excess, each will contribute pro rata.

E.    SUBROGATION: In the event of any payment under this policy, the Company shall be subrogated to all the **Insured's** rights of recovery therefore against any person, organization or entity and the **Insured** shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The **Insured** shall do nothing after any loss to prejudice such rights.

F.    CHANGES: The terms of this policy shall not be waived or changed, except by endorsements issued to form a part of this policy.

G.    BANKRUPTCY OR INSOLVENCY OF INSURED: Bankruptcy or insolvency of the **Insured** or of the **Insured's** estate shall not relieve the Company of any of its obligations hereunder.

H.    CANCELLATION

1.    The first **Named Insured** listed in the Declarations may cancel this policy by mailing or delivering to the Company advance written notice of cancellation.

2.    The Company may cancel this policy by mailing or delivering written notice of cancellation to the first **Named Insured** listed in the Declarations at the address shown in the Declarations at least:

a.    ten (10) days before the effective date of cancellation if the Company cancels for nonpayment of premium; or

b.    thirty (30) days before the effective date of cancellation if the Company cancels for any other reason.

01-PL-4002 (03/04)                          7 of 10

IFC00167

3.  Notice of cancellation will state the effective date of cancellation. The **Policy Period** will end on that date.

4.  If this policy is cancelled, we will send the first **Named Insured** listed in the Declarations any premium refund due. If the Company cancels, the refund will be pro rata. If the first **Named Insured** cancels, the refund may be less than pro rata. The cancellation will be effective even if the Company has not mad or offered a refund.

5.  If notice is mailed, proof of mailing will be sufficient proof of notice.

I.  EXTENDED REPORTING PERIOD OPTION: In the case of:

1.  cancellation or nonrenewal of this policy by the **Named Insured** or the Company for any reason other than flat cancellation by the Company effective at policy inception for non-payment of premium; or

2.  advancing a retroactive or prior acts date from one previously applied by the Company;

The **Named Insured** shall have the right, subject to the to the terms and conditions of this policy, or an endorsement attached thereto, to have an endorsement issued extending the time during which **Claims** can be reported to an additional premium of:

i.  90% of the full annual premium for this policy, to a period of twelve (12) months, or

ii.  135% of the full annual premium for this policy, to a period of twenty-four (24) months or

iii.  150% of the full annual premium for this policy, to a period of thirty-six (36) months, or

iv.  175% of the full annual premium for this policy, to a period of sixty (60) months.

following the effective date of such cancellation or nonrenewal in which to give written notice to the Company of **Claims** first made against the **Insured** during this Extended Reporting Period for any **Incident** occurring prior to the termination of the final **Policy Period**, subject to its terms, limitations, exclusions and conditions. This right shall terminate sixty (60) days after the effective date of such action as is indicated in subparagraphs (1.) or (2.) above unless written notice of such election, together with the additional premium, is received by the Company or its authorized agent from the **Named Insured** within that sixty (60) day period.

At the commencement of any Extended Reporting Period option, the entire premium therefore shall be deemed earned and the Company shall not be liable to return to the **Named Insured** any portion of the premium for the Extended Reporting Period.

The fact that the period during which **Claims** must be first made against the **Named Insured** under this policy is extended by virtue of any Extended Reporting Period option shall not in any way increase the limit of liability of this policy. The limit of liability available under any extended reporting period option shall be part of, and not in addition to, the limit of liability available under the last policy or renewal certificate issued to the **Named Insured**.

J.  DECLARATIONS AND APPLICATION: By acceptance of this policy, the **Named Insured** agrees that the statements in the Declarations and application are the **Named**

01-PL-4002 (03/04)                     8 of 10

IFC00168

**Insured's** agreements and representations, that they shall be deemed material and that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the **Named Insured** and the Company or  any of its agents relating to this insurance.

K.    REIMBURSEMENT:  While the Company has no duty to do so, if the Company pays **Damages** or **Claims Expenses:**
1.    within the amount of the applicable deductible and/or
2.    in excess of the applicable limit of liability
all **Insureds** shall be jointly and severally liable to the Company for such amounts. Upon written demand, the **Insured** shall repay such amounts to the Company within thirty (30) days thereof.

L.    PREMIUM:  All premiums for this policy shall be computed in accordance with the Company's rules, rates rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the **Policy Period.** At the close of each period (or part thereof terminating with the end of the **Policy Period**) designated in the Declarations as the audit period the earned premium shall be computed for such period and upon notice thereof to the **Named Insured** shall become due and payable.  If the total earned premium for the **Policy Period** is less than the premium previously paid, the Company shall return to the **Named Insured** the unearned portion paid by the **Named Insured.**

The **Named Insured** shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the Company at the end of the **Policy Period** and at such times during the **Policy Period** as the Company may direct.

M.    INSPECTION AND AUDIT: The Company shall be permitted but not obligated to inspect the **Named Insured's** property and operations at any time.  Neither the Company's rights to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the **Named Insured** or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

N.    The Company may examine and audit the **Named Insured's** books and records at any time during the **Policy Period** and extensions thereof and within three years after the final termination of this policy as far as they relate to the subject matter of this insurance.

**IN WITNESS WHEREOF,** the Company has caused this policy to be signed by its President and Secretary.

|                         |                         |
| ----------------------- | ----------------------- |
| Secretary               | President               |

01-PL-4002 (03/04)                              9 of 10

IFC00169