# EXHIBIT E
TO JOINT STATEMENT OF
UNDISPUTED FACTS

JAN- 5-06 THU 12:13 PM    RODEY LAW FIRM         FAX NO. 15057687395         P. 2

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

BEN TRACY, as Personal Representative of
the Estate of MARILYN TRACY, Deceased,

    Plaintiff,

vs.  No. CV-2005 07009

LOVELACE SANDIA HEALTH SERVICES, d/b/a
ALBUQUERQUE REGIONAL MEDICAL CENTER,

    Defendant.

SUMMONS(ES) ISSUED

## COMPLAINT FOR WRONGFUL DEATH

For his Complaint, Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy, states as follows:

1. Ben Tracy is the court-appointed Personal Representative of the Estate of Marilyn Tracy.

2. At all material times to this Complaint, Lovelace Sandia Health Services, d/b/a Albuquerque Regional Medical Center, hereinafter "ARMC", upon information and belief, was and is a general/acute care hospital open to the public located, and having its principle place of business, in Albuquerque, Bernalillo County, New Mexico.

3. At all material times to this Complaint, the nurses, respiratory therapists, and other healthcare providers who cared for Marilyn Tracy were employees, agents, and/or apparent agents of ARMC, acting within the course and scope of their employment.

4. Upon information and belief, C. Robinson, RN, L. Fellion (or Tellion), RN, and M.M. Graff, RT, are employees of ARMC, who were acting within the scope and course of their

1

employment at all material times.

5. For the care complained of herein, Marilyn Tracy was a patient of ARMC at all relevant times.

6. While a patient of ARMC, the nursing staff, respiratory therapists, and/or other healthcare providers negligently failed to monitor Marilyn Tracy's fluid status, negligently failed to respond to worsening vital signs and negligently failed to appropriately notify the physician on call that Marilyn Tracy's status was not improving. In addition, the nurses negligently failed to continue to monitor Marilyn Tracy, despite her worsening condition, such that she was allowed to deteriorate, become unresponsive, apneic, go into asystole and code.

7. On October 2, 2004, Marilyn Tracy was admitted to ARMC.

8. On October 5, 2004, Marilyn Tracy was taken to surgery for an exploratory laparotomy and lysis of adhesions. The surgery was successful and at 8:00 p.m. that evening, Marilyn Tracy was discharged from the PACU and was back on the regular floor.

9. On October 6, 2004, Marilyn Tracy was noted to have an elevated pulse rate, a low blood pressure, and an increased oxygen requirement of 4-5 liters throughout the morning.

10. At 1:30 p.m., James Williams, MD, came in to evaluate Marilyn Tracy and noted that she had a low urine output and an increased creatinine level. Dr. Williams appropriately ordered a fluid bolus of 500 cc's to adjust her fluid status.

11. Later, at 4:00 p.m., Marilyn Tracy's pulse was 102, her blood pressure was 112/51, and her oxygen saturations were 91% on 3 liters of oxygen.

IFC00455

12. At 5:15 p.m., Dr. Williams appropriately ordered a second fluid bolus of 500 cc's to be given over two hours to adjust Marilyn Tracy's fluid status.

13. Despite Dr. William's concerns about Marilyn Tracy's fluid status, the nurses negligently failed to record Marilyn Tracy's intake and output after 5:00 p.m. on October 6, 2004.

14. No vital signs were taken of Marilyn Tracy between 5:00 p.m. and 8:00 p.m. At 8:00 p.m., Marilyn Tracy's pulse was tachycardic at 130, her blood pressure was low at 90/54, and she required 3 liters of oxygen to maintain her saturations at 95 percent. The nurses negligently failed to inform Dr. Williams of the fact that Marilyn Tracy's vital signs were not improving. The nurses also negligently failed to record Marilyn Tracy's fluid status.

15. At 9:55 p.m., respiratory therapy notes that Marilyn Tracy's oxygen saturations are 68% on room air, and she required 3.5 liters of oxygen to get her saturations back up to 87%. The nurses and/or respiratory therapist failed to inform Dr. Williams of Marilyn Tracy's concerning oxygen saturation status.

16. On October 7, 2004, at 12:00 Midnight, Marilyn Tracy had a pulse of 96, a blood pressure of 88/62, and oxygen saturations of 92% on 3 liters of oxygen. These are the last recorded vital signs the nurses performed on Marilyn Tracy. The nurses' failure to notify Dr. Williams and perform more frequent vital signs, given Marilyn Tracy's condition, was a departure from the standard of care.

17. On October 7, 2004, at 5:20 a.m., Marilyn Tracy was found apneic and in asystole. A code was instituted but was unsuccessful. Marilyn Tracy was pronounced dead at 5:54 a.m.

18. Defendant ARMC acting through its employees, agents and/or apparent agents or

3

IFC00456

contractors negligently failed to monitor Marilyn Tracy's fluid status, vital signs and oxygen saturation. As a result, Marilyn Tracy was allowed to deteriorate and become unresponsive.

19. Defendant ARMC, acting through its employees, agents and/or apparent agents or contractors of ARMC, including, but not limited to, Nurse C. Robinson and L. Fellion (or Tellion), RN and M.M. Graff, RT, negligently failed to inform the physician on call of Marilyn Tracy's status.

20. As a direct and proximate result of ARMC's negligence, and its employees', agents', apparent agents' and/or contractors' negligence, Marilyn Tracy was allowed to deteriorate, become unresponsive and die on October 7, 2004.

21. ARMC, acting through its employees, agents, apparent agents, or contractors, failed to exercise ordinary care and failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified hospital and hospital related businesses operating under similar circumstances, giving due consideration to the locality involved. Such acts or omissions include, but are not necessarily limited to, negligent hiring, staffing, training, supervision, evaluating, monitoring and retention of healthcare employees, and contractors on the hospital staff.

22. As a direct and proximate result of ARMC's negligence, and its employees', agents', apparent agents', and/or contractors' negligence, Marilyn Tracy became unresponsive, apneic, had asystole, coded and died.

WHEREFORE, Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy, requests compensatory damages in an amount to be determined at trial, for the interest including

4

IFC00457

pre-judgment interest, costs, and for such other and further relief as this Court may deem just and appropriate.

                Pía Salazar & Patrick W. Sullivan

                *[signature]*
                PÍA SALAZAR
                Attorneys for Plaintiff
                6301 Indian School Rd., NE, Ste. 300
                Albuquerque, NM 87110
                (505) 314-1414
                (505) 314-1419