# EXHIBIT L
TO JOINT STATEMENT OF
UNDISPUTED FACTS

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

BEN TRACY, as Personal Representative of
the Estate of MARILYN TRACY, Deceased,

    Plaintiff,

vs.

No. CV 2005 07009

LOVELACE SANDIA HEALTH SERVICES, d/b/a
ALBUQUERQUE REGIONAL MEDICAL CENTER,
CIRRUS MEDICAL STAFFING, and
HEALTH RESOURCES NETWORK SERVICES, INC.,

    Defendants.

ENDORSED
FILED IN MY OFFICE THIS

MAR 31 2006


CLERK DISTRICT COURT

## FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH

For his Complaint, Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy, states as follows:

1. Ben Tracy is the court-appointed Personal Representative of the Estate of Marilyn Tracy.

2. At all material times to this Complaint, Lovelace Sandia Health Services, d/b/a Albuquerque Regional Medical Center, hereinafter "ARMC", upon information and belief, was and is a general/acute care hospital open to the public located, and having its principle place of business, in Albuquerque, Bernalillo County, New Mexico.

3. ARMC hired Cathy Robinson, RN, Linda Fellion, RN, Marie Gregg, RT, and other nurses and healthcare providers who treated Marilyn Tracy, which were accepted in the reasonable belief that the services were being rendered by ARMC, or its servants. In doing so, ARMC held out these nurses and other healthcare providers as its employees, and Marilyn Tracy looked to ARMC for care.

1

4. Cirrus Medical Staffing, upon information and belief, is a North Carolina corporation authorized and registered to do business in New Mexico.

5. Health Resources Network Services, Inc., upon information and belief, is a California corporation authorized and registered to do business in New Mexico.

6. At all material times to this Complaint, the nurses, respiratory therapists, and other healthcare providers who cared for Marilyn Tracy were employees, agents, and/or apparent agents of ARMC, acting within the course and scope of their employment.

7. Upon information and belief, Cathy Robinson, RN, was an employee of Defendant Cirrus Medical Staffing and was acting within the scope and course of her employment at all material times.

8. Upon information and belief, Linda Fellion, RN, was an employee of Defendant Health Resources Network Services, Inc., and was acting within the scope and course of her employment at all material times.

9. Upon information and belief, Marie Gregg, RT, was an employee of Defendant ARMC, and was acting within the scope and course of her employment at all material times.

10. Upon information and belief, Cathy Robinson, RN, acted as an agent of Defendant ARMC at the time of the treatment giving rise to this lawsuit and served as Defendant ARMC's apparent and ostensible agent and ARMC is, therefore, vicariously responsible for Nurse Cathy Robinson's negligence.

11. Upon information and belief, Linda Fellion, RN, acted as an agent of Defendant ARMC, at the time of the treatment giving rise to this lawsuit and served as Defendant ARMC's apparent and ostensible agent and ARMC is, therefore, vicariously responsible for Nurse Linda Fellion's negligence.

2

IFC00469

12. For the care complained of herein, Marilyn Tracy was a patient of ARMC at all relevant times.

13. On October 2, 2004, Marilyn Tracy was admitted to ARMC.

14. On October 5, 2004, Marilyn Tracy was taken to surgery for an exploratory laparotomy and lysis of adhesions. The surgery was successful and at 8:00 p.m. that evening, Marilyn Tracy was discharged from the PACU and was back on the regular floor.

15. On October 6, 2004, Marilyn Tracy was noted to have an elevated pulse rate, a low blood pressure, and an increased oxygen requirement of 4-5 liters throughout the morning.

16. At 1:30 p.m., James Williams, MD, came in to evaluate Marilyn Tracy and noted that she had a low urine output and an increased creatinine level. Dr. Williams appropriately ordered a fluid bolus of 500 cc's to adjust her fluid status.

17. Later, at 4:00 p.m., Marilyn Tracy's pulse was 102, her blood pressure was 112/51, and her oxygen saturations were 91% on 3 liters of oxygen.

18. At 5:15 p.m., Dr. Williams appropriately ordered a second fluid bolus of 500 cc's to be given over two hours to adjust Marilyn Tracy's fluid status.

19. Despite Dr. William's concerns about Marilyn Tracy's fluid status, the nurses, Linda Fellion, RN, Cathy Robinson, RN, and other ARMC nurses, negligently failed to record Marilyn Tracy's intake and output after 5:00 p.m. on October 6, 2004.

20. No vital signs were taken of Marilyn Tracy between 5:00 p.m. and 8:00 p.m., by Linda Fellion, RN, Cathy Robinson, RN, or other ARMC nurses. At 8:00 p.m., Marilyn Tracy's pulse was tachycardic at 130, her blood pressure was low at 90/54, and she required 3 liters of oxygen to maintain her saturations at 95 percent. The nurses, including but not limited to Linda Fellion, RN, and Cathy Robinson, RN, negligently failed to inform Dr.

3

Williams of the fact that Marilyn Tracy's vital signs were not improving. The nurses, including but not limited to Linda Fellion, RN, and Cathy Robinson, RN, also negligently failed to record Marilyn Tracy's fluid status.

21. At 9:55 p.m., respiratory therapy notes that Marilyn Tracy's oxygen saturations are 68% on room air, and she required 3.5 liters of oxygen to get her saturations back up to 87%. The nurses, including but not limited to, Linda Fellion, RN, and Cathy Robinson, RN, and respiratory therapist, Marie Gregg, RT, failed to inform Dr. Williams of Marilyn Tracy's concerning oxygen saturation status.

22. On October 7, 2004, at 12:00 Midnight, Marilyn Tracy had a pulse of 96, a blood pressure of 88/62, and oxygen saturations of 92% on 3 liters of oxygen. These are the last recorded vital signs the nurses, including but not limited to, Linda Fellion, RN, and Cathy Robinson, RN, performed on Marilyn Tracy. The nurses', including but not limited to, Linda Fellion, RN, and Cathy Robinson, RN, failure to notify Dr. Williams and perform more frequent vital signs, given Marilyn Tracy's condition, was a departure from the standard of care.

23. On October 7, 2004, at 5:20 a.m., Marilyn Tracy was found apneic and in asystole. A code was instituted but was unsuccessful. Marilyn Tracy was pronounced dead at 5:54am.

24. While a patient of ARMC, the nursing staff, including but not limited to Linda Fellion, RN, and Cathy Robinson, RN, respiratory therapists, including but not limited to Marie Gregg, RT, and other healthcare providers negligently failed to monitor Marilyn Tracy's fluid status, vital signs and oxygen saturations, negligently failed to respond to worsening vital signs and negligently failed to appropriately notify the physician on call that Marilyn Tracy's status was not improving. In addition, the nurses, including but not limited to

4

Linda Fellion, RN, and Cathy Robinson, RN, negligently failed to continue to monitor Marilyn Tracy, despite her worsening condition, such that she was allowed to deteriorate, become unresponsive, apneic, go into asystole, code and die.

25. Defendant Cirrus Medical Staffing, acting through its employee, agent and/or apparent agent, or contractor, Cathy Robinson, RN, negligently failed to monitor Marilyn Tracy's fluid status, vital signs and oxygen saturation. As a result, Marilyn Tracy was allowed to deteriorate and become unresponsive.

26. Defendant Health Resources Network Services, Inc., acting through its employee, agent and/or apparent agent or contractor, Linda Fellion, RN, negligently failed to monitor Marilyn Tracy's fluid status, vital signs and oxygen saturation. As a result, Marilyn Tracy was allowed to deteriorate and become unresponsive.

27. Defendant ARMC, acting through its employees, agents and/or apparent agents or contractors of ARMC, including, but not limited to, Linda Fellion, RN, Cathy Robinson, RN, and Marie Gregg, RT, negligently failed to inform the physician on call of Marilyn Tracy's status.

28. Defendant Cirrus Medical Staffing, acting through its employee, agent and/or apparent agent or contractor, Cathy Robinson, RN, negligently failed to inform the physician on call of Marilyn Tracy's status.

29. Defendant Health Resources Network Services, Inc., acting through its employee, agent and/or apparent agent or contractor, Linda Fellion, RN, negligently failed to inform the physician on call of Marilyn Tracy's status.

30. ARMC, acting through its employees, agents, apparent agents, or contractors, including but not limited to, Linda Fellion, RN, Cathy Robinson, RN, and Marie Gregg, RT, failed

5

to exercise ordinary care and failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified hospital and hospital related businesses operating under similar circumstances, giving due consideration to the locality involved. Such acts or omissions include, but are not necessarily limited to, negligent hiring, staffing, training, supervision, evaluating, monitoring and retention of healthcare employees, and contractors on the hospital staff.

31. As a direct and proximate result of Defendant ARMC's negligence, and its employees', agents', apparent agents' and/or contractors' negligence, including but not limited to, Linda Fellion, RN, Cathy Robinson, RN, and Marie Gregg, RT, Marilyn Tracy was allowed to deteriorate, become unresponsive and die on October 7, 2004.

32. As a direct and proximate result of Defendant Cirrus Medical Staffing's negligence, and its employee, agent, apparent agent and/or contractor, Cathy Robinson, RN's negligence, Marilyn Tracy was allowed to deteriorate, become unresponsive and die on October 7, 2004.

33. As a direct and proximate result of Defendant Health Resources Network Service, Inc's negligence, and its employee, agent, apparent agent and/or contractor, Linda Fellion, RN's negligence, Marilyn Tracy was allowed to deteriorate, become unresponsive and die on October 7, 2004.

WHEREFORE, Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy, requests compensatory damages against ARMC, Cirrus Medical Staffing and Health Resources Network Services, Inc., in an amount to be determined at trial, for the interest including pre-judgment interest, costs, and for such other and further relief as this Court may deem just and appropriate.

IFC00473

Respectfully Submitted,

Pía Salazar & Patrick W. Sullivan

_____
PÍA SALAZAR
Attorneys for Plaintiff
6301 Indian School Rd., NE, Ste. 300
Albuquerque, NM 87110
(505) 314-1414
(505) 314-1419

7

IFC00474