# EXHIBIT S
TO JOINT STATEMENT OF
UNDISPUTED FACTS



United National Insurance Company®
Diamond State Insurance Company®
United National Specialty Insurance Company®
United National Casualty Insurance Company®

Three Bala Plaza, East
Suite 300
Bala Cynwyd, PA 19004
Main: (610) 664-1500
Fax: (610) 660-8885
Claims: (610) 660-8877
www.unitednat.com

Diane Cruz
Direct Line: (610) 660-5473
E-Mail: dcruz@unitednat.com

October 6, 2006

<u>VIA UPS GROUND
AND U.S. FIRST CLASS MAIL</u>

Cirrus Medical Staffing, Inc.
4651 Charlotte Park Drive
Suite 400
Charlotte, NC 28217

Attn.: Greg Allen

Re:     Insured:     **Cirrus Allied Health, LLC**
       Plaintiff:     Ben Tracy, as Personal Representative of
                    The Estate of Marilyn Tracy, Deceased
       Policy #:     AH0000267
       Eff. Dates:     1/27/06 – 1/27/07
       Retro Date:     6/1/02
       File #:     06003370
       Date/Event:     10/7/04
       Date/Report:     3/29/06

Dear Mr. Allen:

United National Insurance Company received notice of a lawsuit file in the style of <u>Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy, deceased v. Lovelace Sandia Health Services, d/b/a Albuquerque Regional Medical Center, Cirrus Medical Staffing and Health Resources Network Services, Inc.</u> pending in the 2nd Judicial District, Bernalillo County, New Mexico under docket number CV 2005 07009. Plaintiff alleges improper care and monitoring resulted in the death of Marilyn Tracy.

06003370-4628/2006

UNIC0365

**Based on the facts, as we presently understand them, coverage is afforded pursuant to a strict reservation of rights. This letter shall serve to advise you of your rights per the terms and conditions of your Professional Liability policy. Our coverage position is more fully explained herein.**

I.   The Policy

A file has been established under your Commercial Insurance Policy AH0000267 bearing effective dates of 1/27/06 through 1/27/07 and a Retroactive Date of 6/1/02. This policy provides Claims-Made coverage for Professional Liability exposures bearing limits in the amount of $3,000,000 for each occurrence with a $5,000,000 policy aggregate. Also note your policy does carry a Deductible in the amount of $5,000 per claim which must be paid before the United National policy will respond to costs, expenses or settlements of any kind. Your policy also provides Commercial General Liability coverage in the amount of $3,000,000 per claim with a $5,000,000 policy aggregate (Occurrence based) bearing the same policy term of 1/27/06 through 1/27/07 however, for reasons listed below, the CGL portion of your policy will not respond to this lawsuit.

I now refer you to Section I of your Commercial Insurance Policy – Professional Liability Coverage Part CPA-119 (2/2005) which states in pertinent part:

PROFESSIONAL LIABILITY COVERAGE FORM
THIS IS CLAIMS MADE COVERAGE
PLEASE READ THE ENTIRE FORM CAREFULLY

SECTION I – PROFESSIONAL LIABILITY CVOERAGE

1.   **Insuring Agreement**
We will pay those sums that the insured becomes legally obligated to pay as "compensatory damages" as a result of a "wrongful act". This insurance applies to injury only if a "claim" for damages to which no other insurance applies, because of the injury is first made against the insured and reported to us during the "policy period". This insurance does not apply to injury caused by a "wrongful act" that takes place outside of the "coverage territory" or was committed before the Retroactive Date show in the Declarations or after the "policy Period".

   a.   A "claim" by a person or organization seeking damages will be deemed to have been made when notice of such "claim" is received and recorded by the insured or by us, whichever come first.

   b.   All "claims" arising out of the same "wrongful act" will be considered to have been made at the time the first "claim" is made; and

06003370-4628/2006

UNIC0366

    c.    We will have the right and duty to select counsel and to defend any "suit" seeking damages. However, we will have no duty to defend the insured against any "suit" seeking damages for injury to which this insurance does not apply. But:

        (1)    The amount we will pay for damages I limited as described in SECTION IV – LIMTIS OF INSURANCE;

        (2)    We may, at our discretion, investigate any "wrongful act" and settle any "claim" or "suit" that may result; and

        (3)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SECTION II – "claims" Expenses and Defense Costs.

Your policy also contains certain exclusions, which serve to clarify coverage available to you. Applicable exclusions are:

**2.**    **Exclusions**

This insurance does not apply to:

    d.    Injury arising out of a criminal act by any insured;

    e.    Injury for which any insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to damages that the insured would have in the absence of a contract or agreement.

    j.    "Claims" arising out of "wrongful acts" of any medical doctors, chiropractor, optometrist or dentist, unless in the capacity of your medical director of administrator.

    k.    Injury or damage arising out of the prescribing of drugs or medical, dental or surgical supplies or appliances by any insured. However, this exclusion does not apply to the dispensing of drugs or medical, dental or surgical supplies or appliances.

    l.    "Claims" arising out of professional services provided by any insured who is not properly licensed or certified to provide those services in the jurisdictions in which that insured practices.

06003370-4628/2006

UNIC0367

    r.     Any "claim" or "suit" (including but not limited to, complaints, cross-claims, counterclaims or third party claims, however named) against any insured, brought by or arising out of any "claims" brought by any other insured.

    s.     Any "claim", "suit" or "wrongful act" that might result in a "claim" or "suit", of which any insured had knowledge or could have reasonably foreseen, at the signing date of the application for this insurance.

## SECTION II – WHO IN AN INSURED

...

2.     The following are also insureds:

    a.     Your medical directors and administrators, but only while acting within the scope of their duties as such on your behalf and excluding "wrongful acts" while performing professional services as medical doctors, chiropractors, optometrists or dentists.

    b.     Your current and former employees and volunteers, whether salaried or contracted, other than medical doctors, chiropractors, optometrists and dentists, are insureds while acting within the scope of their duties on your behalf...

## SECTION V – PROFESSIONAL LIABILITY CONDITIONS

4.     Other Insurance

    **If other valid and collectible insurance with any other insurer is available to the insured covering a "claim" also covered hereunder (except insurance purchased to apply in excess of the limit of liability hereunder), this insurance will be excess of, and not contribute with, such insurance.** If the insured has other coverage with us covering a "claim" also covered by this policy or Coverage Part, the insured must elect which policy or Coverage Part will apply and we will be liable under the Coverage Part so elected and will not be liable under any other policy of Coverage Part.

I direct your attention to the Definitions section of your policy for clarification of certain key words and phrases contained within your policy.

## SECTION VI – DEFINITIONS

3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

06003370-4628/2006

UNIC0368

4. "Claim" means a written demand upon the insured for "compensatory damages", including, but not limited to, the service of "suit" or institution of arbitration proceedings against the insured. "Claim" includes reports of accidents, acts, errors, occurrences, offenses or omissions which may give rise to a "claim" under this policy. "Claims" based on or arising out of the same act or interrelated acts of one or more insured will be considered to be based on a single "wrongful act".

5. "Compensatory damages" do not include damages imposed upon the insured and punitive or exemplary damages for wanton, willful, outrageous, malicious or reckless conduct or for gross negligence.

11. "Suit" means a civil proceeding in which damages for injury to which this insurance applies are alleged. "Suit" includes an arbitration proceeding alleging such damages to which you must submit with our consent.

12. "Wrongful act" means any act, error or omission in the furnishing of professional social services. It includes the furnishing of food, beverages, medications or appliances in connection with those services. All "wrongful acts" committed in the furnishing of professional social services to any one person will be considered one "wrongful act". All interrelated "wrongful acts" of one or more insureds will be considered one "wrongful act".

I now direct your attention to certain endorsements to your policy which serve to further define the circumstances under which coverage is afforded:

EPA-901 (5/2005 ed.)

**CLAIMS AGAINST CERTAIN INSUREDS EXCLUSION**

This endorsement modifies insurance provided under the following:

PROFESSIONAL LIABILITY COVERAGE PART

This Insurance does not apply to "claims" for which an insured may be held liable in the capacity of:

1. proprietor, partner, manager, superintendent or officer of any hospital, sanitarium, nursing home, medical clinic, managed care facility of health maintenance organization;

2. member, partner, officer, director or stockholder of any professional partnership, association or corporation, other than the Named Insured.

EPA-905 (5/2005 ed.)

Page 6

**MEDICAL PROFESSIONAL EXCLUSION AMENDMENT**

This endorsement modifies insurance provided under the following:

PROFESSIONAL LIABILITY COVERAGE PART

Subparagraph j. of 2. Exclusions of SECTION I – PROFESSIONAL LIABILITY is deleted and replaced by the following:

This insurance does not apply to:

j. "Claims" arising out of "wrongful acts" of any medical doctor, chiropractor, optometrist, dentist, surgeon's assistant, physician's assistant, nurse midwife, nurse practitioner, nurse anesthetist or emergency technician, unless in the capacity of your medical director or administrator.

EPA-909 (5/2005 ed.)

**WRONGFUL ACTS DEFINITION AMENDMENT**

This endorsement modifies insurance provided under the following:

PROFESSIONAL LIABILITY COVERAGE PART

Paragraph 12. of SECTION VI – DEFINITIONS is deleted and replaced by the following:

12. "Wrongful act" means:

   a. Any act or omission in the furnishing of healthcare services to a patient or client including the furnishing of food, beverages, medications, medical treatment or appliances in connection with such services and the postmortem handling of human bodies.

   b. All "wrongful acts" committed in the furnishing of services to any one patient or client will be considered one "wrongful act". All interrelated "wrongful acts" of one or more insured will be considered on "wrongful act".

Coverage was also explored pursuant to the terms and conditions contained within your Commercial General Liability Coverage Form CG0001 (1001). This coverage part provides coverage for "occurrences" resulting in "bodily injury", "property damage", "advertising injury" and "personal injury". As this lawsuit concerns the rendering of or failure to render professional services to Marilyn Tracy, this matter is addressed pursuant to the terms and conditions contained within your professional liability coverage part.

06003370-4628/2006

UNIC0370

Also note coverage "bodily injury", "property damage", "advertising injury" and/or "personal injury" due to the rendering of or failure to render professional services is specifically excluded under your Commercial General Liability Coverage pursuant to endorsement CG 22 44 (07/98), EXCLUSION – SERVICES FURNISHED BY HEALTH CARE PROVIDERS.

II.   **The Claim**

Pursuant to the aforementioned Complaint, Plaintiff alleges the following against Cirrus Medical Staffing and/or Cathy Robinson, RN as employee of Cirrus Medical Staffing:

1. Cathy Robinson, RN was an employee of Defendant Cirrus Medical Staffing and was acting within the scope and course of her employment at all materials times.

2. Cathy Robinson, RN acted as an agent of Defendant ARMC (Albuquerque Regional Medical Center) at the time of the treatment giving rise to this lawsuit and served as Defendant ARMC's apparent and ostensible agent.

3. Cathy Robinson, RN negligently failed to record Marilyn Tracy's intake and output after 5:00 pm on October 6, 2004.

4. Cathy Robinson, RN negligently failed to inform Dr. (James) Williams of the fact that Marilyn Tracy's vital signs were not improving.

5. Cathy Robinson, RN negligently failed to record Marilyn Tracy's fluid status.

6. Cathy Robinson, RN negligently failed to inform Dr. Williams of Marilyn Tracy's oxygen saturation status.

7. Cathy Robinson, RN failed to notify Dr. Williams and perform more frequent vital signs, given Marilyn Tracy's condition; (this act) was a departure from the standard of care.

8. Cathy Robinson, RN failed to monitor Marilyn Tracy's fluid signs, vital signs and oxygen saturations, negligently failed to respond to worsening vital signs and negligently failed to appropriately notify the physician on call that Marilyn Tracy's status was not improving. Robinson also failed to continue to monitor Marilyn Tracy despite her worsening condition, such that she was allowed to deteriorate, become unresponsive, apneic, go into a systole, code and die.

9. Cathy Robinson, RN failed to inform the physician on call of Marilyn Tracy's status.

10. Cathy Robinson, RN failed to exercise ordinary care and failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably

Page 8

well-qualified hospital and hospital related businesses operating under similar circumstances, giving due consideration to the locality involved.

11. Cirrus Medical Staffing and/or Cathy Robinson RN's negligence resulted in Marilyn Tracy's deterioration and ultimate death on October 7, 2004.

Plaintiff prays for relief in the form of compensatory damages in an amount to be determined at trial; interest including pre-judgment interest; costs; and for such other and further relief as this Court may deem just and appropriate.

### III. Discussion

**As previously stated, this matter is being addressed pursuant to the terms and conditions contained within your Professional Liability Coverage Part. It is our understanding that Interstate Fire & Casualty Company is providing you with a defense under a reservation of rights. As such, our policy will respond as excess coverage to the Interstate policy subject to the conditions previously outlined and contained within this policy.**

We ask that you instruct your primary carrier to immediately provide us with a status on this matter and to instruct counsel to place us on the distribution list for all future correspondence. It is our intent to secure copies of all pleadings, deposition summaries, expert reports - both plaintiff and for the defense, mediation statements and summary reports as well as reports on all other course altering events both past and future.

We reserve the right to reevaluate coverage on any alternative and/or additional basis in the event that factual evidence develops or is presented as relates to you or your practice.

This Company does not imply that any of the allegations as presented are true, but in that they have a bearing on the applicable coverage this Reservation of Rights is being set forth on.

Should you have any questions or concerns regarding any of the above, I can be reached Monday through Friday between the hours of 8:00 am and 4:30 pm. I thank you for your attention to these matters.

Very truly yours,

UNITED NATIONAL INSURANCE COMPANY


Diane Cruz
Senior Professional Liability Examiner


06003370-4628/2006

UNIC0372

Page 9

cc:   Health Care Insurers
      7011 Campus Drive
      Suite 200
      Colorado Springs, CO 80920

      Fireman's Fund
      Specialty Insurance Professional Liability Claims
      33 W. Monroe Street, 12th Floor
      Chicago, IL 60603
      Attn.: Jennifer Green, Claim Analyst

06003370-4628/2006

UNIC0373