# EXHIBIT T

TO JOINT STATEMENT OF
UNDISPUTED FACTS

## Cruz, Diane

**From:** Cruz, Diane
**Sent:** Wednesday, October 25, 2006 2:44 PM
**To:** 'JGreen2@ffic.com'
**Subject:** RE: Ben Tracy v. Cirrus Medical Staffing

I received your second email - I will get back to you with our position.

Diane

---

**From:** JGreen2@ffic.com [mailto:JGreen2@ffic.com]
**Sent:** Tuesday, October 24, 2006 6:14 PM
**To:** Cruz, Diane
**Subject:** Fw: Ben Tracy v. Cirrus Medical Staffing


Diane - please confirm receipt of my second email by return email.

Thanks much -- JLG

---- Forwarded by Jennifer Green/FFIC on 10/24/2006 05:13 PM ----

Jennifer Green/FFIC

10/24/2006 02:45 PM

To "Cruz, Diane" <dcruz@unitednat.com>@FFICSMTP
cc
Subject Fw: Ben Tracy v. Cirrus Medical Staffing


Diane:

A clarification: my math was wrong below (hence why I went to law school rather than med school). There is a total of $4mil in primary limits total, between our two policies - Interstate is $1 mil. of the $4mil. total, therefore - we would have a 25% contribution.

Thanks for your patience -- Jennifer

---- Forwarded by Jennifer Green/FFIC on 10/24/2006 02:41 PM ----

Jennifer Green/FFIC

10/24/2006 02:39 PM

To "Cruz, Diane" <dcruz@unitednat.com>@FFICSMTP
cc
Subject Re: Ben Tracy v. Cirrus Medical Staffing Link


Diane:
Thank-you for sending your policy. I have attached our policy here as requested.

10/25/2006

UNIC0274

In sum, we have reviewed your correspondence below. Both the UNG and Interstate Fire and Casualty Company policies have excess "Other Insurance" clauses - i.e. both claim to serve as excess insurance in the presence of other applicable insurance. This would, in sum, make both policies mutually repugnant and would result in a 50/50 obligation on both policies for indemnity and defense. However -- the Interstate policy goes on to state that "if a loss occurs with two or more policies, each of which provides that its insurance shall be excess, each will contribute pro rata". The UNG policy is silent in that regard. As such, the pro rata provision of the Interstate policy would control. Given that the UNG policy has a $3,000,000/$5,000,000 limit and the Interstate policy has a $1,000,000/$3,000,000 limit a 1/3 split would be the appropriate pro rata apportionment of defense and indemnity in this case - 33.5% to Interstate and 66.5% to UNG. We will plan to proceed forward under this pro rata split of both indemnity and defense costs unless we hear differently from you.

Defense counsel is: Terry Yenson – of Yenson, Lynn, Allen & Wosick; 4908 Alameda Blvd, NE, Albuquerque, NM 87113. Phone: (505) 266-3995. Upon request, counsel will send you any correspondence you require.

Thank-you, Jennifer

Jennifer Green, J.D.
Claim Specialist
Interstate Fire and Casualty Company, a Fireman's Fund Insurance Company
33 W. Monroe, 12th Floor
Chicago, Illinois 60603
(800) 628-8574 ext. 452300 or
(312) 629-2300
Fax: (888) 264-1579

---

"Cruz, Diane" <dcruz@unitednat.com>

10/10/2006 02:34 PM

To <jgreen2@ffic.com>
cc
Subject Ben Tracy v. Cirrus Medical Staffing

My File No: 06003370

Jennifer,

Here is my reservation of rights letter.

Diane Cruz
Sr. Claims Examiner

United National Insurance Company
3 Bala Plaza
Bala Cynwyd, PA 19004

Phone #: 610-660-5473
Fax #: 610-660-8885

Please Note:

The information in this E-mail message, and any files transmitted with it, is confidential and may be legally privileged. It is intended only for the use of the individual(s) named above. If you are the intended recipient, be

aware that your use of any confidential or personal information may be restricted by state and federal privacy laws. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender and delete the material from any computer. Thank you.