# EXHIBIT W
TO JOINT STATEMENT OF
UNDISPUTED FACTS



**HINSHAW**
& CULBERTSON LLP

March 19, 2007

**ATTORNEYS AT LAW**
One California Street
18th Floor
San Francisco, CA 94111

<u>**VIA E-MAIL AND REGULAR MAIL**</u>

415-362-6000
415-834-9070 (fax)
www.hinshawlaw.com

Ms. Diane Cruz
Senior Professional Liability Examiner
United National Insurance Company
Three Bala Plaza, East
Suite 300
Bala Cynwyd, PA 19004

    Re:    Insured:        Cirrus Allied Health, LLC
           Your Policy No.:  AH0000267
           Your File No.:    06003370

Dear Ms. Cruz:

    This office has been retained as coverage counsel for Interstate Fire & Casualty Company ("Interstate") and asked to respond to your letter of February 13, 2007, to Cirrus Allied Health, LLC ("Cirrus"), a mutual insured of both United National Insurance Company ("UNG") and Interstate. The letter stated that UNG was disclaiming coverage and withdrawing from the defense of Cirrus. Interstate does not believe that UNG's disclaimer of coverage is factually or procedurally proper, and Interstate hereby demands that UNG continue to participate in the defense of Cirrus, including participate in the mediation schedule in the underlying matter for March 21, 2007.

    UNG's position is not supported by established facts. UNG seems to be asserting that the claim was not first made during its policy period. But the only stated basis for this conclusion in your letter is that Interstate is providing a defense under a reservation of rights. Interstate's business decision to provide a defense under a reservation of rights does not establish any facts, particularly not the fact of when a claim was first made. UNG is obligated to pursue a court order establishing any facts that are the basis for its withdrawal.

    Alternatively, UNG could be asserting that its policies never incept when other insurance applies, relying on the second sentence of its insuring agreement. If so, this interpretation of that sentence is directly contrary to the "Other Insurance" clause in the policy which states that the policy will apply as excess when other insurance applies. Thus, if this is UNG's interpretation, then that interpretation renders the policy patently ambiguous. (The fact that UNG's letter does not clearly tell our mutual insured what its position is or why it is withdrawing from the defense is proof alone of the impropriety of UNG's position.)

UNIC0167

2956015v1 868954

Arizona  California  Florida  Illinois  Indiana  Massachusetts  Minnesota  Missouri  New York  Oregon  Rhode Island  Wisconsin

Ms. Diane Cruz
March 19, 2007
Page 2

Moreover, the second sentence of the UNG insuring agreement is ambiguous for being grammatically incorrect; it is not clear what the words "only if" are modifying in the sentence.

Finally, UNG may have waived any right to withdraw from the defense for failing to have clearly reserved that right in its October 2006 letter. We can see no reservation which states that UNG was reserving the right to change the position reached in the letter based on the same facts, only that UNG was reserving the right to reevaluate its position based on alternative or additional facts. Interstate defending Cirrus was, of course, a fact well known as of October 2006.

I am writing in the hope that we can avoid a protracted disagreement between UNG and Interstate over this matter. Interstate feels that UNG is clearly acting improperly and that Interstate will have substantial rights to recover defense costs, indemnity expenses and attorney's fees from UNG should UNG continue to refuse to participate in the defense and settlement of the underlying matter. Interstate requests that UNG retract its recent letter. Interstate also demands that UNG continue to contribute to the defense of our mutual insured, and participate pro rata with Interstate in the March 21, 2007, mediation notwithstanding the coverage defenses of both insurers.

Very truly yours,

HINSHAW & CULBERTSON LLP

Christopher J. Borders /s/ cw

Christopher J. Borders
cborders@hinshawlaw.com

CJB:cw

cc:   Jennifer Green, Esq., Claims Specialist,
      Interstate Fire & Casualty Company

UNIC0168

2956015v1 868954