

**EXHIBIT AA**
TO JOINT STATEMENT OF
UNDISPUTED FACTS

CONFIDENTIAL
RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

This Confidential Settlement Agreement and Release of All Claims ("Agreement," "Settlement Agreement," or "Release") is made this 23rd day of May, 2007, by Ben Tracy, Robyn Vaughn, and Coleen Harper ("Releasors").

RECITALS

A.   The term the "Lawsuit" refers to Releasors' lawsuit which arose out of certain alleged negligent acts or omissions by Linda Fellion, RN, Cathy Robinson, RN, Lovelace Health Systems, Inc., its employees, or its other representatives.

B.   Releasors desire to enter into this Agreement to provide for payment in full settlement and discharge of all claims which were, or might have been, the subject of the lawsuit entitled Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy, Deceased, v. Lovelace Sandia Healthcare Services d/b/a Albuquerque Regional Medical Center, Cirrus Medical Staffing, and Health Resources Network Services, Inc., Second Judicial District Court No. CV 2005-07009, upon the terms and conditions set forth below.

AGREEMENT

1.   **Parties, Release, and Discharge:**

For that consideration specifically set forth in subparagraphs (A) through (F) of Paragraph 1 of this instrument and no other consideration, Releasors and their respective agents, attorneys, heirs, executors, administrators, successors, assigns, personal representatives, employers, relatives, and any persons or parties subrogated to their rights and any persons or parties having any rights of representation through them (all of whom are hereinafter referred to collectively as Releasors), forever release and discharge LINDA FELLION, RN, HRN SERVICES, INC., CATHY ROBINSON, RN, CIRRUS MEDICAL STAFFING, LLC, FIREMAN'S FUND INSURANCE COMPANY, INTERSTATE INSURANCE COMPANY, UNITED AMERICAN INSURANCE GROUP, LOVELACE HEALTH SYSTEM, INC. (n/k/a LOVELACE HEALTH SYSTEM, INC.) d/b/a ALBUQUERQUE REGIONAL MEDICAL CENTER (n/k/a LOVELACE MEDICAL CENTER-D), ARDENT HEALTH SERVICES, LLC, ARDENT HEALTH SERVICES, INC., ARDENT MEDICAL SERVICES, INC., AHS HOLDINGS, INC., AHS NEW MEXICO HOLDINGS, INC., and their respective parents, affiliates, subsidiaries, heirs, agents, predecessors, successors, assigns, contractors, consultants, executors, administrators, personal representatives, corporations, officers, directors, shareholders, partners, partnerships, professional associations, employers, employees (past, present, actual, ostensible, and borrowed), doctors, nurses, therapists, technicians, other health care providers, insurers, indemnitors, departments, subdivisions, and attorneys (all of whom are hereinafter referred to collectively as Releasees) from any and all liability, obligations, rights, claims, demands, actions, or causes of action of every kind or character, both known and unknown, including

RECEIVED

JUN 0 8 2007

IFC00534

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

but not limited to claims for compensatory damages, punitive damages, and any damages for physical and emotional injury, wrongful death, medical and related expenses, loss of earnings and future earning capacity, loss of household services, loss of spousal consortium, loss of parental guidance and counseling, loss of enjoyment of life and all other claims which have resulted or may in the future result from any acts or omissions of Releasees which were alleged, or might have been alleged, in the Lawsuit.

Releasees agree to release each other from any and all liability, obligations, rights, claims, demands, actions, or causes of action of every kind or character, both known and unknown, and all other claims which have resulted or may in the future result from any acts or omissions of Releasees which were alleged, or might have been alleged, against each other.

The Consideration for this Release is as follows:

    A.    <u>Payments</u>:

Releasors, also known as Payees, shall receive as full and final settlement the following payments.

    1.    Payments due at the time of settlement as follows: Four Hundred Ninety-Nine Thousand Dollars ($499,000) from Defendants Robinson and Cirrus, Twenty Thousand Dollars ($20,000) from Defendants Fellion and HRN, and Two Hundred Ninety-Five Thousand Six Hundred Seventy-One ($295,671) from Defendant Lovelace, payable to Patrick Sullivan, P.C.

    2.  Payable to Coleen Harper

    $17,500 guaranteed lump sum payable on October 14, 2010.
    $15,750 guaranteed lump sum payable on June 16, 2008.
    $385 per month for the life of Coleen Harper, guaranteed 20 years, beginning on June 1, 2007. The last guaranteed payment will be made on May 1, 2027.

    3.  Payable to Robyn Vaughn

    $1,087.65 per month for the life of Robyn Vaughn, guaranteed 10 years, beginning on February 11, 2029. The last guaranteed payment will be made on January 11, 2039.

All sums set forth herein constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

IFC00535

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

B.  Nature of Payments:

The sums set forth in subparagraph (A) above constitute damages on account of personal injuries, arising from an occurrence, within the meaning of § 104(a)(2) of the Internal Revenue Code of 1986, as amended. The sums designated in subparagraph A above include, but are not limited to, compensation and payment for any and all alleged injuries and damages, for all past and future medical care, for wrongful death, for loss of consortium, and for all other costs, expenses, and attorneys' fees of every kind and nature related to or arising from the incidents and events more particularly described in Paragraph 1 above. In exchange for the payment of these sums, Releasors fully release and discharge all Releasees as set forth in Paragraph 1 of this instrument.

C.  Full Release and Indemnification:

Releasors shall fully release and indemnify Releasees as provided in this instrument and shall forever forebear and refrain from filing any action, claim, or lawsuit of any kind whatsoever against Releasees for anything related to or arising from those incidents and events more particularly described in Paragraph 1 of this instrument.

D.  Confidentiality:

As a further consideration and inducement for this compromise settlement, Releasors and their attorneys further agree that, except as required by law, neither they nor anyone else on their behalf will cause to be made public or release to any news media, any professional publications, or any other person any information about this settlement, including the details of the settlement or the negotiations that led to it, the terms of this Release, or the amount or any characterization of the settlement. Releasors recognize that confidentiality is a material provision of this settlement, and that such confidentiality shall be maintained to prevent damages to the Releasees' reputations, standing in the community, and credibility, as well as to prevent loss of professional practice and future earnings. Releasors agree and stipulate that any unauthorized disclosure, as outlined hereinabove, may damage the reputations, standing in the community, and credibility of Releasees and may adversely affect the professional practices and future earnings of Releasees. Releasors further agree and stipulate that this confidentiality provision is in all respects fair, proper, and reasonable under the circumstances. Privileged, fiduciary, or familial disclosures shall not constitute public disclosure, but it is agreed that any individuals to whom such disclosures are made shall be instructed as to these confidentiality terms and shall be bound by said terms.

In the event that any Releasor or her/its attorneys are served or furnished with a court order or subpoena seeking the confidential information described above, they shall promptly notify Ellen Thorne Skrak, Ben Allen, or Terry Yenson, as appropriate, and provide them with a copy of the order or subpoena. Likewise, any Releasee or Releasee's attorney served or furnished with any such order or subpoena shall promptly notify Pia Salazar, and provide her with a copy of the order or subpoena.

3

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

### E. Indemnification:

As a further consideration and inducement for this compromise settlement, Releasors agree to indemnify Releasees, defend them, and hold them harmless from any and all past, present and future claims, demands, causes of action, in law or in equity, whether known or unknown, which may hereafter be made or brought by Releasors or any other person or entity, claiming damages by or through Releasors, or claims for reimbursement, subrogation, indemnity, or contribution which might be filed or claimed as a result of, or in any way arising out of, the aforesaid injuries or damages, or in any way arising directly or indirectly from the events, incidents, or occurrences referenced herein. It is the intent of Releasors that this indemnity agreement shall include indemnification to the Releasees for any and all judgments, awards, settlements, costs, attorneys' fees, or expenses, of whatever nature. it being the intent of Releasors to completely and fully terminate any exposure or liability on the part of Releasees to the Releasors or to anyone claiming damages by or through the Releasors, or anyone asserting claims for reimbursement, subrogation, indemnity, or contribution. Indemnification does not apply to any claims by any Releasees against any other Releasees.

### F. Satisfaction of Liens:

The undersigned hereby warrant that out of the proceeds paid herein, the Releasors will satisfy any and all liens held by, or obligations owing to, hospitals, physicians, counselors, other health care providers, insurance companies, Medicare or Medicaid, or their assignees arising out of or otherwise relating to the events described in Paragraph 1 above. The undersigned further warrant that they will indemnify and hold harmless the Releasees from any and all liability whatsoever, including, but not limited to, costs, attorneys' fees, or judgments and settlements arising from an unpaid or unsatisfied lien which might apply to the proceeds paid herein or otherwise resulting from the aforesaid incident.

## 2. Release of All Claims:

It is understood and agreed that this Release includes any matters related to or inherent in the issues arising out of the events described in Paragraph 1 above, including any claim, demand, action, or cause of action which could have been asserted for any obligation arising out of contract, tort (including but not limited to battery), warranty, strict liability, and punitive or exemplary damages, or otherwise, which could have been asserted in any complaint. This Release shall be a full binding and complete settlement between the Releasors and the Releasees. This release shall be a full binding and complete settlement between all of the Releases.

## 3. Full Settlement and Satisfaction:

Releasors hereby acknowledge full settlement and satisfaction of all claims of whatever kind or character which **they** may have against the Releasees by reason of the above-mentioned damages, death, losses, or injuries.

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

4. <u>No Admission of Liability</u>:

Releasors further understand that Releasees, by agreeing to this compromise and settlement, do not admit any liability of any kind and that liability has at all times been denied, and that the settlement evidenced by this instrument is a compromise to avoid further expenses of litigation and to terminate all controversies and claims against Releasees of whatsoever nature, known or unknown, including further developments thereof in any way growing out of or connected with the incidents or matters described more particularly in Paragraph 1 of this instrument.

5. <u>No Representation of Fact or Opinion</u>:

Releasors understand that no representation of fact or opinion has been made by Releasees or anyone on their behalf to induce this settlement, and that Releasees have made no agreement of any kind or promised to do or omit to do any act or thing not herein set forth. In entering into this settlement, the Releasors have relied upon the advice of their own attorneys concerning their rights and the legal and income tax consequences of this instrument.

6. <u>Release of All Known and Unknown Damages</u>:

Releasors expressly represent and declare that, notwithstanding the damages or injuries known at this time or which may be subsequently discovered by Releasors, compensation for all known and unknown damages sustained by Releasors as a result of the aforesaid incidents and events are included in the consideration paid for this Release and that no further claim can or will be made therefor.

7. <u>No Claim of Estoppel as to Releasees</u>:

Furthermore, it is the express intent of the Releasors and Releasees that the Releasees herein shall not be estopped or otherwise barred from asserting any claim or cause of action which they may have against any person or entity other than the Releasors or Releasees, this right of Releasees being expressly reserved herein.

8. <u>Release Fully Binding</u>:

Releasors further agree that this Release in Full and Indemnifying Agreement shall be binding upon their heirs, executors, personal representatives, administrators, assigns, agents, employees, and any and all persons or entities which are or may be subrogated to the rights of the Releasors, or which may have any rights of representation through the Releasors. Any agreements and understandings between the parties are embodied and expressed herein, and the terms of this Release are contractual and are not a mere recital.

IFC00538

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

9. **Warranty of Capacity to Execute Agreement:**

The Releasors represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action referred to in this Release in Full and Indemnifying Agreement except as otherwise set forth herein, that Releasors have the sole right and exclusive authority to execute this Release in Full and Indemnifying Agreement and receive the sum specified in it, and that Releasors have not sold, assigned, transferred, conveyed, or otherwise disposed of any claims, demands, obligations, or causes of action referred to in this Release in Full and Indemnifying Agreement.

10. **Costs and Attorneys' Fees:**

Each party hereto shall bear all attorneys' fees and costs arising from the actions of its own counsel in connection with this Release in Full and Indemnifying Agreement and the matters and documents referred to herein or related hereto.

11. **Governing Law:**

This Release in Full and Indemnifying Agreement shall be construed and interpreted in accordance with the laws of the State of New Mexico.

12. **Additional Documents:**

Releasors and Releasees will cooperate fully in executing any other documents, and in taking any additional actions, which may be reasonably necessary or appropriate to give full force and effect to the provisions and the intent of this Agreement.

13. **Entire Agreement and Successors in Interest:**

This Agreement contains the entire agreement between Releasors and Releasees with regard to the matters set forth in it. Releasors have not relied upon any representation or undertaking of Releasees which is not expressly set forth in this Agreement. Releasors have not relied upon any representation of Releasees with regard to the tax consequences, if any, of the settlement, of this Agreement. This Agreement is binding upon, and inures to the benefit of, the executors, administrators, personal representatives, heirs, successors and assigns of Releasors and of Releasees.

14. **Payees' Rights to Payments:**

Releasors acknowledge that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Releasors or any Payee; nor shall the Releasors or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments or any part thereof, by assignment or otherwise.

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

15. **Payees' Beneficiary:**

Any payments to be made after the death of any Payee pursuant to the terms of this Settlement Agreement shall be made to such person or entity as shall be designated in writing by Releasors to the Releasees' Assignee. If no person or entity is so designated by Releasors or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation nor any revocation thereof, shall be effective unless it is in writing and delivered to the Releasees' assignee. The designation must be in a form acceptable to the Releasees' Assignee before such payments are made.

16. **Consent to Qualified Assignment:**

A. Releasors acknowledge and agree that the Releasees may make a "qualified assignment," within the meaning of Section 130 (c) of the Internal Revenue Code of 1986, as amended, of the Releasees' liability to make the Periodic Payments set forth in Section 1A2 to the American General Annuity Service Corporation ("the Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Releasees (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

Releasors acknowledge and agree that the Releasees may make a "qualified assignment," within the meaning of Section 130 (c) of the Internal Revenue Code of 1986, as amended, of the Releasees' liability to make the Periodic Payments set forth in Section 1A3 to Prudential Assigned Settlement Services Corporation, ("the Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Releasees (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

B. Any such assignment, if made, shall be accepted by the Releasors without right of rejection and shall completely release and discharge the Releasees from the Periodic Payments obligation assigned to the Assignee. The Releasors recognize that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and Releasors agree that such assignment shall constitute a full release and discharge of all of Releasees' obligations relative to the Periodic Payments set forth above.

17. **Right to Purchase an Annuity:**

The Releasees themselves or through American General Annuity Service Corporation ("the Assignee") reserve the right to fund the liability to make the Periodic Payments in Section 1A2 through the purchase of an annuity policy from American General Life Insurance Company. The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Assignee may have American General Life Insurance Company mail payments directly to the Payees. The Releasors shall be responsible for maintaining a current mailing address for Payees with American General Annuity Service Corporation.

IFC00540

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT


The Releasees themselves or through Prudential Assigned Settlement Services Corporation ("the Assignee") reserve the right to fund the liability to make the Periodic Payments in Section 1A3 through the purchase of an annuity policy from Prudential Insurance Company of America. The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The assignee may have Prudential Insurance Company of America mail payments directly to the Payees. The Releasees shall be responsible for maintaining a current mailing address for Payees with Prudential Assigned Settlement Services Corporation.

18.    **Discharge of Obligation:**

The obligation of the Assignee to make such Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payees named in Section 1A of this Settlement Agreement.

**[REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

19.  **Representation of Comprehension of Release**:

RELEASORS HAVE FULLY READ THE FOREGOING RELEASE AND INDEMNIFYING AGREEMENT, FULLY UNDERSTAND IT, HAVE RELIED UPON THE LEGAL ADVICE OF ATTORNEYS OF THEIR OWN CHOOSING IN ACCEPTING AND UNDERSTANDING THE RELEASE, ACKNOWLEDGE THAT THE TERMS AND CONDITIONS OF THE FOREGOING RELEASE HAVE BEEN FULLY EXPLAINED BY THEIR OWN ATTORNEYS, AND VOLUNTARILY AGREE TO BE BOUND BY ITS TERMS AND CONDITIONS.

_____
Ben Tracy, Releasor

_____
Robyn Vaughn, Releasor

_/s/ Coleen Harper_____
Coleen Harper, Releasor

STATE OF NEW MEXICO        )
                           ) ss.
COUNTY OF BERNALILLO       )

The foregoing Release in Full and Indemnifying Agreement was subscribed, sworn to, and acknowledged before me this 17th day of May, 2007, by Ben Tracy, Robyn Vaughn, and Coleen Harper, Releasors, who are personally known to me.

_/s/ Kim V. Stapleton_____
Notary Public

My Commission expires:

Feb. 15, 2011

Approved:

_/s/ Pia Salazar_____         _May 23, 2007_____
Pia Salazar                                DATE
Attorney for Plaintiffs

733535/Ben Tracy v. Lovelace Sandia Health Serv          9

IFC00542

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

19. **Representation of Comprehension of Release:**

RELEASORS HAVE FULLY READ THE FOREGOING RELEASE AND INDEMNIFYING AGREEMENT, FULLY UNDERSTAND IT, HAVE RELIED UPON THE LEGAL ADVICE OF ATTORNEYS OF THEIR OWN CHOOSING IN ACCEPTING AND UNDERSTANDING THE RELEASE, ACKNOWLEDGE THAT THE TERMS AND CONDITIONS OF THE FOREGOING RELEASE HAVE BEEN FULLY EXPLAINED BY THEIR OWN ATTORNEYS, AND VOLUNTARILY AGREE TO BE BOUND BY ITS TERMS AND CONDITIONS.

_____
Ben Tracy, Releasor

_/s/ Robyn Vaughn_____
Robyn Vaughn, Releasor

_____
Coleen Harper, Releasor

STATE OF ~~NEW MEXICO~~ FLORIDA )
) ss.
COUNTY OF ~~BERNALILLO~~ LAKE )

The foregoing Release in Full and Indemnifying Agreement was subscribed, sworn to, and acknowledged before me this 16 day of MAY, 2007, by Ben Tracy, Robyn Vaughn, and Coleen Harper, Releasors, who are personally known to me.

_____
Notary Public

My Commission expires:

JANUARY 29, 2011

BASIL SAMAAN
MY COMMISSION # DD 634219
EXPIRES: January 29, 2011
Bonded Thru Notary Public Underwriters

Approved:

_____     _____
Pia Salazar                                                            DATE
Attorney for Plaintiffs

9

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

19. **Representation of Comprehension of Release**:

RELEASORS HAVE FULLY READ THE FOREGOING RELEASE AND INDEMNIFYING AGREEMENT, FULLY UNDERSTAND IT, HAVE RELIED UPON THE LEGAL ADVICE OF ATTORNEYS OF THEIR OWN CHOOSING IN ACCEPTING AND UNDERSTANDING THE RELEASE, ACKNOWLEDGE THAT THE TERMS AND CONDITIONS OF THE FOREGOING RELEASE HAVE BEEN FULLY EXPLAINED BY THEIR OWN ATTORNEYS, AND VOLUNTARILY AGREE TO BE BOUND BY ITS TERMS AND CONDITIONS.

_____
Ben Tracy, Releasor

_____
Robyn Vaughn, Releasor

_____
Coleen Harper, Releasor

STATE OF ~~NEW MEXICO~~ Colorado    )
                                    ) ss.
COUNTY OF ~~BERNALILLO~~ Denver     )

The foregoing Release in Full and Indemnifying Agreement was subscribed, sworn to, and acknowledged before me this 15th day of May, 2007, by Ben Tracy, Robyn Vaughn, and Coleen Harper, Releasors, who are personally known to me.

_____
Notary Public

My Commission expires:

5/23/2010

Approved:

_____    _____
Pia Salazar                         DATE
Attorney for Plaintiffs

9

IFC00544

CONFIDENTIAL RELEASE IN FULL AND
INDEMNIFYING AGREEMENT

_____        5/29/07
Terrence P. Yenson                      Date
Attorney for Cirrus Medical Staffing and
Cathy Robinson, RN

_____        6-5-07
Ben M. Allen                            Date
Attorney for HRN
Linda Fellion, RN

_____        6/6/07
Ellen Thorne Skrak                      Date
Attorney for Lovelace Sandia Health Systems

10