UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | No. C 07-04943 MHP |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | **Re: Transfer to the District of New Mexico** |
| UNITED NATIONAL INSURANCE COMPANY, | |
| Defendant. / | |

On August 21, 2007 plaintiff Fireman's Fund Insurance Company ("Fireman's Fund") filed an action in the Superior Court of the State of California in the County of Marin regarding an insurance dispute. That action was removed to this court on September 24, 2007 based upon diversity jurisdiction. See 28 U.S.C. §§ 1332(a), 1441. Indeed, the parties are completely diverse and the amount in controversy exceeds $75,000. The court notes, however, that no insurance policies accompanied the notice of removal. See Docket No. 1.

Plaintiff Fireman's Fund is a California corporation having its principal place of business in California. Defendant United National Insurance Company ("United") is a Pennsylvania corporation having its principal place of business in Bala Cynwyd, Pennsylvania, located in the Eastern District of Pennsylvania. In its answer and counterclaim, defendant added a cross-defendant, Interstate Fire and Casualty Company ("Interstate"). Interstate appears to be an Illinois corporation with its principal place of business in Chicago, Illinois.

This action concerns monies paid in order to settle a wrongful death claim against the parties' mutual insured, Cirrus Medical Staffing, Inc. ("Cirrus"). The events that led to the underlying action seem to have all occurred in Albuquerque, New Mexico and the underlying action giving rise to the claims here was conducted in the state court in New Mexico. Interstate settled that action for $499,000 and now, in a motion for summary judgment, seeks declaratory relief and

1  equitable contribution and/or indemnity from United for defense costs and indemnity expenses it
2  paid on behalf of Cirrus related to the underlying action.

3        At first blush, it seems that this forum, with no connection to the underlying events or the
4  defendant, is an improper venue for this action.  Indeed, under 28 U.S.C. section 1391(a), the proper
5  venue seems to be either the Eastern District of Pennsylvania or the District of New Mexico.  In
6  removed actions, however, venue is determined by the district embracing the place where the action
7  was pending in state court prior to the removal.  See 28 U.S.C. § 1441(a); see also Polizzi v. Cowles
8  Mags., 345 U.S. 663, 665 (1953) ("[t]he venue of removed actions is governed by 28 U.S.C. s
9  1441(a)" and that section "1391 has no application" in removed cases).  This has the curious effect
10 of allowing actions with no connection to the forum to proceed in federal court.  This seems to be
11 the case even if venue was improper in the state court in which the action originally was brought,
12 because the nonresident defendant's voluntary application for removal to the district court confers
13 venue and personal jurisdiction over the defendant.  Seaboard Rice Milling Co. v. Chicago, R.I. &
14 P.R. Co., 270 U.S. 363, 367 (1926).  Thus, venue is proper in this forum.

15       Here, defendant did not contest whether courts located in California have in personam
16 jurisdiction over it.  Moreover, the parties do not seem to contest that California law applies in this
17 action.  However, other than being the place where the plaintiff is incorporated and seemingly
18 conducts business, California has no connection to this litigation.  However, even this connection
19 seems tenuous.  The original complaint was filed by Fireman's Fund, but the cross-motions for
20 summary judgment seem to implicate insurance policies issued only by United and Interstate.
21 According to paragraph 6 of Fireman's Fund's complaint, Fireman's Fund issued a claims-made
22 professional liability policy that is the subject of the instant litigation.  The court, however, has no
23 evidence of this policy, and consequently, is unable to determine how Fireman's Fund is implicated
24 in this litigation.  Further, Interstate and Fireman's Fund seem to be confused about their employees.
25 Compare Joint Statement of Undisputed Facts, ¶ 19 (stating Jennifer Green works for Interstate)
26 with id. Exh. O (stating that Jennifer Green works for Fireman's Fund, in *Chicago*).  It seems that at
27 some point in the litigation, without filing an amended complaint, Interstate began to represent itself
28 as a plaintiff in this action.  See, e.g., Docket No. 7.  In light of this confusion, Fireman's Fund is

directed to demonstrate in writing, within fourteen (14) days of the date of this order, its connection to this litigation. At a minimum, Fireman's Fund is ORDERED to submit the policy that it issued to Cirrus.

Under 28 U.S.C. section 1404(a), this court may transfer a civil action "in the interest of justice . . . to any other district or division *where it might have been brought*." (emphasis added). The language of section 1404(a) is broad enough that a district court can order transfer *sua sponte*. Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 3d § 3844. Here, there are multiple other fora that are better suited for this litigation than the Northern District of California. It is clear that this action could have been brought in the District of New Mexico, where a significant number, if not all, of the events at issue in this litigation occurred. See 28 U.S.C. § 1391(a)(2). Since defendant transacts business in New Mexico, the court assumes that courts in that state will have in personam jurisdiction over defendant. Furthermore, defendant has its principal place of business in the Eastern District of Pennsylvania. Thus, this action could also have been brought there. Id. § 1391(a)(1). In sum, both the District of New Mexico and the Eastern District of Pennsylvania are more appropriate fora for this litigation.

For the foregoing reasons, this court ORDERS that the action be transferred, *sua sponte*, to the District of New Mexico, unless one or more of the parties shows CAUSE in writing within fourteen (14) days of the date of this order why the court should not so act. Parties may also choose to stipulate to transfer this action to either the District of New Mexico or the Eastern District of Pennsylvania, or may argue that the court should transfer to the Eastern District of Pennsylvania instead.

In light of this ruling, the currently scheduled hearing date for the cross-motions for summary judgment is VACATED until further notice. As directed by this order to show cause, the parties are to file responsive papers on or before August 13, 2008.

IT IS SO ORDERED.

Dated: July 30, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

3