

1  Christopher J. Borders (SBN: 135901)
   Casey A. Hatton (SBN: 246081)
2  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
3  San Francisco, CA 94111
   Telephone:    415-362-6000
4  Facsimile:    415-834-9070

5  Attorneys for Plaintiff and Counter-Defendant
   INTERSTATE FIRE & CASUALTY COMPANY
6

7

8                  **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10             **SAN FRANCISCO/OAKLAND DIVISION**

11  INTERSTATE FIRE & CASUALTY          )  Case No. CV 07-04943 MHP
    COMPANY,                             )
12                                       )
              Plaintiff,                 )  **INTERSTATE FIRE & CASUALTY**
13                                       )  **COMPANY'S RESPONSE TO ORDER TO**
    vs.                                  )  **SHOW CAUSE**
14                                       )
    UNITED NATIONAL INSURANCE            )
15  COMPANY, and DOES 1 - 10,            )
                                         )
16            Defendants.                )
                                         )
17  _____)  Complaint Filed:    August 21, 2007
    UNITED NATIONAL INSURANCE            )
18  COMPANY,                             )  Counterclaim Filed:  October 1, 2007
                                         )
19            Counterclaimant,           )
                                         )
20  vs.                                  )
                                         )
21  INTERSTATE FIRE & CASUALTY           )
    COMPANY and ROES 1 - 10,             )
22                                       )
              Counter-Defendant.         )
23  _____)

24  **I.      INTRODUCTION**

25       Plaintiff and counter-defendant Interstate Fire & Casualty Company ("Interstate")

26  respectfully requests that the Court reconsider its *sua sponte* Order transferring this matter to the

27  District Court of New Mexico.  This court has proper subject matter jurisdiction and the parties have

28  consented to venue in the Northern District of California.  Furthermore, the parties have filed

                                        1

1  dispositive cross-motions for summary judgment and oppositions, leaving this case in a position to

2  be fully or substantially resolved.  In fairness to the litigants awaiting adjudication of their dispute,

3  this matter should proceed to judgment in the Northern District of California.

4  **II.     FIREMAN'S FUND IS NOT A PARTY TO THIS ACTION**

5       At the March 3, 2008 Case Management Conference, the parties stipulated that the reference

6  to Fireman's Fund Insurance Company was in error and further stipulated to a Court order to amend

7  the complaint to substitute the accurate name of plaintiff.  On March 27, 2006, the Court ordered

8  that, pursuant to the parties' stipulation, Case No. CV 07-04943 should be entitled *Interstate Fire &*

9  *Casualty Company v. United National Insurance Company* (and related Counterclaim).  The parties

10  attached an amended caption to their stipulation for the Clerk's revision.  A true and correct copy of

11  the Court's order with the revised caption are attached hereto as **Exhibit A**.  Interstate Fire &

12  Casualty Company is part of the Fireman's Fund Insurance Company's group of insurers.  Claims

13  examiners and adjusters employed by Fireman's Fund or its group of insurers, such as Jennifer

14  Green, manage this matter.  The only insurance policies at issue in this dispute are Exhibits A and B

15  to the parties' joint statement of undisputed facts.  We trust that this explanation fully addresses this

16  matter as raised by the Court.

17  **III.    VENUE IS APPROPRIATE IN THE NORTHERN DISTRICT**

18       **A.    A Venue Transfer Will Unnecessarily Inconvenience the Litigants and Delay
            Resolution of the Parties' Dispute**

19

20       The paramount considerations in transferring venue pursuant to 28 U.S.C. § 1404(a) are the

21  convenience of the parties and the interests of justice.  *Saleh, et al. v. Titan Corporation, et al.,* 361

22  F.Supp.2d 1152, 1155 (C.D. Cal. 2005).  The purpose of § 1404(a) "is to prevent the waste of time,

23  energy and money and to protect litigants, witnesses and the public against unnecessary

24  inconvenience and expense ...."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  In considering

25  the interests of justice, the court should weigh factors such as "ensuring speedy trials, trying related

26  litigation together, and having a judge who is familiar with the applicable law to try the case."

27  *Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (9th Cir. 1989).

28

1    Transferring this matter to a district court in another state will cause undue delay in resolving
2    the litigants' dispute. The parties will be required to retain new counsel, await a new scheduling
3    order that comports with the new chambers' trial calendar, and await another hearing date on the
4    same motions for summary judgment that are currently pending. Further, the litigants have invested
5    significant time and funds in the forum court to bring this case to its present posture where
6    disposition on summary judgment is very likely. Finally, the parties have not disputed that
7    California law applies to this equitable dispute and this court can more easily apply California law.
8    Neither the substantive law of New Mexico nor any prior findings as to the settled underlying
9    lawsuit are applicable, making transfer to that jurisdiction unnecessary.

10    **B.     The Litigants Have Properly Consented to Venue in the Northern District**

11    When litigants waive any potential objection to venue or expressly consented to venue, that
12    choice should not be disturbed. The rules set forth in 28 U.S.C. § 1391 governing the venue of
13    diversity actions, "are designed for the convenience of litigants, and as such may be waived by
14    them." *Olberding v. Illinois Cent. R. Co.,* 346 U.S. 338, 340 (1953). As stated by the Second
15    Circuit:

16         Since the right to attack venue is personal to the parties and waivable
17         at will, a district judge should not, in the absence of extraordinary
           circumstances, impose [her] choice of forum upon the parties by
18         deciding on [her] motion that there was a lack of proper venue.
           *Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369, 371 – 372 (2d
19         Cir. 1966).

20    *See also Payne v. City of Atascadero,* 2003 WL 22939227 (N.D. Cal. 2003) (Not reported)
21    (Recognizing that transfers must be made in response to considerations other than the court's own
22    convenience).

23    Even where the venue of a diversity action seems attenuated, the court must not disturb the
24    parties' consent to the venue and waiver of venue objections. 14D Charles Alan Wright & Arthur R.
25    Miller, Federal Practice and Procedure § 3829 (3d ed. 2008); *See also, Vintage Grapevine, Inc. v.*
26    *Mara,* 151 F.Supp.2d 596 (E.D. Pa. 2001). In *Vintage Grapevine,* the Eastern District of
27    Pennsylvania sat in diversity jurisdiction to adjudicate a contract dispute arising in another state.
28    However, the court retained jurisdiction noting that,

INTERSTATE FIRE & CASUALTY COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE RE: TRANSFER
2973988v1 57

[I]t is rather odd that this case, which involves a plaintiff that has its headquarters in Illinois, makes its wine in California, and is incorporated in Delaware, and a defendant who resides in New York, has ended up in this Court in the Eastern District of Pennsylvania. The tenuous connection to Pennsylvania is that Mara marketed wines here, but it appears that he did so for only a short period of time during his tenure with Vintage Grapevine. A motion to transfer venue or dismiss for lack of personal jurisdiction might have sent this case to a more appropriate setting, such as New York, where the contract was drafted and where Mara worked extensively on behalf of Crystal Valley and Vintage Grapevine, or California, where Cosentino signed the agreement. Alas, the potential objections to jurisdiction and venue were waived under Rule 12(h)(1) of the Federal Rules of Civil Procedure. *Vintage Grapevine*, 151 F.Supp.2d at 598, fn. 1.

Under Federal Rule of Civil Procedure 12(h), a party waives its right to object to venue by failing to raise it in its responsive pleading or by motion. F.R.C.P. 12(h)(1). A plaintiff consents to venue and waives its right to object to venue by filing in a particular venue. *Olberding,* 346 U.S. at 340. In fact, a "plaintiff may wish to remain in federal court even though he or she originally filed in state court. For example, a plaintiff might do this simply to expedite the litigation." *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.,* 346 F.3d 1190, 1192 (9th Cir. 2003). A defendant must object to improper venue by motion, and if the objection is not raised it is waived. *Concession,* 355 F.2d at 371.

Both litigants in this matter have consented to venue in the Northern District of California. The parties have filed cross-motions for summary judgment on the critical contract law issues. Ruling on the cross-motions should resolve most—if not all—claims in this matter. Both litigants anticipated that the matter would be resolved in large part by the Court's ruling on the cross-motions for summary judgment, as reflected in the pending motions.

///
///
///
///
///
///
///

INTERSTATE FIRE & CASUALTY COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE RE: TRANSFER
2973988v1 57

IV.    **CONCLUSION**

The primary consideration before the Court is the convenience of the parties and the interests of justice.    The litigants have both consented to venue in the Northern District and anticipate resolution of the matter on summary judgment following extensive briefing under California law. Neither party objects to venue in this district and, in any event, both have waived any such objection. The litigants will suffer undue delay, expense and inconvenience in the resolution of their dispute should the Court transfer the matter.    Based on the foregoing, Interstate respectfully requests that the Court retain jurisdiction of this matter.

DATED:  August 12, 2008

HINSHAW & CULBERTSON LLP


_____//s//_____
CHRISTOPHER J. BORDERS
CASEY A. HATTON
Attorneys for Plaintiff and Counter-Defendant
INTERSTATE FIRE & CASUALTY COMPANY

**Exhibit A**

1  CHRISTOPHER J. BORDERS (SBN 135901)
   CASEY A. HATTON (SBN 246081)
2  HINSHAW & CULBERTSON LLP
   One California Street
3  18th Floor
   San Francisco, CA 94111
4  Telephone:    415-362-6000
   Facsimile:    415-834-9070
5
   Attorneys for Plaintiff and Counter-Defendants
6  FIREMAN'S FUND INSURANCE COMPANY &
   INTERSTATE FIRE & CASUALTY COMPANY
7
   JAMES C. NIELSEN (SBN 111889)
8  THOMAS H. NIENOW (SBN 136454)
   NIELSEN, HALEY & ABBOTT LLP
9  44 Montgomery Street, Suite 750
   San Francisco, CA 94104
10 Telephone:    415-693-0900
   Facsimile:    415-693-9674
11
   Attorneys for Defendants and Counter-Claimant
12 UNITED NATIONAL INSURANCE COMPANY

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15            **SAN FRANCISCO/OAKLAND DIVISION**

16 FIREMAN'S FUND INSURANCE          ) Case No.  CV 07-04943 MHP
   COMPANY,                          )
17                                   )
               Plaintiffs,           ) **JOINT STIPULATION AND** ~~**[PROPOSED]**~~
18                                   ) **ORDER TO AMEND PLEADINGS AND**
   vs.                               ) **DEEM COUNTERCLAIM AGAINST**
19                                   ) **FIREMAN'S FUND INSURANCE COMPANY**
   UNITED NATIONAL INSURANCE         ) **DISMISSED**
20 COMPANY, and DOES 1 - 10          )
                                     )
21             Defendants.           ) Complaint Filed:  August 21, 2007
                                     )
22 ──────────────────────────────── ) Counterclaim Filed:  October 1, 2007
                                     )
23 UNITED NATIONAL INSURANCE         )
   COMPANY,                          )
24                                   )
               Counterclaimant,      )
25                                   )
   vs.                               )
26                                   )
   FIREMAN'S FUND INSURANCE          )
27 COMPANY, INTERSTATE FIRE &        )
   CASUALTY COMPANY and ROES 1 - 10, )
28                                   )
               Counter-Defendants.   )

── JOINT STIPULATION TO AMEND PLEADINGS & DISMISS COUNTERCLAIM AS TO FIREMAN'S FUND
                                                                                1

1

2    Fireman's Fund Insurance Company ("Fireman's Fund"), Interstate Insurance Company

3 ("Interstate") and United National Insurance Company ("United National") hereby stipulate as

4 follows:

5    1.    All references in the pleadings herein to Plaintiff Fireman's Fund shall be deemed

6 replaced by named party Interstate;

7    2.    United National's Counterclaim shall be deemed dismissed without prejudice as to

8 Fireman's Fund only;

9    3.    Following this stipulation and order thereon, Case No. CV 07-04943 shall be entitled

10 *Interstate Fire & Casualty Company v. United National Insurance Company* (and related

11 Counterclaim). An amended Caption, which accurately reflects the parties' intended stipulation, is

12 attached hereto as **Exhibit A**. The Clerk of the Court shall revise the docket to conform hereto.

13    4.    Neither United National nor Interstate waive any basis to challenge or object to any

14 allegation, claim or any other matter set forth in the Complaint, Counterclaim and Answers thereto,

15 and nothing herein is intended to limit or restrict the rights and obligations to be adjudicated herein.

16

17    SO STIPULATED,

18
DATED: 3/26/08
19
                                        HINSHAW & CULBERTSON LLP
20
                                        CHRISTOPHER J. BORDERS
21                                      CASEY A. HATTON
                                        Attorneys for Plaintiff and Counter-Defendants
22                                      FIREMAN'S FUND INSURANCE COMPANY &
                                        INTERSTATE FIRE & CASUALTY COMPANY
23

24 DATED: 3/13/08
                                        NIELSEN, HALEY & ABBOTT LLP
25

26
                                        THOMAS H. NIENOW
27                                      Attorneys for Defendant and Counterclaimant
                                        UNITED NATIONAL INSURANCE COMPANY
28

1

2    PURSUANT TO STIPULATION, IT IS SO ORDERED

3
DATED: 3/27/2008
4

5
HONORABLE M_____
6    JUDGE,_____OURT, IN
AND FOR TH_____O_
7    CALIFORNIA

8

9



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

1  CHRISTOPHER J. BORDERS (SBN 135901)
   CASEY A. HATTON (SBN 246081)
2  HINSHAW & CULBERTSON LLP
   One California Street
3  18th Floor
   San Francisco, CA 94111
4  Telephone:    415-362-6000
   Facsimile:    415-834-9070
5
   Attorneys for Plaintiff and Counter-Defendant
6  INTERSTATE FIRE & CASUALTY COMPANY

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10            **SAN FRANCISCO/OAKLAND DIVISION**

11 INTERSTATE FIRE & CASUALTY          ) Case No.  CV 07-04943 MHP
   COMPANY,                            )
12                                     )
              Plaintiff,               )
13                                     )
   vs.                                 )
14                                     )
   UNITED NATIONAL INSURANCE           )
15 COMPANY, and DOES 1 - 10            ) Complaint Filed:  August 21, 2007
                                       )
16            Defendants.              ) Counterclaim Filed:  October 1, 2007
                                       )
17 ─────────────────────────────────  )
   UNITED NATIONAL INSURANCE           )
18 COMPANY,                            )
                                       )
19            Counterclaimant,         )
                                       )
20 vs.                                 )
                                       )
21 INTERSTATE FIRE & CASUALTY          )
   COMPANY and ROES 1 - 10,            )
22                                     )
              Counter-Defendants.      )
23

24

25

26

27

28

                                                                    1