JAMES C. NIELSEN (111889)
 *jnielsen@nielsenhaley.com*
THOMAS H. NIENOW (136454)
 *tnienow@nielsenhaley.com*
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 10,<br><br>　　　　Defendants. | Action No.: C 07-04943 MHP<br><br>UNITED'S RESPONSE TO ORDER TO SHOW CAUSE; DECLARATION OF JAMES C. NIELSEN. |
| UNITED NATIONAL INSURANCE COMPANY,<br><br>　　　　Counterclaimant,<br><br>　v.<br><br>INTERSTATE FIRE & CASUALTY COMPANY and Roes 1 through 10,<br><br>　　　　Counterdefendants. | |

UNITED'S RESPONSE TO ORDER TO SHOW CAUSE.

On July 31, 2008, the Court entered an order that this action "be transferred, *sua sponte*, to the District of New Mexico, unless one or more parties shows CAUSE in writing within fourteen (14) days of the date of this order why the court should not so act." (Order 3:16-18.) The order also indicated that the currently scheduled hearing date for the cross-motions for summary judgment is vacated until further notice. Defendant and counterclaimant United National Insurance Company respectfully submits the following response to the Court's order to show cause, and urges the Court, in the interests of both judicial economy and fairness to this defendant, not to transfer the action and to proceed with hearing the cross-motions for summary judgment.

United and plaintiff and counterdefendant Interstate Fire & Casualty Company both seek recoupment in connection with an underlying action styled *Ben Tracy, as Personal Representative of the Estate of Marilyn Tracy, Deceased v. Lovelace Sandia Health d/b/a/ Albuquerque Regional Medical Center*. The *Tracy* action settled in May 2007, with United contributing $100,000 and Interstate contributing $399,000 on behalf of their mutual insured, Cirrus Medical Staffing LLC. As the order to show cause notes, the Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), and venue is proper under 28 U.S.C. § 1441(a) because United removed this action from Marin County Superior Court.

The original plaintiff, Fireman's Fund Insurance Company, apparently selected Marin County Superior Court for this action because Fireman's Fund is headquartered in Novato. Because Fireman's Fund is a major employer and political actor in Marin, and because United was concerned about possible local bias, United removed the action to this Court. Never having been consulted on where Fireman's Fund chose to sue, United also evaluated the possibility of a change of venue. United considered New Mexico, where the underlying action was venued, and North Carolina, the location of Cirrus's headquarters and where some of the key communications took place. United determined that New Mexico, in particular, and North Carolina lacked legal authority addressing the key issues

in this litigation. Prior experience litigating in New Mexico has taught us that New Mexico has minimal jurisprudence in many areas, including insurance law. California, by contrast, has a developed body of jurisprudence on insurance law, including on issues of claims-made insurance at issue here. Moreover, in light of the lack of any interest in the dispute by New Mexico (because this case involves no New Mexico citizens and because the New Mexico litigation was settled) or by North Carolina (because the North Carolina insured was fully protected and neither insurer resides there), and in light of the lack of any apparent, material distinction in the law in either of those states, United saw no reason to burden the Court with a motion to change venue. The case, after all, had to be decided somewhere, and California seemed as good as any other jurisdiction for that purpose.

By order dated March 27, 2008 (Docket No. 22), Interstate was subsequently substituted in as the sole plaintiff and cross-defendant in lieu of its sister company, Fireman's Fund, after plaintiff's counsel determined that Fireman's Fund had not issued a policy to Cirrus.

At the status conference on March 3, 2008, the parties informed the Court that this action presents legal issues primarily, which could be presented to the Court upon a joint statement of undisputed facts and resolved by cross-motions for summary judgment. The Court, accordingly, set a hearing date of August 18, 2008, for cross-motions for summary judgment, with each side to file opening and opposing briefs on July 21 and August 4, 2008, respectively. United and Interstate have filed their opening and opposing briefs, along with a joint statement of undisputed facts and stipulated evidence. As shown in the cross-motions, both United and Interstate independently have accepted California law, and United's motion demonstrates that California law accords with New Mexico and North Carolina law to the extent that those states' courts have addressed the issues presented.

Because there are no disputed facts and the case can be resolved on the cross-motions for summary judgment, there is no need to transfer this action for the convenience of witnesses or the parties, as live testimony will not be necessary. Nor is a transfer necessary to provide access to evidence because the cross-motions are based upon

stipulated facts. *The Ins. Co. of the State of Penn. v. Acceptance Ins. Co.*, 2001 U.S.Dist.LEXIS 25978, *6 (S.D. Cal. 2001) ("When weighing a motion to transfer venue, the court should consider a variety of private and public interest factors, including but not limited to party and witness convenience [and] access to sources of proof ...").

Moreover, transfer of the action at this stage would not serve the interests of justice, because the district court in New Mexico would be required to apply California's choice-of-law rules, which, as shown in United's motion for summary judgment, lead to the application of California law. *Van Dusen v. Barrack*, 376 U.S. 612, 633, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) ("'Although as a matter of federal policy a case may be transferred to a more convenient part of the system, whatever rights have acquired under state law should be unaffected [;] [t]he case should remain as it was in all respects but location'"); *Newton v. Thomason*, 22 F.3d 1455, 1459 (9th Cir. 1994) ("Because the case was transferred under 28 U.S.C. § 1404(a) from the Northern District of Illinois, we apply the choice-of-law rules of Illinois"). And it appears that application of California law would be necessary even if California's choice-of-law rules didn't apply because of the absence of apposite New Mexico decisional or statutory authority. This Court, sitting in California, is better positioned to apply California law to the issues raised by the cross-motions for summary judgment.

Transfer of venue would also result in unnecessary delay and duplication of effort, given that the parties have developed an agreed statement of facts and have fully briefed the legal issues in order to obtain a decision as quickly as possible. The federal courts' resources would be unnecessarily squandered if the New Mexico district court were required to acquire the knowledge and understanding of the issues that this Court has already achieved. *Ins. Co. of Penn. v. Acceptance Ins. Co.*, 2001 U.S.Dist.LEXIS 25978, *8 (transfer of venue requires consideration of "what law is likely to govern, whether the judge would be familiar with the applicable law, how speedy a trial could be had and any other practical considerations that make trial of a case easy and expeditious").

Moreover, United's voluntary relinquishment of its right to attack Fireman's

Fund's choice of venue would appear to make a *sua sponte* transfer of venue an extraordinary step appropriate only in unusual circumstances not presented here. *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966) ("Since the right to attack venue is personal to the parties and waivable at will, a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding upon his own motion that there was a lack of proper venue").

Finally, a change of venue at this point would harm United, which did not participate in the choice of a California forum, but which has invested in the undersigned California counsel to evaluate and brief this matter. Moreover, because of a hopefully transient physical condition (see declaration following), the undersigned counsel would be unable to travel to New Mexico or other foreign jurisdictions to argue this matter, and United would be compelled to hire new counsel and pay to have that counsel duplicate California counsel's efforts.

For the reasons set forth above, therefore, United respectfully requests that the Court not transfer this action and that, instead, the Court proceed with the fully-briefed cross-motions for summary judgment.

Respectfully submitted,

NIELSEN, HALEY & ABBOTT LLP

August 11, 2008        By: *[signature]*
James C. Nielsen
Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

## DECLARATION OF JAMES C. NIELSEN

I, James C. Nielsen, declare:

1. I am a lawyer licensed in California, admitted to this Court, and counsel of record for defendant and counterclaimant United National Insurance. I make this declaration of my own personal knowledge.

2. For some months I have suffered from a peculiar and painful condition involving inflammation in my spinal cord, most reliably diagnosed by a neurologist as viral radiculitis. As a result, I am for the time being forced to do most of my work either standing or lying on my back; my hours are substantially limited; and I am unable to take public transportation that requires me to sit, such as an airplane. For at least the next few months, I am therefore unable to travel to any foreign venue to argue the motions at issue in this case, as my client has hired and paid me to do.

3. Accordingly, I believe it would unfairly prejudice my client, which had no say in where it was sued, to order this case to another jurisdiction.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August _11_, 2008, at San Francisco.

James C. Nielsen

*Interstate Fire & Casualty Company v. United National Ins. Co.*
United State District Court, Northern District Court No.: C 07-04943 MHP

# PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco. I am over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, Suite 750, San Francisco, California 94104. On the date set forth below I served the following document(s) described as:

UNITED'S RESPONSE TO ORDER TO SHOW CAUSE; DECLARATION OF JAMES C. NIELSEN

[ ]   **(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

[ ]   **(BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]   **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]   **(BY OVERNIGHT DELIVERY)** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

[X]   **(BY ELECTRONIC SERVICE)** by submitting an electronic version of the document(s) to be served on all parties listed on the service list on file with the court as of this date.

**Attorney for Plaintiff, Fireman's Fund Ins. Co.**
Christopher J. Borders
Casey A. Hatton
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 362-6000
Fax: (415) 834-9070

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 12, 2008, at San Francisco, California.

*/s/ Fatima Puente*
Fatima Puente

PROOF OF SERVICE