JAMES C. NIELSEN (111889)
 jnielsen@nielsenhaley.com
THOMAS H. NIENOW (136454)
 tnienow@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Defendant and Counterclaimant
UNITED NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 10,<br><br>Defendants. | Action No.: C 07-04943 MHP<br><br>UNITED'S RESPONSES TO INTERSTATE'S EVIDENTIARY OBJECTIONS. |
| UNITED NATIONAL INSURANCE COMPANY,<br><br>Counterclaimant,<br><br>v.<br><br>INTERSTATE FIRE & CASUALTY COMPANY and Roes 1 through 10,<br><br>Counterdefendants. | |

## BACKGROUND.

Defendant and counterclaimant United National Insurance Company and plaintiff and counterdefendant Interstate Fire & Casualty Company issued consecutive claims-made-and-reported policies to Cirrus Medical Staffing LLC. By their cross-motions for summary judgment, United and Interstate seek recoupment of payments on behalf of Cirrus in connection with the underlying *Tracy* action. The cross-motions address whether a claim was first made and reported in January 2006, during Interstate's policy period, when Interstate and Cirrus (but not United) received a letter stating that plaintiff in the *Tracy* action was planning to sue Cirrus, and a copy of the original complaint in the *Tracy* action naming Cirrus's employee, Nurse Cathy Robinson, as responsible for the underlying decedent's death.

Interstate has objected to the declaration of Diane Cruz, filed with United's motion for summary judgment, on the basis that it is irrelevant. (Interstate's Obj., 8/5/08.) Interstate also has objected to Exhibit W, attached to the Joint Statement of Undisputed Facts, on the basis that it is a settlement communication inadmissible under Fed.R.Evid., Rule 408(a). (Interstate's Obj., 7/21/08.) Interstate's objections are not well taken and should be overruled.

## RESPONSES TO OBJECTIONS.

### 1. The Cruz declaration.

In her declaration, Diane Cruz states that she was not aware of the January 2006 communications until after the *Tracy* action had settled and this insurance action had been commenced. (Cruz decl., 2:9-3:1.) Interstate objects that Ms. Cruz's declaration is "entirely irrelevant" to "the discreet [sic] issue of contract interpretation of when a 'claim' was made against Cirrus." (Obj., 8/5/08, 2:7-10.) Ms. Cruz's declaration, however, is not offered for the purpose of contract interpretation, but for the purpose of refuting Interstate's allegation (Compl., 5:5-6) that Ms. Cruz's October 6, 2006, reservation of rights letter had waived United's right to disclaim coverage on the basis that the *Tracy*

action was a claim first made and reported during Interstate's policy period only.

On the latter point the evidence is quite relevant, because waiver requires an intentional relinquishment of rights, which Ms. Cruz's declaration negates. *See, e.g., Waller v. Truck Ins. Exch.*, 11 Cal.4th 1, 31 (1995) ("waiver requires the insurer to intentionally relinquish its right to deny coverage and [] a denial of coverage on one ground does not, absent clear and convincing evidence to suggest otherwise, impliedly waive grounds not stated in the denial"). Nor does Ms. Cruz's declaration create an issue of fact under L.R. 56-2, because Interstate does not refute the truthfulness of Ms. Cruz's testimony, and Interstate does not request leave to take additional discovery under Fed.R.Civ.P., Rule 56(f).

Interstate's objection to Ms. Cruz's declaration should be overruled.

## 2. Exhibit W.

Interstate also objects to Exhibit W, a March 19, 2007, letter[1] from its counsel to United, attached to the Joint Statement of Undisputed Facts. (Interstate's Obj., 7/21/08.) Interstate objects on the basis that Exhibit W is a communication in the course of settlement discussions, which is inadmissible under Fed.R.Evid., Rule 408(a). Rule 408(a) applies, however, only to evidence offered "to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount ...." Fed.R.Evid., Rule 408(a).

Rule 408(a) does not apply here because Exhibit W is not offered as evidence of Interstate's liability. Rather, Exhibit W is evidence of two points: First, that Interstate should be estopped from asserting that United waived coverage defenses based on the January 2006 communications, because Interstate's counsel, in stating that Interstate's "business decision" to defend Cirrus "does not establish ... when a claim was first made,"

---

[1] Interstate also refers to a letter from its counsel dated March 22, 2007. (Objections, 7/21/08, 1:28-2:1.) No such letter has been submitted to the Court.

withheld from Ms. Cruz the facts of the January 2006 notices to Interstate (of which counsel was aware and Ms. Cruz was unaware) in claiming that United's position is "not support by established facts." (Exh. W, p. 1 [UNIC 0167].) Second, the letter is evidence of Interstate's knowledge that United continued to contest coverage under its policy notwithstanding its settlement contribution. As noted above, "waiver requires the insurer to intentionally relinquish its right to deny coverage," *Waller*, 11 Cal.4th at 31, and Interstate acknowledged that United had not waived. The use of Exhibit W for these purposes is permitted under Fed.R.Evid., Rule 408(b), which states that exclusion is not required "if the evidence is offered for purposes not prohibited by subdivision (a)." *See, e.g., ABM Industries, Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 228 (N.D. Cal. 2006) ("if Defendants dispute they denied coverage, Plaintiffs may offer evidence of Defendants' counsel during settlement negotiations in the Underlying Action to prove that they did"); *Green v. Baca*, 226 F.R.D. 624, 641 (C.D. Cal. 2005) (evidence of past settlements with prisoners admissible to show "defendant had notice that over-detentions were occurring at the jail").

The evidence that counsel withheld facts from Ms. Cruz is relevant to Interstate's summary-judgment argument that United should be estopped from "asserting the 'prior knowledge' exclusion because it issued the policy with full knowledge of the January 2006 communications." (Interstate's Opp., 10:2-3.) Exhibit W, in conjunction with the Cruz declaration, demonstrates that Ms. Cruz did not and could not have made any representation to Cirrus concerning application of the prior-knowledge exclusion to the January 2006 communications, because she knew nothing of them and counsel crafted Exhibit W so as to keep her unaware. Nor would there have been any reason for United's underwriting department to alert the claims department of a pre-policy claim, which normally would have been the responsibility of the insurer then on the risk—in this case, Interstate. In fact, Interstate's emphasis on the making of a claim against Cirrus during Interstate's claims-made policy only confirms Interstate's error.

Interstate's objection to Exhibit W should thus also be overruled.

## CONCLUSION.

For the reasons set forth above, United respectfully requests that the Court overrule Interstate's evidentiary objections.

Respectfully submitted,

NIELSEN, HALEY & ABBOTT LLP

August 12, 2008          By: _____
                              Thomas H. Nienow
                              Attorneys for Defendant and Counterclaimant
                              UNITED NATIONAL INSURANCE COMPANY

*Interstate Fire & Casualty Company v. United National Ins. Co.*
United State District Court, Northern District Court No.: C 07-04943 MHP

# PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco. I am over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, Suite 750, San Francisco, California 94104. On the date set forth below I served the following document(s) described as:

UNITED'S RESPONSES TO INTERSTATE'S EVIDENTIARY OBJECTIONS

[ ]   (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

[ ]   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]   (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

[X]   **(BY ELECTRONIC SERVICE)** by submitting an electronic version of the document(s) to be served on all parties listed on the service list on file with the court as of this date.

**Attorney for Plaintiff, Fireman's Fund Ins. Co.**
Christopher J. Borders
Casey A. Hatton
Hinshaw & Culbertson LLP
One California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 362-6000
Fax: (415) 834-9070

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 12, 2008, at San Francisco, California.

*/s/ Fatima Puente*
Fatima Puente

PROOF OF SERVICE